1  Henry C. Su (SBN 211202; suh@howrey.com)
   Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
2  HOWREY LLP
   1950 University Avenue, 4th Floor
3  East Palo Alto, California  94303
   Telephone:  (650) 798-3500
4  Facsimile:  (650) 798-3600

5  Robert Ruyak
   Matthew Wolf
6  Marc Cohn
   HOWREY LLP
7  1229 Pennsylvania Avenue, NW
   Washington, DC 20004
8  Telephone:  (202) 783-0800
   Facsimile:  (202) 383-6610

9
   Attorneys for Plaintiff
10 HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC LP

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14 HOLOGIC, INC., CYTYC CORPORATION,        Case No. C08 00133
   and HOLOGIC LP,
15                                           **PLAINTIFFS' OPPOSITION TO**
                  Plaintiff,                 **DEFENDANT'S MOTION FOR**
16                                           **CONTINUANCE OF THE HEARING ON**
                                             **PLAINTIFF'S MOTION FOR**
17        vs.                                **PRELIMINARY INJUNCTION**

   SENORX, INC.,                             **PUBLIC VERSION**
18
                  Defendant.
19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

1    Plaintiffs Hologic, Inc., Cytyc Corporation, and Hologic, LP (together, "Hologic") respectfully

2    submit this opposition to defendant SenoRx, Inc.'s ("SenoRx") motion for continuance of the hearing

3    on Hologic's motion for preliminary injunction.

4                                        **INTRODUCTION**

5    Hologic opposes SenoRx's motion for a continuance of the preliminary injunction hearing for

6    several reasons.  *First*, SenoRx has not explained why Hologic's compromise proposal for a

7    continuance to mid-April with targeted, expedited discovery is insufficient.  *Second*, every day that

8    passes with SenoRx's infringing product on the market causes irreparable injury to Hologic.  *Third*,

9    SenoRx's proposed date of a mid-May hearing would be after ███████████████████████████

10   ███████████████████████, the annual conference of the American Society of Breast Surgeons

11   ("ASBS") commencing on April 30, 2008.  Hologic thus respectfully requests that this Court set a

12   hearing date sufficiently early so that a decision on the motion for preliminary injunctive relief can be

13   rendered before the ASBS conference.

14   When SenoRx made its initial request for a continuance, Hologic responded with two

15   proposals.  First, Hologic agreed that SenoRx could have as much time as it wanted for discovery on

16   the preliminary injunction if it agreed to delay the Contura MLB launch pending the hearing.

17   Alternatively, Hologic proposed a continuance to April 17, 2008 and limited discovery for each party

18   of six interrogatories, ten document requests, and two depositions.  Hologic also agreed to expedite its

19   responses to that discovery so that it could be completed within the proposed time frame.  Rather than

20   come back to Hologic with a concrete counterproposal, SenoRx simply rejected these proposals

21   without identifying what additional discovery was needed or why such discovery could not be

22   accomplished before an April hearing.

23   At bottom, the parties are arguing about ***three weeks*** – the time between Hologic's proposed

24   April hearing date and SenoRx's proposed May date.  As noted, from Hologic's standpoint, these three

25   weeks are ***crucial*** because it allows SenoRx to sell its infringing device during the ASBS conference

26   _____

27   [1] Plaintiff's have moved concurrently with this filing to seal shaded portions of text.

28

1   starting on April 30, 2008. By contrast, SenoRx has made no showing of what would be accomplished

2   in those extra three weeks, and so its motion for continuance should be denied.

3   **ARGUMENT**

4   **I.    HOLOGIC HAS BEEN DILIGENT IN SEEKING INJUNCTIVE RELIEF**

5           Contrary to SenoRx's suggestion, Hologic has diligently enforced its patent rights and has not

6   acquiesced to any infringement by SenoRx. Prior to this lawsuit, SenoRx had been promoting its

7   accused Contura Multi-Lumen Balloon ("Contura MLB") in limited "preference testing" with a full

8   commercial launch scheduled for some unspecified time in January 2008. A December 20, 2007

9   SenoRx press release notes, for example, that "key elements of our growth will be our Contura MLB

10  radiation balloon, which *we expect to transition from preference testing*, currently expanded to 34

11  clinical sites, *to full commercial launch in January 2008*." Declaration of Katharine L. Altemus In

12  Support Of Plaintiffs' Motion for Preliminary Injunction, Ex. J (emphasis added). Anticipating that

13  launch, but uncertain of its date, Hologic filed the Complaint in this case on January 8, 2008.

14          On January 17, 2008, SenoRx finally announced the launch of the Contura MLB:

15

16          SenoRx, Inc. (Nasdaq:SENO) today announced that it has launched Contura(tm), its Multi-
            Lumen Balloon (MLB) Catheter for delivering brachytherapy to the surgical margins following

17          lumpectomy for breast cancer. *The company had previously said that it intended to transition
            from user preference testing*, which had expanded to 34 clinical sites by the end of 2007, to
            full commercial launch in January 2008.

18

19  *Id.* at Ex. E. Hologic was not privy to the nature of those tests, *i.e.*, whether they were for purposes of

20  submitting data to the FDA, in which case they would not be infringing under the safe harbor of 35

21  U.S.C. § 271(e).

22          Once the launch was announced, Hologic immediately prepared and filed a motion for

23  preliminary injunction on February 7, 2008, just three weeks later. There can be no doubt that Hologic

24  was diligent in seeking preliminary injunctive relief. *See, e.g., Dippin' Dots v. Mosey,* 44 U.S.P.Q.2d

25  1812, 1818 (N.D. Tex. 1997) (twelve weeks not undue delay); *Motorola, Inc. v. Alexander*

26  *Manufacturing Co.*, 21 U.S.P.Q.2d 1573, 1578 (N.D. Iowa 1991) (same).

27  \\

28

1

## II.    SENORX'S ONGOING INFRINGEMENT IRREPARABLY HARMS HOLOGIC, ESPECIALLY IN LIGHT OF THE UPCOMING CONFERENCE OF THE AMERICAN SOCIETY OF BREAST SURGEONS

2

3      Time is of the essence, which is why Hologic promptly moved for preliminary injunctive relief.

4   As explained in Hologic's motion, SenoRx's marketing strategy is to target current Hologic customers

5   and undercut Hologic's price by up to 20%. Such price erosion (likely leading to loss of market share)

6   is a prototypical form of irreparable harm. *See Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*,

7   237 F.3d 1359, 1368 (Fed. Cir. 2001) ("Given the testimony of the likelihood of ***price erosion*** and loss

8   of market position without corresponding market expansion from the introduction of Roxane's

9   product, we see no deficiency in the district court's finding of irreparable harm.") (emphasis added).

10  *See also Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007)

11  (affirming grant of preliminary injunction in light of "evidence of price erosion"); *Sanofi-Synthelabo v.*

12  *Apotex, Inc.*, 470 F.3d 1368, 1381 (Fed. Cir. 2006) (price erosion is a "form of irreparable harm");

13  *Canon Inc. v. GCC Int'l, Ltd.*, 450 F. Supp. 2d 243, 255 (S.D.N.Y. 2006) (granting a motion for

14  preliminary injunction because "[c]ompetition from defendants would likely lead to significant price

15  erosion") *aff'd*, No. 2006-1615, 2007 U.S. App. LEXIS 26584 (Fed. Cir. 2007). Indeed, SenoRx does

16  not, in its present motion, deny Hologic's allegations of price erosion.

17      In addition to this day-to-day harm, urgency is even more heightened because of the upcoming

18  annual conference of the ASBS, commencing on April 30, 2008, in New York City. REDACTED

19  ██████████████████████████████████████████████████████████████

20  Declaration of Glenn Magnuson In Support Of Plaintiffs' Opposition to Defendant's Motion for

21  Continuance ¶ 4. Over 1,200 breast surgeons are expected to attend the conference, which represents

22  nearly half of all breast surgeons in the country. *Id.* REDACTED ████████████████████

23  ████████████████████████████████████████████ *Id.* Hologic is

24  aware that SenoRx intends to hold a symposium at the ASBS this year to promote its infringing

25  Contura MLB product. *Id.* Hologic believes that, following SenoRx's marketing strategy, its

26  presentation will target, and potentially draw from, surgeons who would otherwise use Hologic's

27  MammoSite product. *Id.* The potential attendant loss of market share, reputation, and sales – as well

28

Plaintiff's Opposition to Motion for Continuance    - 3 -
Case No. C08 00133 RMW

1   as SenoRx's customary price erosion strategy – likely could never be adequately measured and

2   compensated.  *Id.*  SenoRx's request to continue the hearing on preliminary injunctive relief until mid-

3   May must therefore be seen as having the effect – and likely the intention – of allowing SenoRx to

4   continue its infringing activities throughout the ASBS.

5   **III.    HOLOGIC'S PROPOSAL FOR A MID-APRIL CONTINUANCE IS REASONABLE**

6           Hologic's proposal of six interrogatories, ten document requests, and two depositions prior to a

7   mid-April hearing date is reasonable, and SenoRx has failed even to attempt to justify additional

8   discovery or time.  The key infringement documents are SenoRx's own design documents, and

9   documents regarding invalidity are, by definition, publicly available.  The other issues identified by

10  SenoRx in its motion – irreparable harm, dates of conception and reduction to practice – can be

11  efficiently, quickly, and adequately handled on an expedited basis through the limited discovery

12  suggested by Hologic.  Such discovery will allow SenoRx to mount whatever defense it can to the

13  motion for preliminary injunction.[2]

14                                  **CONCLUSION**

15          Hologic respectfully asks the Court to choose a date as soon as possible that fairly balances the

16  ongoing irreparable harm to Hologic with SenoRx's desire for limited discovery.[3]  Hologic submits

17  that its proposal for a mid-April hearing and limited discovery of six interrogatories, ten document

18  \\

19

20

21

22  [2] It must be noted, moreover, that SenoRx has known about the patents-in-suit for years.  Indeed, a
    recent analyst report notes "[w]e have spoken to [SenoRx] management and the sense we get is that
23  this action from [Hologic] was expected . . . ."  Declaration of Katharine Altemus In Support Of
    Opposition To Defendant's Motion For Continuance, Ex. A.  Indeed, the product that forms the basis
24  for SenoRx's FDA clearance – the product to which the Contura MLB was shown to be equivalent – is
    marked with two of the three patents-in-suit, including the '204 patent at issue in the motion for
25  preliminary injunction.  SenoRx has had ample time to examine those patents and to determine
    whether its products infringe.  Its request for months of unjustified – and unspecified – discovery and
26  should be denied.

    [3] As a matter of scheduling, lead counsel for Hologic has a trial beginning on May 2, 2008 (with the
27  pre-trial conference on April 24, 2008) in the United Stated District Court for the Eastern District of
    Texas that is expected to last approximately two weeks.

28

1  requests, and two depositions is appropriate.

2  Dated:  February 21, 2008                    HOWREY LLP

3

4

5                                                      By: _____/s/ Katharine L. Altemus_____
                                                            KATHARINE L. ALTEMUS
6

7                                                      HOWREY LLP
                                                       Attorneys for Plaintiffs
8                                                      Hologic, Inc., Cytyc Corporation,
                                                        and Hologic LP
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Opposition to Motion for Continuance          - 5 -
Case No.  C08 00133 RMW