Henry C. Su (SBN 211202; suh@howrey.com)
Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, California 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600

Robert Ruyak
Matthew Wolf
Marc Cohn
HOWREY LLP
1229 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Attorneys for Plaintiffs
HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>SENORX, INC.,<br><br>Defendant. | Case No. C08 00133 RMW (RS)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO CERTAIN INTERROGATORIES**<br><br>**Date:** No hearing requested<br>**Judge:** Hon. Richard Seeborg |
| AND RELATED COUNTERCLAIMS. | |

Pls.' Motion to Compel Interrogatory Responses
Case No. C08 00133 RMW (RS)

DM_US:21097776_1

**NOTICE OF MOTION AND MOTION TO COMPEL**

Please take notice that Plaintiffs Hologic, Inc., Cytyc Corporation, and Hologic L.P. (collectively, "Hologic") will move and do hereby move the Court for an order compelling Defendant SenoRx, Inc. ("SenoRx") to fully and completely respond immediately to Interrogatories Nos. 1-3 served by Hologic on March 4, 2008. This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Katharine L. Altemus, the attached exhibits, and the oral arguments of counsel should the Court order a hearing on this matter. As explained in the accompanying Motion to Shorten Time, Hologic is asking that the Court dispense with the requirement of a hearing on this matter.

**STATEMENT OF RELIEF**

Hologic requests an order, pursuant to Fed. R. Civ. P. 37(a)(3), as well as Civil Local Rules 37-1 and 37-2, compelling SenoRx to immediately respond fully and completely to Interrogatories Nos. 1-3 which were served on March 4, 2008. Ex. A[1].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Even though it agreed with Hologic to expedite discovery for the limited purpose of the upcoming preliminary injunction hearing, SenoRx now attempts to deny Hologic reciprocal timely discovery that Hologic needs in order to prepare, within the Court's schedule, its reply to SenoRx's arguments against issuance of a preliminary injunction in this case.  Specifically, SenoRx has refused to answer interrogatories going directly to the factors to be considered by this Court when adjudicating the preliminary injunction motion, with the result, *inter alia*, that Hologic will be unable: (1) to gather essential information on SenoRx's accused product and business; (2) to adequately prepare for deposition discovery prior to filing its Reply, and (3) to ensure that SenoRx has responded fully to

---

[1] Unless otherwise noted, all cited exhibits refer to exhibits attached to the Declaration of Katharine L. Altemus ("Altemus Decl.") In Support of Plaintiffs' Motion To Compel Responses To Certain Interrogatories.

-2-

Pls.' Motion to Compel Interrogatory Responses
Case No. C08 00133 RMW (RS)

DM_US:21097776_1

1  Hologic's limited document requests. Hologic therefore asks this Court to order that SenoRx
2  immediately respond fully to Hologic's Interrogatories Nos. 1-3.

3  **II.    STATEMENT OF FACTS**

4  On February 6, 2008, Hologic filed its Motion For Preliminary Injunction. At a case
5  management conference on February 29, 2008, the Court scheduled the hearing for that preliminary
6  injunction motion on April 21, 2008, and ordered that SenoRx file its Opposition to the Motion for
7  Preliminary Injunction on or before March 28, 2008 and that Hologic file its Reply on or before April
8  7, 2008. While at the courthouse for that conference, counsel for the parties conferred about discovery
9  matters, and agreed to provide substantive responses to limited discovery on an expedited basis. See
10 Ex. B. Specifically, counsel agreed to respond to Interrogatories within 10 days of service, and to
11 produce documents responsive to Requests for Production within 10 days or as soon as possible
12 thereafter. *Id.*

13 On March 4, 2008, Hologic served its First Set of Interrogatories (Nos. 1-4) on SenoRx
14 directed particularly to information known only to SenoRx, *e.g.*, any purported harm it would suffer as
15 a result of an injunction, its financial situation, any purported public health benefits uniquely provided
16 by its products, etc. With that information in hand, Hologic would be in a position to narrowly tailor
17 its corporate deposition notice to only those issues raised by SenoRx and, more importantly, to prepare
18 fully for and take that deposition with sufficient time thereafter to use and rely upon the sworn
19 testimony in the preparation of its April 7, 2008 Reply Memorandum. Such interrogatories would also
20 allow Hologic to ensure that any document production issues would be resolved prior to the hearing.
21 Ex. A.

22 On March 14, 2008, SenoRx served its Objections and Responses to Plaintiffs' First Set of
23 Interrogatories (Nos. 1-4). Ex. C. The specific Interrogatories (Nos. 1-3) and SenoRx's (non-)
24 Responses thereto at issue in this motion are reproduced in relevant part below.

25  - **INTERROGATORY NO. 1:**
26 Describe in detail any harm that SenoRx contends it will suffer should a preliminary injunction prohibiting the manufacture, use, sale, or offer for sale of the Contura Multi-
27 Lumen Balloon issue, and identify any documents upon which SenoRx will rely as evidence of that alleged harm.
28

-3-

**RESPONSE TO INTERROGATORY NO.1:**
SenoRx incorporates its General Objections as if fully set forth herein. ***SenoRx objects to this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in the February 29, 2008 Case Management Conference and set forth in the parties' proposed case management order filed on March 4, 2008, and attempts to circumvent the parties' agreed schedule.*** Accordingly, the Interrogatory is overly broad and unduly burdensome. SenoRx also objects that this Interrogatory is compound. ***SenoRx will set forth the harm it contends it will suffer should a preliminary injunction issue, and the support therefore, as appropriate, in its Opposition to Plaintiffs' Motion.*** [emphases added.]

- **INTERROGATORY NO. 2:**

If SenoRx contends that a preliminary injunction prohibiting the manufacture, use, sale, or offer for sale of the Contura Multi-Lumen Balloon should not issue, explain the basis for that contention, including, but not limited to,
(a) the basis for any contention that claim 1 of the '142 patent or claim 36 of the '204 is invalid or unenforceable (including, but not limited to, an element-by-element comparison of any allegedly invalidating prior art to each asserted claim);
(b) the basis for any contention that SenoRx does not infringe claim 1 of the '142 patent or claim 36 of the '204 (including, but not limited to, an element-by-element comparison of how the Contura differs from each asserted claim);
(c) an identification of all documents upon which SenoRx intends to rely to support these contentions; and (d) an identification of all persons with knowledge concerning these contentions.

**RESPONSE TO INTERROGATORY NO. 2:**
SenoRx incorporates its General Objections as if fully set forth herein. ***SenoRx objects to this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in the February 29, 2008 Case Management Conference and set forth in the parties' proposed case management order filed on March 4, 2008, and attempts to circumvent the parties' agreed schedule.*** SenoRx further objects to this Interrogatory as premature in light of the timetables provided in the Patent Local Rules. SenoRx also objects that this Interrogatory is compound. SenoRx also objects that this Interrogatory is overly broad and unduly burdensome, and seeks information not relevant to the claim or defense of any party, in that it seeks the identification of "all persons" with knowledge concerning these contentions. SenoRx also objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. ***To the extent that SenoRx contends a preliminary injunction should not issue for reasons of invalidity, unenforceability, or non- infringement, SenoRx will set forth those contentions, and the support therefore, as appropriate, in its Opposition to Plaintiffs' Motion.*** [emphases added.]

-4-

Pls.' Motion to Compel Interrogatory Responses
Case No.  C08 00133 RMW (RS)

DM_US:21097776_1

- **INTERROGATORY NO. 3:**

Describe in detail the differences between the Contura Multi-Lumen Balloon and the MammoSite devices that SenoRx believes are or would be material to medical professionals and/or patients, including, but not limited to, any information provided to medical professionals (including current or former MammoSite users) and all bases for SenoRx's assertions that

(a) "[c]ertain patients who are presently candidates for balloon therapy are currently excluded because of the location of the lesion relative to their breast size. Our multi-lumen approach offers a solution to this problem." *See* SenoRx May 23, 2007 press release (posted at *http://www.senorx.com/siteadmin/files/SenoRAnnounces510_k_ ClearanceforMulti-LumenRadiationBalloon.pdf)*. As part of your answer to this subsection, explain in detail (i) how the Contura MLB offers a solution to patients who are "currently excluded because of the location of the lesion relative to their breast size," (ii) whether "the solution" discussed above is to use the Contura MLB with a balloon-to-skin distance of less than 5mm*;* and

(b) "[so]me patients who are presently candidates for balloon therapy are currently excluded because of the location of the lesion and their breast size. Contura's advanced multilumen design may address this issue for certain patients." *See* SenoRx January 17, 2008 press release (posted at *http://www.senorx.com/siteadmin/files/SenoRxLaunches Contura.pdf)*. As part of your answer to this subsection, explain in detail (i) how the Contura MLB may address "this issue for certain patients"; and (ii) whether the method by which the Contura MLB "may address this issue for certain patients," as discussed above, is to use the Contura MLB with a balloon-to skin distance of less than 5mm.

**RESPONSE TO INTERROGATORY NO. 3:**

SenoRx incorporates its General Objections as if fully set forth herein. ***SenoRx objects to this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in the February 29,2008 Case Management Conference and set forth in the parties' proposed case management order filed on March 4, 2008, and attempts to circumvent the parties' agreed schedule.*** SenoRx also objects that this Interrogatory is compound. SenoRx also objects that its answer to this Interrogatory may incorporate information requested from Plaintiffs in discovery, which information has not yet been produced. SenoRx also objects that this Interrogatory is overly broad and unduly burdensome in that it seeks information not related to the preliminary injunction. SenoRx further objects to this Interrogatory in that it prematurely seeks expert testimony. SenoRx also objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. ***As relates to the preliminary injunction, SenoRx will set forth its contentions and the support therefore, as appropriate, in its Opposition to Plaintiffs' Motion.*** [emphases added.]

\\

## III. ARGUMENT

By refusing to answer Interrogatories Nos. 1-3, SenoRx has reneged on its agreement with Hologic with respect to the conduct of limited, expedited discovery. Even as it demands discovery from Hologic on a timely and complete basis, SenoRx denies Hologic substantive discovery on the core issues to any preliminary injunction: the likelihood of Hologic's success on the merits of its lawsuit, an assessment of the harm to each party, and a fully informed evaluation of the public interest.

SenoRx's stated objection— that the Interrogatories are premature—lacks any merit. The Interrogatories go to the limited issues to be presented and argued at the preliminary injunction hearing; fundamental fairness dictates that Hologic be able to obtain reciprocal discovery from SenoRx in order to adequately prepare its case for deposition and the hearing. SenoRx's recalcitrance in answering these basic Interrogatories forces Hologic to sit idly while SenoRx develops its rebuttal case, constrained until the last two days of March from investigating SenoRx's factual claims and arguments to develop Hologic's Reply.

Indeed, because Hologic's Interrogatories seek relevant, discoverable information necessary for Hologic to prepare adequately for deposition and the preliminary injunction hearing, Hologic is entitled to answers unless the Court enters a protective order. *Oleson v. Kmart Corporation*, 175 F.R.D. 570, 572 (D. Kan. 1997). Despite the fact that it contends the Interrogatories are premature, SenoRx has not sought a protective order.

SenoRx is, furthermore, certainly in possession of responsive information. In filing its Answer on February 28, 2008, SenoRx alleged that its Contura Multi-Lumen Balloon does not infringe the patents-in-suit. Thus, SenoRx must have had a Rule 11 basis for that assertion. There is no legitimate reason to withhold the disclosure of that information. SenoRx is also clearly aware of the facts relating to its allegations that SenoRx will be harmed by issuance of an injunction, since these are facts about SenoRx. Hologic is entitled to SenoRx's responses to its Interrogatories, however preliminary they may be. *See S.E.C. v. Brown*, 2006 WL 889367, *4 (D. Minn. Mar. 29, 2006)(granting both parties leave for expedited discovery, including interrogatories, before preliminary injunction hearing); *United Rentals v. Nardi*, 2002 WL 32503665, *1 (D. Conn. July 10, 2002)(recognizing that expedited

discovery by each party was necessary to present opposing arguments at the preliminary injunction hearing); *U.S. ex. rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 649 (C.D. Cal.)(recognizing the importance and relevance of contention interrogatories to obtain factual information that, consistent with Fed. R. Civ. P. 11, must underlie filed pleadings); *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198-199 (M.D. Fla. 1990)(requiring disclosure of information in a party's possession when that party responds to interrogatories). There is no principled basis for deferring SenoRx's responses to these focused Interrogatories.

This is, moreover, more than just an issue of timing. SenoRx's stated position is *not* that it will answer the Interrogatories at some point in time prior to the hearing, but rather that Hologic will have to satisfy itself with the arguments made in SenoRx's Opposition. Of course, a brief prepared by SenoRx's lawyers will presumably focus on the facts and arguments favorable to SenoRx. Needless to say, Hologic's interrogatories are not intended to flush out only those issues that can favorably be presented by SenoRx. For example, if it is SenoRx's position that there are no material differences between the competing products, then that will plainly weigh into the injunction analysis (whether or not SenoRx would have acknowledged the fact in its briefing). Alternatively, if SenoRx asserts a difference between the products in a manner inconsistent with its position taken with the FDA – the subject of Hologic's Lanham Act claims – then that too is relevant to a public interest inquiry.[2] In short, it is plainly inappropriate for SenoRx to insist on its Opposition Brief as a substitute for a sworn discovery response. Hologic is entitled to discover all the facts and bases for SenoRx's views, whether or not SenoRx chooses to address those facts and bases within it Opposition brief, and whether or not those facts and bases support SenoRx's positions.

\\

---

[2] Other examples of information Hologic may not receive absent SenoRx's Responses include (1) adverse events or potentially negative effects of treatment discovered during ongoing clinical testing of the SenoRx device (the Contura Multi-Lumen Balloon), and (2) SenoRx comments to medical professionals disparaging Hologic's patented device (the MammoSite applicator) or contradicting Hologic claims about the MammoSite applicator, either of which would damage Hologic's goodwill and market share.

## IV.  CONCLUSION

In summary, SenoRx cannot insist on one-sided discovery.  SenoRx's reneging on its agreement of limited, expedited discovery prejudices Hologic because it deprives Hologic of the opportunity to discover facts relating to SenoRx's invalidity and noninfringement positions, and SenoRx's allegations of harm flowing from the issuance of a preliminary injunction.  Hologic is entitled to this discovery in preparation for the preliminary injunction hearing and its Reply to SenoRx's Opposition.  For all of these reasons, Hologic's Motion to Compel SenoRx's prompt and complete responses to Interrogatories Nos. 1-3 should be granted.

Dated:  March 19, 2008                                             HOWREY LLP

                                                                              By:  _____/s/_____
                                                                                     Katharine L. Altemus

                                                                              HOWREY LLP
                                                                              Attorneys for Plaintiffs
                                                                              Hologic, Inc., Cytyc Corporation,
                                                                                and Hologic LP

1  Henry C. Su (SBN 211202; suh@howrey.com)
   Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
2  HOWREY LLP
   1950 University Avenue, 4th Floor
3  East Palo Alto, California  94303
   Telephone:  (650) 798-3500
4  Facsimile:  (650) 798-3600

5  Robert Ruyak
   Matthew Wolf
6  Marc Cohn
   HOWREY LLP
7  1229 Pennsylvania Avenue, NW
   Washington, DC 20004
8  Telephone:  (202) 783-0800
   Facsimile:  (202) 383-6610
9
   Attorneys for Plaintiffs
10 HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC LP

11                       UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14 | HOLOGIC, INC., CYTYC CORPORATION, | Case No. C08 00133 RMW (RS)
   | and HOLOGIC L.P.,                 |
15 |                                   | **[PROPOSED] ORDER GRANTING
   |        Plaintiffs,                | PLAINTIFFS' MOTION TO COMPEL
16 |                                   | RESPONSES TO CERTAIN
   |    vs.                            | INTERROGATORIES**
17 |                                   |
   | SENORX, INC.,                     |
18 |                                   |
   |        Defendant.                 |
19 |                                   |

20 | AND RELATED COUNTERCLAIMS.

21

22

23      This matter comes before the Court on Plaintiffs' Motion To Compel Responses To Certain

24 Interrogatories.  Upon consideration of the memoranda filed in support, the pleadings in this action,

25 and any other evidence and argument presented orally at hearing, the Court hereby GRANTS

26 Plaintiff's Motion To Compel Responses To Certain Interrogatories.  Defendant SenoRx, Inc. is hereby

27

28 [PROPOSED] ORDER GRANTING MTN TO                - 1 -
   COMPEL INTERROGATORY RESPONSES
   Case No.  C08 00133 RMW (RS)

   DM_US:21096015_1

1  ordered to serve full and complete responses to Plaintiffs' Interrogatories Nos. 1-3 within 24 hours
2  from the date of this Order.
3      It is SO ORDERED.
4
5
6  Dated: March ___, 2008
7                                          The Honorable Richard Seeborg
                                        United States District Court Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING MTN TO     - 2 -
COMPEL INTERROGATORY RESPONSES
Case No. C08 00133 RMW (RS)

DM_US:21096015_1