Henry C. Su (SBN 211202; suh@howrey.com)
Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, California  94303
Telephone:  (650) 798-3500
Facsimile:  (650) 798-3600

Robert Ruyak
Matthew Wolf
Marc Cohn
HOWREY LLP
1229 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610

Attorneys for Plaintiffs
HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> SENORX, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. C08 00133 RMW (RS) <br><br> **DECLARATION OF KATHARINE L. ALTEMUS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO CERTAIN INTERROGATORIES** <br><br> **Date:**     No hearing requested <br> **Judge:**   Hon. Richard Seeborg |

I, Katharine L. Altemus, declare as follows:

1.     I am an associate in the law firm Howrey LLP and a member of the Bar of this court. I serve as one of the outside counsel for Hologic, Inc., Cytyc Corporation and Hologic LP (collectively "Plaintiffs" or "Hologic").  The following declaration is based on my personal knowledge, and if called upon to testify, I could and would competently testify as to the matters set forth herein.

1    2.    Attached as Exhibit A is a true and correct copy of Plaintiffs' First Set of

2  Interrogatories, served March 4, 2008 on SenoRx, Inc. ("SenoRx").

3    3.    Attached as Exhibit B is a true and correct copy of email correspondence dated March

4  3, 2008 between Hologic counsel Katharine Altemus and SenoRx counsel Aaron Maurer.

5    4.    Attached as Exhibit C is a true and correct copy of Defendant and Counterclaimant

6  SenoRx, Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-4), served

7  March 14, 2008 on Hologic.

8    5.    As required by Civil Local Rule 37-1(a), counsel for the parties met and conferred in

9  person on March 18, 2008 but failed to resolve the discovery dispute.  SenoRx's final position was that

10  the served Interrogatories are premature and conflict with the briefing schedule agreed upon by the

11  parties, and that SenoRx will not provide responses to Interrogatories Nos. 1-3 but instead will disclose

12  its factual and legal contentions in the context of its Opposition to Hologic's Motion for Preliminary

13  Injunction.  Hologic's final position was that Hologic is entitled to full and complete responses to its

14  served Interrogatories immediately, and that SenoRx's failure to timely reply completely and fully

15  deprives Hologic of any meaningful opportunity to obtain expedited discovery with respect to

16  SenoRx's contentions and key facts on the Motion for Preliminary Injunction.

17    I declare under penalty of perjury that the foregoing is true and correct.

18    Executed in East Palo Alto, California on March 19, 2008.

19

20

21                                             _____/s/_____

22                                             Katharine L. Altemus

23

24

25

26

27

28

Altemus Decl. ISO Mtn to Compel Responses  to Interrogatories
Case No.  C08 00133 RMW (RS)
DM_US:21095601_1

**Exhibit A**

Henry C. Su (SBN 211202; suh@howrey.com)
Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, California  94303
Telephone:  (650) 798-3500
Facsimile:  (650) 798-3600

Robert Ruyak
Matthew Wolf
Marc Cohn
HOWREY LLP
1229 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610

Attorneys for Plaintiff
HOLOGIC, INC., HOLOGIC CORPORATION and HOLOGIC
LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC LP, | Case No. C08 00133 RMW |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-4)** |
| vs. | |
| SENORX, INC., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Hologic Inc., Cytyc Corporation, and Hologic L.P. (collectively, "Hologic") request that Defendant SenoRx, Inc. ("SenoRx") answer the following interrogatories separately, fully, and under oath, by such officers or agents as have knowledge of the facts, by serving written responses at the offices of Howrey LLP, 1950 University Avenue, 4th Floor, East Palo Alto, California 94303, within ten (10) days of service hereof, as mutually agreed upon by the parties.

The following definitions and instructions apply.

## DEFINITIONS

1.      "SenoRx" or "you" means SenoRx, Inc., and any parent, subsidiary, partner (including, but not limited to, general and limited partners), member and/or affiliated entities, past or present, of SenoRx, and any person or entity, past or present, acting on behalf of SenoRx, including, but not limited to, each of its present and former officers, executives, general partners, limited partners, directors, employees, attorneys, agents and/or representatives.

2.      The "'204 patent" means U.S. Patent No. 6,413,204.

3.      The "'142 patent" means U.S. Patent No. 6,482,142.

4.      The "'813 patent" means U.S. Patent No. 5,913,813.

5.      "Patents-in-suit" means the '813, the '204 patent, and the '142 patent.

6.      The term "document(s)" shall have the broadest meaning ascribed to it by Rules 26 and 34(a) of the Federal Rules of Civil Procedure and refers inclusively to any writing of any kind, including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise).  The term "document(s)" shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely, notes, letters, correspondence, communications, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and

1  notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, HDL,

2  verilog, or other code, illustrations, product descriptions, product analyses, requests for

3  proposals, documents relating to proposed or actual product improvements or changes, users

4  manuals or guides, installation guides or manuals, technical descriptions or specifications,

5  product repair manuals or guides, photographs, video images, software flow charts or

6  descriptions or specifications, product functional descriptions or specifications, minutes or

7  records of meetings, summaries of interviews, reports, or investigations, opinions or reports of

8  consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements,

9  reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade

10  letters, press releases, drafts of documents, and all other material fixed in a tangible medium of

11  whatever kind known to you or in your possession, custody, or control.

12       7.    The term "communication(s)" includes any transfer of information, ideas,

13  opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any

14  circumstances.  The definition is not limited to transfers between persons but also includes other

15  transfers, such as records and memoranda to file; any written letter, memorandum, or other

16  document which was sent by one or more individuals to another or others; any telephone call

17  between one or more individual and another or others, whether such call was by chance or

18  prearranged, formal or informal; and any conversation or meeting between one or more

19  individuals and another, whether such contact was by chance or prearranged, formal or informal.

20       8.    "Prior art" means all publications (including, but not limited to, notes and slides

21  from oral presentations, meeting abstracts, posters), patents, physical specimens, uses, sales,

22  offers for sale or other activities relating to the subject matter of any Patent-In-Suit and existing

23  or occurring at a date such as to be potentially relevant under any subsection of 35 U.S.C. §§ 102

24  or 103.

25       9.    The term "Contura Multi-Lumen Balloon" means any multi-lumen radiation

26  balloon applicator for accelerated partial breast irradiation designed, developed, produced,

27  manufactured, assembled, constructed, made, promoted, advertised, marketed, or sold by or for

28

SenoRx, regardless of the trade name under which such products are or will be sold and regardless of whether such applicators are prototypes, beta releases, production releases, or other versions, commercial or non-commercial.  This definition includes, but is not limited to, any device variously identified by SenoRx as the

- "Multi-Lumen Balloon Source Applicator for Brachytherapy";
- "Multi-Lumen Radiation Balloon Applicator for Brachytherapy";
- "SenoRad Multi-Lumen Balloon Source Applicator for Brachytherapy";
- "Contura™ Multi-Lumen Balloon";
- "Contura MLB"; and/or
- "Contura".

10.    The term "identify" when used in these interrogatories in connection with a request to identify a natural person, means to set forth his or her:  (a) full name; (b) title or position; (c) present or last known business or home address; and (d) present or last known employer.  For any person so identified, if any of the above information is different from what it was at the time with which the particular interrogatory is concerned, supply such different information.

11.    The term "identify" when used in these interrogatories in connection with a request to identify a document, means to state:  (a) the date; (b) the author and signatories; (c) the type, subject matter and substance of the document; (d) the addressees and all other persons who received copies; (e) the custodian; (f) the present location; and (g) the bates number(s) of the document as produced to Hologic.

12.    The terms "identify," and "identification," when used in these interrogatories in connection with a communication, requires an identification of (a) all persons participating in or present for the communication; (b) the subject matter of the communication; (c) the date, place and duration of the communication; (d) the means of communication (*e.g.*, letter, telephone conference, in-person meeting); and (e) all documents exchanged during or as part of the communication or memorializing the communication.

HOWREY LLP

**Hologic's First  Set of Interrogatories to SenoRx**
**Case No. C08 00133 RMW**

-3-

13.    "Describe" means to provide a detailed narrative account of the subject matter and to identify all documents and witnesses relating to the subject matter.

14.    "Including" means including but not limited to.

15.    "Any" and "each" shall be construed to include and encompass "all."

16.    "And" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of such scope.

17.    The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.    In answering these interrogatories, SenoRx is required to furnish all information that is available to SenoRx, not merely such information as the persons preparing the responses know of their own personal knowledge, including information in the possession of SenoRx's attorneys, employees, or other persons directly or indirectly employed by, or connected with SenoRx or its attorneys or consultants, or anyone acting on SenoRx's behalf or otherwise subject to SenoRx's control. In answering these interrogatories, SenoRx is required to make a diligent search of its records and of other documents and materials in its possession or the possession of its employees, attorneys, consultants, or other representatives.

2.    In the event that any information called for by these interrogatories is withheld based on a claim of attorney/client privilege, work product immunity, or any other privilege or protection from discovery, SenoRx is required to provide sufficient details, including the nature of the information, its source and subject matter, and to whom that information was disseminated, such as would enable the claim of privilege or immunity to be adjudicated.

3.    If SenoRx cannot answer any interrogatory fully after a diligent attempt to obtain the requested information, SenoRx is required to answer the interrogatory to the extent possible, specify the portion of the interrogatory that SenoRx is unable to answer, and provide whatever information SenoRx has regarding the unanswered portion.

HOWREY LLP

4.      If SenoRx, pursuant to Federal Rule of Civil Procedure 33(d), opts to produce business records in lieu of a written response to an interrogatory, SenoRx must indicate, for each business record provided, the interrogatory to which it is responsive.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail any harm that SenoRx contends it will suffer should a preliminary injunction prohibiting the manufacture, use, sale, or offer for sale of the Contura Multi-Lumen Balloon issue, and identify any documents upon which SenoRx will rely as evidence of that alleged harm.

**INTERROGATORY NO. 2:**

If SenoRx contends that a preliminary injunction prohibiting the manufacture, use, sale, or offer for sale of the Contura Multi-Lumen Balloon should not issue, explain the basis for that contention, including, but not limited to,

(a) the basis for any contention that claim 1 of the '142 patent or claim 36 of the '204 is invalid or unenforceable (including, but not limited to, an element-by-element comparison of any allegedly invalidating prior art to each asserted claim);

(b) the basis for any contention that SenoRx does not infringe claim 1 of the '142 patent or claim 36 of the '204 (including, but not limited to, an element-by-element comparison of how the Contura differs from each asserted claim);

(c) an identification of all documents upon which SenoRx intends to rely to support these contentions; and

(d) an identification of all persons with knowledge concerning these contentions.

**INTERROGATORY NO. 3:**

Describe in detail the differences between the Contura Multi-Lumen Balloon and the MammoSite devices that SenoRx believes are or would be material to medical professionals and/or patients, including, but not limited to, any information provided to medical professionals (including current or former MammoSite users) and all bases for SenoRx's assertions that

1   (a) "[c]ertain patients who are presently candidates for balloon therapy are currently

2   excluded because of the location of the lesion relative to their breast size. Our multi-lumen

3   approach offers a solution to this problem." *See* SenoRx May 23, 2007 press release (posted at

4   *http://www.senorx.com/siteadmin/files/SenoRAnnounces510_k_ClearanceforMulti-*

5   *LumenRadiationBalloon.pdf).* As part of your answer to this subsection, explain in detail (i) how

6   the Contura MLB offers a solution to patients who are "currently excluded because of the

7   location of the lesion relative to their breast size," (ii) whether "the solution" discussed above is

8   to use the Contura MLB with a balloon-to-skin distance of less than 5mm; and

9   (b) "[so]me patients who are presently candidates for balloon therapy are currently

10  excluded because of the location of the lesion and their breast size. Contura's advanced multi-

11  lumen design may address this issue for certain patients." *See* SenoRx January 17, 2008 press

12  release (posted at *http://www.senorx.com/siteadmin/files/SenoRxLaunchesContura.pdf).* As part

13  of your answer to this subsection, explain in detail (i) how the Contura MLB may address "this

14  issue for certain patients"; and (ii) whether the method by which the Contura MLB "may address

15  this issue for certain patients," as discussed above, is to use the Contura MLB with a balloon-to-

16  skin distance of less than 5mm.

17  **INTERROGATORY NO. 4:**

18  Provide SenoRx's construction of the following terms from claim 1 of the '142 patent,

19  identify all references from the claims, specification or prosecution history that support that

20  construction, and identify any extrinsic evidence upon which SenoRx intends to rely to support

21  the proposed construction, including, but not limited to, dictionary definitions, citations to

22  learned treatises and prior art, and testimony of percipient and expert witnesses.

23  (a)    "three-dimensional apparatus volume";

24  (b)    "completely within";

25  (c)    "disposed completely within the expandable outer surface";

26  (d)    "spaced apart";

27  (e)    "located so as to be spaced apart from the apparatus volume";

28

HOWREY LLP

1    (f)      "asymmetrically located and arranged";

2    (g)      "asymmetrically located and arranged within the expandable surface"; and

3    (h)      "predetermined asymmetric isodose curves with respect to the apparatus volume".

4  Dated: March 4, 2008

5                         HOWREY LLP

6

7                    By _____

8                         Katharine L. Altemus

9                    Attorneys for Plaintiffs Hologic,
                         Inc., Cytyc Corporation, and Hologic

10                   L.P.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

**Hologic's First Set of Interrogatories to SenoRx**
**Case No. C08 00133 RMW**

-7-

1                         **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that on March 4, 2008, a true and correct copy of:

3           **PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-4)**

4 was served on the following counsel of record for SenoRx, Inc. by U.S. Mail:

5          F.T. Alexandra Mahaney
         amahaney@wsgr.com

6          Natalie J. Morgan
         nmorgan@wsgr.com

7          WILSON SONSINI GOODRICH & ROSATI
         12235 El Camino Real, Suite 200

8          San Diego, California 92130

9          Bruce R. Genderson (*pro hac vice application pending*)
         bgenderson@wc.com

10         Aaron P. Maurer (*pro hac vice application pending*)
         amaurer@wc.com

11         Rachael Shanahan Rodman (*pro hac vice application pending*)
         rrodman@wc.com

12         Adam D. Harber (*pro hac vice application pending*)
         aharber@wc.com

13          WILLIAMS & CONNOLLY LLP
         725 – 12th Street, N.W.

14         Washington, D.C. 20005

15

16                       By:    Sonya Schwab

17                           Sonya Schwab

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

**Certificate of Service**
**Case No. CV 08 00133 RMW**          -1-

**Exhibit B**

**From:**    Altemus, Katharine
**Sent:**    Monday, March 03, 2008 4:49 PM
**To:**    'Maurer, Aaron'
**Cc:**    Cohn, Marc
**Subject:** RE:

Hi Aaron-

We will be willing to accept one notice for the plaintiffs.  I'll get back to you as soon as possible about March 17 or 18 for the Magnuson deposition.

Thanks,
Katharine

**From:** Maurer, Aaron [mailto:AMaurer@wc.com]
**Sent:** Monday, March 03, 2008 3:53 PM
**To:** Altemus, Katharine
**Cc:** Cohn, Marc
**Subject:** RE:

Dear Katharine,

I'll take a look at your proposed changes and get back to you.

In the meantime, further to our discussion in San Jose, is Mr. Magnuson available for deposition on 3/17 and/or 3/18?

Also, with respect to the 30(b)(6) notice, should we serve separate notices for each of the Plaintiffs or (as I suspect) would you be willing to accept one notice for each of the three plaintiffs?

Thanks,

Aaron

**From:** Altemus, Katharine [mailto:AltemusK@howrey.com]
**Sent:** Monday, March 03, 2008 5:33 PM
**To:** Maurer, Aaron
**Cc:** Cohn, Marc
**Subject:**

Aaron-

I have attached for your review a draft proposed order for Friday's CMC that we plan to submit to the Court.  Please let me know if you have any objections to the draft proposed order.

During our discussion Friday, you expressed concern that Hologic would generate a voluminous production in response to your discovery requests.  You indicated that you believe SenoRx's discovery requests are tailored to solicit only the information SenoRx needs for the preliminary injunction process.  In light of your concerns, Hologic will do its best to minimize its production and to target its production to your requests.

We agreed that neither party would present live testimony at the preliminary injunction hearing. Although we were unable to solidify firm limits on discovery, we did agree to respond to interrogatories and requests for admissions within 10 days of service, and to respond to requests for production within 10 days if possible, or if not, as soon as possible thereafter. You were unable to set an upper limit to the number of interrogatories, RFAs, or RFPs that SenoRx will need to propound before the preliminary injunction proceeding.

You indicated that SenoRx will want to take the deposition of Glenn Magnuson and a 30(b)(6) witness, as well as possibly the inventors and a marketing person. Please note that we have already produced to you the transcripts of all inventor depositions from the *Xoft v. Cytyc* litigation. As I mentioned, the inventors are third parties, outside the control of Hologic. Nevertheless, we will try to facilitate additional inventor depositions should you choose to pursue them.

As we discussed, Hologic will also pursue discovery before the preliminary injunction hearing. Although we believe we are entitled to propound discovery commensurate with the number of discovery requests propounded by SenoRx, Hologic will attempt to limit its discovery requests to 10 RFPs and 5 interrogatories. Should we need additional discovery, I trust SenoRx will be able to work with us on that issue. At this time, Hologic intends to depose a SenoRx 30(b)(6) witness, as well as your expert Roy Weinstein. Should you decide at a later date to rely on any additional experts, Hologic will need to depose them.

On a related note, thank you for drafting the proposed agreement so rapidly. We would like to made the following edits to your proposal:

- The fourth paragraph has a typographical error, and should read: ..."and any other information **that** he or she relies..." [word with typo highlighted]
- in the paragraph numbered (1), add the highlighted verbiage "or contain any notes **(except as provided in paragraph 2 below)**, ..."
- for the paragraph numbered (3), we would prefer to substitue the following language:

3. *Written or oral communications between or among any retained expert, his/her assistants, in-house or outside counsel, and/or consultants for any party to this litigation are not subject to discovery. Written or oral communications of experts, consultants, and/or their assistants with non-attorney employees of the parties are not protected by this agreement, and are subject to discovery.*

Thanks,
Katharine

**Katharine Altemus, Ph.D.**
**HOWREY LLP**
*1950 University Avenue*
*East Palo Alto, CA 94303*
*650.798.3512 (direct)*
*650.798.3600 (fax)*
*altemusk@howrey.com*

-------------------------------------------------------------------------------------------------
This email and any attachments contain information from the law firm of Howrey LLP, which may
The information is intended to be for the use of the individual or entity named on this email.
If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of t
If you receive this email in error, please notify us by reply email immediately so that we can arran

We take steps to remove metadata in attachments sent by email.  Any remaining metadata should l
If you receive an attachment containing metadata, please notify the sender immediately and a repl
------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------
NOTICE:

This message is intended for the use of the individual or entity to which it is addr

================================================================================

**Exhibit C**

1   F.T. Alexandra Mahaney, State Bar No. 125984
    WILSON SONSINI GOODRICH & ROSATI
2   Professional Corporation
    12235 El Camino Real, Suite 200
3   San Diego, CA 92130
    Telephone: (858) 350-2300
4   Facsimile: (858) 350-2399
    Email: amahaney@wsgr.com
5
    Bruce R. Genderson (admitted *pro hac vice*)
6   Aaron P. Maurer (admitted *pro hac vice*)
    Rachel Shanahan Rodman (admitted *pro hac vice*)
7   Adam D. Harber (admitted *pro hac vice*)
    WILLIAMS & CONNOLLY LLP
8   725 Twelfth St. NW
    Washington, DC 20005
9   Telephone: (202) 434-5000
    Facsimile: (202) 434-5029
10
11  Attorneys for Defendant and Counterclaimant
    SENORX, INC.
12
13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16  HOLOGIC, INC., CYTYC CORPORATION and    )
    HOLOGIC L.P.,                            )
17                                           )    Case No. C-08-0133 RMW
                 Plaintiffs,                 )
18                                           )
19          v.                               )    **DEFENDANT AND**
                                             )    **COUNTERCLAIMANT SENORX,**
    SENORX, INC.,                            )    **INC.'S OBJECTIONS AND**
20                                           )    **RESPONSES TO PLAINTIFFS'**
                 Defendant.                  )    **FIRST SET OF**
21                                           )    **INTERROGATORIES (NOS. 1-4)**
                                             )
22  _____ )
23  SENORX, INC.,                            )
                                             )
24               Counterclaimant,            )
                                             )
25          v.                               )
                                             )
26  HOLOGIC, INC., CYTYC CORPORATION and    )
    HOLOGIC L.P.,                            )
27                                           )
                 Counterdefendants.          )
28  _____ )

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant and

2 Counterclaimant SenoRx, Inc. ("SenoRx") responds and objects to Plaintiffs Hologic, Inc., Cytyc

3 Corp., and Hologic L.P.'s (collectively, "Hologic" or "Plaintiffs") First Set of Interrogatories

4 (Nos. 1-4).

## GENERAL OBJECTIONS

6    1.    SenoRx objects to each definition, instruction, and interrogatory to the extent it

7 seeks information and/or documents protected from disclosure by the attorney-client privilege,

8 the attorney work product doctrine, or any other applicable privilege, doctrine, law, or rule.  In

9 the event privileged or confidential information is released, the release, unless otherwise

10 expressly stated to the contrary in writing at the time of production, is inadvertent and shall not

11 constitute a waiver.  SenoRx reserves its rights to retrieve and prevent the use of any privileged

12 or protected information inadvertently provided.

13    2.    SenoRx objects to logging on a privilege log any communications between

14 SenoRx and its counsel since the filing of the complaint in the above-captioned case.  SenoRx

15 further objects to logging any work product created since the filing of the complaint in the

16 above-captioned case.

17    3.    SenoRx objects to each definition, instruction, and interrogatory to the extent it

18 seeks information or documents containing private, confidential, secret, proprietary, and/or

19 sensitive business information.  Absent a specific order of the court, SenoRx will not provide

20 information to the extent SenoRx is under any obligation – whether imposed by a third party,

21 court, tribunal, legislature, or any other body with authority to impose or enforce such an

22 agreement, or by any statute, regulation, or order – not to disclose it.

23    4.    SenoRx objects to each definition, instruction, and interrogatory to the extent it

24 seeks information that is unreasonably cumulative or duplicative, that is publicly available, that

25 is already in the possession, custody, or control of Plaintiffs or Plaintiffs' counsel, that is of no

26 greater burden for Plaintiffs to obtain than SenoRx, or that is obtainable from some other source

27 that is more convenient, less burdensome, or less expensive, and/or to the extent that compliance

28

1  would be unduly burdensome, expensive, or oppressive.  Unless otherwise indicated specifically

2  below, SenoRx will not provide such information.

3      5.    SenoRx objects to any definition, instruction, and interrogatory to the extent it

4  seeks to impose obligations different from, or in excess of, those created by the Federal Rules of

5  Civil Procedure; the Civil Local Rules or Patent Local Rules of the United States District Court

6  for the Northern District of California; or any other applicable rule, law, or doctrine.

7      6.    SenoRx objects to each definition, instruction, and interrogatory to the extent it

8  purports to require SenoRx to provide information from, or with respect to, individuals or entities

9  other than SenoRx, Inc.  SenoRx further objects to Plaintiffs' definition of "SenoRx" and "you"

10  because it purports to impose an obligation on SenoRx to provide information from SenoRx's

11  corporate parents, subsidiaries, affiliates, and other individuals or entities other than SenoRx,

12  Inc., and thus imposes a greater obligation than the Federal Rules of Civil Procedure and the

13  Civil Local Rules and Patent Local Rules of the United States District Court for the Northern

14  District of California.

15      7.    SenoRx objects to each definition, instruction, and interrogatory to the extent it

16  purports to seek or require SenoRx to provide information that is not within SenoRx's

17  possession, custody, or control.

18      8.    SenoRx objects to each definition, instruction, and interrogatory as overly broad,

19  unduly burdensome, and oppressive to the extent it requires SenoRx to provide information that

20  is neither relevant to the parties' claims and defenses in this action nor reasonably calculated to

21  lead to the discovery of admissible evidence.  Where SenoRx has objected to an interrogatory on

22  the grounds, *inter alia*, that the request is overly broad and unduly burdensome, but nonetheless

23  provided a response, the response should be construed to mean that SenoRx's response is based

24  on a reasonable inquiry of those employees whom, and a reasonable search of those files which,

25  it reasonably believes may provide relevant, responsive, and non-duplicative information.

26      9.    SenoRx objects to each definition, instruction, and interrogatory to the extent it or

27  the information it seeks is subject to construction by the Court at a later date.

28

1    10.    SenoRx objects to each interrogatory to the extent it prematurely seeks

2  information to be provided by expert witnesses, or otherwise is premature in light of the Patent

3  Local Rules or any Scheduling Order in this case or any other applicable rule, doctrine, or

4  accepted practice.

5    11.    SenoRx objects to each interrogatory to the extent it uses language incorporating

6  or calling for an expert opinion, a legal conclusion, or making an erroneous statement of law.

7  SenoRx's responses herein shall be as to matters of fact only, and shall not be construed as

8  stating or implying any conclusions of law concerning the matters referenced in any

9  interrogatory.

10    12.    SenoRx objects to each interrogatory that is not confined to a relevant time period

11  as overly broad, vague, unduly burdensome, and seeking information neither relevant to the

12  subject matter of this action nor reasonably calculated to lead to the discovery of admissible

13  evidence.

14    13.    SenoRx objects to each interrogatory to the extent that it is compound, includes

15  subparts in such a manner that it is unduly burdensome, confusing, cannot be reasonably

16  answered, and/or attempts to avoid the limitation in the Federal Rules of Civil Procedure of

17  twenty-five (25) interrogatories.

18    14.    SenoRx objects to Plaintiffs' definition of "Contura Multi-Lumen Balloon" as

19  overly broad and not relevant to the parties' claims and defenses in this action in that it purports

20  to cover "any multi-lumen balloon application designed, developed, produced, manufactured,

21  assembled, constructed, made, promoted, advertised, marketed, or sold by or for SenoRx,

22  regardless of the trade name under which such products are or will be sold and regardless of

23  whether such applicators are prototypes, beta releases, production releases, or other versions,

24  commercial or non-commercial." SenoRx will respond with respect to the Contura™ MLB

25  device (irrespective of name) that is currently being marketed by SenoRx and that is alleged to

26  infringe the Patents-In-Suit.

27    15.    SenoRx objects to Plaintiffs' definition of "Prior Art" as legally incorrect, and

28  overly broad, vague, and unduly burdensome.

SENORX, INC.'S OBJECTIONS AND RESPONSES TO          -3-          CASE NO. C-08-0133 RMW
PLAINTIFFS' FIRST SET OF INTERROGATORIES
(NOS. 1-4)

1        16.     SenoRx's responses herein are based on facts presently known to it and represent

2    a diligent and good faith effort to comply with the requests.  Unless otherwise stated, SenoRx

3    will construe the requests only to require it to use reasonable diligence to locate responsive

4    documents or information from its current officers or employees based upon examination of

5    those files in which responsive documents or information about the specific matters at issue

6    ordinarily would be expected to be found.

7        17.     SenoRx's discovery and investigation into the matters specified is continuing.

8    Accordingly, SenoRx reserves its right to supplement, alter, or change its objections or responses

9    to Plaintiffs' interrogatories and to produce additional responsive information, if any, in

10    accordance with Fed. R. Civ. P. 26(a)(3)(A)(iii) and (e).  Furthermore, SenoRx reserves the right,

11    at trial or during other proceedings in this action, to rely on documents, evidence, and other

12    matters in addition to the documents and/or information produced in response to requests,

13    whether or not such documents, evidence, or other matters are newly discovered or are now in

14    existence but have not been located despite diligent and good faith efforts.

15        18.     In furnishing these responses to these interrogatories, SenoRx does not admit or

16    concede the relevancy, materiality, authenticity, or admissibility in evidence of any such

17    interrogatory or response.  All objections to the use, at trial or otherwise, of any information

18    provided in response to the interrogatories and to any further production are hereby expressly

19    reserved.  In addition, these responses are made solely for purposes of this action.

20        19.     The applicable foregoing General Objections are incorporated into each of the

21    specific objections and responses that follow.  The stating of a specific objection or response

22    shall not be construed as a waiver of SenoRx's General Objections.

23        **SPECIFIC OBJECTIONS AND RESPONSES**

24    **INTERROGATORY NO. 1:**

25        Describe in detail any harm that SenoRx contends it will suffer should a preliminary

26    injunction prohibiting the manufacture, use, sale, or offer for sale of the Contura Multi-Lumen

27    Balloon issue, and identify any documents upon which SenoRx will rely as evidence of that

28    alleged harm.

SENORX, INC.'S OBJECTIONS AND RESPONSES TO       -4-       CASE NO. C-08-0133 RMW
PLAINTIFFS' FIRST SET OF INTERROGATORIES
(NOS. 1-4)

1  **RESPONSE TO INTERROGATORY NO. 1:**

2       SenoRx incorporates its General Objections as if fully set forth herein.  SenoRx objects to

3  this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated

4  briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in

5  the February 29, 2008 Case Management Conference and set forth in the parties' proposed case

6  management order filed on March 4, 2008, and attempts to circumvent the parties' agreed

7  schedule.  Accordingly, the Interrogatory is overly broad and unduly burdensome.  SenoRx also

8  objects that this Interrogatory is compound.  SenoRx will set forth the harm it contends it will

9  suffer should a preliminary injunction issue, and the support therefore, as appropriate, in its

10  Opposition to Plaintiffs' Motion.

11  **INTERROGATORY NO. 2:**

12       If SenoRx contends that a preliminary injunction prohibiting the manufacture, use, sale,

13  or offer for sale of the Contura Multi-Lumen Balloon should not issue, explain the basis for that

14  contention, including, but not limited to,

15       (a) the basis for any contention that claim 1 of the '142 patent or claim 36 of the '204 is

16  invalid or unenforceable (including, but not limited to, an element-by-element comparison of any

17  allegedly invalidating prior art to each asserted claim);

18       (b) the basis for any contention that SenoRx does not infringe claim 1 of the '142 patent

19  or claim 36 of the '204 (including, but not limited to, an element-by-element comparison of how

20  the Contura differs from each asserted claim);

21       (c) an identification of all documents upon which SenoRx intends to rely to support these

22  contentions; and

23       (d) an identification of all persons with knowledge concerning these contentions.

24  **RESPONSE TO INTERROGATORY NO. 2:**

25       SenoRx incorporates its General Objections as if fully set forth herein.  SenoRx objects to

26  this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated

27  briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in

28  the February 29, 2008 Case Management Conference and set forth in the parties' proposed case

1   management order filed on March 4, 2008, and attempts to circumvent the parties' agreed

2   schedule.  SenoRx further objects to this Interrogatory as premature in light of the timetables

3   provided in the Patent Local Rules.  SenoRx also objects that this Interrogatory is compound.

4   SenoRx also objects that this Interrogatory is overly broad and unduly burdensome, and seeks

5   information not relevant to the claim or defense of any party, in that it seeks the identification of

6   "all persons" with knowledge concerning these contentions.  SenoRx also objects to this

7   Interrogatory on the grounds that it seeks information that is protected by the attorney-client

8   privilege, the work product doctrine, or any other applicable privilege.  To the extent that

9   SenoRx contends a preliminary injunction should not issue for reasons of invalidity,

10  unenforceability, or non-infringement, SenoRx will set forth those contentions, and the support

11  therefore, as appropriate, in its Opposition to Plaintiffs' Motion.

12  **INTERROGATORY NO. 3:**

13          Describe in detail the differences between the Contura Multi-Lumen Balloon and the

14  MammoSite devices that SenoRx believes are or would be material to medical professionals

15  and/or patients, including, but not limited to, any information provided to medical professionals

16  (including current or former MammoSite users) and all bases for SenoRx's assertions that

17          (a) "[c]ertain patients who are presently candidates for balloon therapy are currently

18  excluded because of the location of the lesion relative to their breast size.  Our multi-lumen

19  approach offers a solution to this problem."  See SenoRx May 23, 2007 press release (posted at

20  http://www.senorx.com/siteadmin/files/SenoRAnnounces510_k_ClearanceforMulti-

21  LumenRadiationBalloon.pdf).  As part of your answer to this subsection, explain in detail (i)

22  how the Contura MLB offers a solution to patients who are "currently excluded because of the

23  location of the lesion relative to their breast size," (ii) whether "the solution" discussed above is

24  to use the Contura MLB with a balloon-to-skin distance of less than 5mm; and

25          (b) "[s]ome patients who are presently candidates for balloon therapy are currently

26  excluded because of the location of the lesion and their breast size.  Contura's advanced multi-

27  lumen design may address this issue for certain patients."  See SenoRx January 17, 2008 press

28  release (posted at http://www.senorx.com/siteadmin/files/SenoRxLaunchesContura.pdf).  As part

1  of your answer to this subsection, explain in detail (i) how the Contura MLB may address "this

2  issue for certain patients"; and (ii) whether the method by which the Contura MLB "may address

3  this issue for certain patients," as discussed above, is to use the Contura MLB with a balloon-to

4  skin distance of less than 5mm.

5  **RESPONSE TO INTERROGATORY NO. 3:**

6        SenoRx incorporates its General Objections as if fully set forth herein.  SenoRx objects to

7  this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated

8  briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in

9  the February 29, 2008 Case Management Conference and set forth in the parties' proposed case

10  management order filed on March 4, 2008, and attempts to circumvent the parties' agreed

11  schedule.  SenoRx also objects that this Interrogatory is compound.  SenoRx also objects that its

12  answer to this Interrogatory may incorporate information requested from Plaintiffs in discovery,

13  which information has not yet been produced.  SenoRx also objects that this Interrogatory is

14  overly broad and unduly burdensome in that it seeks information not related to the preliminary

15  injunction.  SenoRx further objects to this Interrogatory in that it prematurely seeks expert

16  testimony.  SenoRx also objects to this Interrogatory on the grounds that it seeks information that

17  is protected by the attorney-client privilege, the work product doctrine, or any other applicable

18  privilege.  As relates to the preliminary injunction, SenoRx will set forth its contentions and the

19  support therefore, as appropriate, in its Opposition to Plaintiffs' Motion.

20  **INTERROGATORY NO. 4:**

21        Provide SenoRx's construction of the following terms from claim 1 of the '142 patent,

22  identify all references from the claims, specification or prosecution history that support that

23  construction, and identify of any extrinsic evidence upon which SenoRx intends to rely to

24  support the proposed construction, including, but not limited to, dictionary definitions, citations

25  to learned treatises and prior art, and testimony of percipient and expert witnesses.

26        a) "three-dimensional apparatus volume";

27        b) "completely within";

28        c) "disposed completely within the expandable outer surface";

1    d) "spaced apart";

2    e) "located so as to be spaced apart from the apparatus volume";

3    f) "asymmetrically located and arranged";

4    g) "asymmetrically located and arranged within the expandable surface";

5    h) "predetermined asymmetric isodose curves with respect to the apparatus

6    volume".

7    **RESPONSE TO INTERROGATORY NO. 4:**

8    SenoRx incorporates its General Objections as if fully set forth herein. SenoRx objects to

9    this interrogatory on the grounds that it is premature and conflicts with the parties' stipulated

10   briefing schedule for response to Plaintiffs' Motion for a Preliminary Injunction, as discussed in

11   the February 29, 2008 Case Management Conference and set forth in the parties' proposed case

12   management order filed on March 4, 2008, and attempts to circumvent the parties' agreed

13   schedule. SenoRx further objects to this Interrogatory as premature in light of the timetables

14   provided in the Patent Local Rules. SenoRx also objects that this Interrogatory is compound.

15   SenoRx further objects that this Interrogatory prematurely seeks expert testimony. SenoRx also

16   objects to this Interrogatory on the grounds that it seeks information that is protected by the

17   attorney-client privilege and the work product doctrine. SenoRx further states that its response

18   to this Interrogatory necessarily is preliminary in light of Plaintiffs' unreasonable initial

19   designation of Plaintiffs' own claim constructions as "Outside Attorneys Eyes Only" confidential

20   material, and in view of Plaintiffs' refusal to construe "replaceably disposable."

21   Subject to, and without waiving the foregoing general and specific objections, SenoRx

22   responds as follows:

23

| Term or Phrase | SenoRx's Preliminary Construction | Support |
|---|---|---|
| "three-dimensional apparatus volume" | Plain meaning, i.e., the three-dimensional volume defined by the expandable outer surface of the apparatus. | Claim 1, Claims 2-14. Claim Construction Order (April 27, 2007). |
| "completely within" | Completely within the expandable | Claim 1, Claims 2-14. '142 |

| | outer surface of the apparatus, as distinguished from replaceably disposable within the expandable outer surface of the apparatus. | patent specification, including 5:5-11. '142 pros. history, including the October 21, 2001 office action and February 27, 2002 applicants' response and amendment replacing "replaceably disposable" with "completely within." Claim Construction Order (April 27, 2007). |
|---|---|---|
| "disposed completely within the expandable outer surface" | Completely within the expandable outer surface of the apparatus, as distinguished from replaceably disposable within the expandable outer surface of the apparatus. | Claim 1, Claims 2-14. '142 patent specification, including 5:5-11. '142 pros. history, including the October 21, 2001 office action and February 27, 2002 applicants' response and amendment replacing "replaceably disposable" with "completely within." Claim Construction Order (April 27, 2007). |
| "spaced apart" | Plain meaning, i.e., separated by a distance. | Claim 1, Claims 2-14. '142 patent specification, including 7:8-14; 7:49-55. |
| "located so as to be spaced apart from the apparatus volume" | Plain meaning, i.e., separated by a distance from the apparatus volume. | Claim 1, Claims 2-14. '142 patent specification, including 7:8-14; 7:49-55. |
| "asymmetrically located and arranged" | Plain meaning, i.e., located and arranged so that there is no symmetry. | Claim 1, Claims 2-14. '142 patent specification. '142 pros. history, including the October 21, 2001 office action and February 27, 2002 applicants' response and amendment. |
| "asymmetrically located and arranged within the expandable surface" | Plain meaning, i.e., located and arranged within the expandable outer surface of the apparatus at some asymmetric location, e.g., off-center of the device. | Claim 1, Claims 2-14. '142 patent specification. '142 pros. history, including the October 21, 2001 office action and February 27, 2002 applicants' response |

| | | and amendment. |
|---|---|---|
| "predetermined asymmetric isodose curves with respect to the apparatus volume" | Plain meaning, i.e., predetermined isodose curves that are asymmetric with respect to the apparatus volume, e.g., predetermined isodose curves for which the center of symmetry does not match the center of symmetry of the apparatus volume. | Claim 1, Claims 2-14. '142 patent specification. '142 pros. history, including the October 21, 2001 office action and February 27, 2002 applicants' response and amendment. Claim Construction Order (April 27, 2007). |

Dated: March 14, 2008                    By: _____

F.T. Alexandra Mahaney, State Bar No. 125984
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, CA  92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
Email:  amahaney@wsgr.com

Bruce R. Genderson (admitted *pro hac vice*)
Aaron P. Maurer (admitted *pro hac vice*)
Rachel Shanahan Rodman (admitted *pro hac vice*)
Adam D. Harber (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant and Counterclaimant
SENORX, INC.

1

## **VERIFICATION**

2

3        I, Paul Lubock, hereby declare and say under penalty of perjury that I am the Chief

4    Technology Officer of SenoRx, Inc.; that I have read the foregoing Objections and Responses to

5    Plaintiffs' First Set of Interrogatories, and I know the contents thereof; that said answers were

6    prepared with the assistance and advice of counsel and may reflect legal positions for which

7    factual verification is not necessary; that the factual answers set forth herein, subject to inadvertent

8    or undiscovered errors, are based upon the recollection and representations of others, and therefore

9    necessarily are limited by the records and information still in existence, presently recollected and

10    thus far discovered in the course of preparing these answers; that I therefore reserve the right to

11    make any change in the answers if it appears at any time that omissions or errors have been made

12    therein; and that subject to the limitations set forth herein the said answers are true and accurate to

13    the best of my knowledge, information, and belief after reasonable inquiry, although I may not

14    have first-hand knowledge of some of the matters addressed.

15

16

17                                         Paul Lubock

18                                         Chief Technology Officer
                                          SenoRx, Inc.

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

U.S. District Court, Northern District of California,

*Hologic, Inc. et al. v. SenoRx, Inc.*

Case No. C-08-0133 RMW

1

2

3

4 | I, Kirsten Blue, declare:

5 |     I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within

6 | action. My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

7 |     On March 14, 2008, I served a copy(ies) of the following document(s):

8 | **DEFENDANT AND COUNTERCLAIMANT SENORX, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-4)**

9

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

10

11 | Henry C. Su (suh@howrey.com)           Attorneys for Plaintiffs
Katharine L. Altemus (altemusk@howrey.com)  HOLOGIC, INC. CYTYC
HOWREY LLP                        CORPORATION and

12 | 1950 University Avenue, 4th Floor       HOLOGIC LP
East Palo Alto, CA 94303

13 | Telephone: (650) 798-3500
Facsimile: (650) 798-3600

14

15 | Matthew Wolf (wolfm@howrey.com)      Attorneys for Plaintiffs
Marc Cohn (cohnm@howrey.com)        HOLOGIC, INC. CYTYC

16 | HOWREY LLP                        CORPORATION and
1229 Pennsylvania Avenue, NW       HOLOGIC LP
Washington, DC 20004

17 | Telephone: (202) 783-0800
Facsimile: (202) 383-6610

18

19 | ☒ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real,

20 | Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said

21 | practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for

22 | collection.

23 | ☒ (BY ELECTRONIC MAIL) I caused such document(s) to be sent via electronic mail (email) to the above listed names and email addresses.

24 | ☐ (BY PERSONAL SERVICE) I caused to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A

25 | proof of service signed by the authorized courier will be filed with the court upon request.

26 | ☐ (BY OVERNIGHT DELIVERY) I placed the sealed envelope(s) or package(s), to the addressee(s) noted above, designated by the express service carrier for collection and

27 | overnight delivery by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily

28 | familiar with WSGR's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business,

-1-

CERTIFICATE OF SERVICE                                        CASE NO. C-08-0133 RMW

1    correspondence for overnight delivery is deposited with delivery fees paid or provided for
     at the carrier's express service offices for next-day delivery the same day as the
2    correspondence is placed for collection.

3    ☐ (BY FACSIMILE) I caused to be transmitted by facsimile machine (number of sending
       facsimile machine is (858) 350-2399 at the time stated on the attached transmission
4      report(s) by sending the documents(s) to (see above). The facsimile transmission(s)
       was/were reported as complete and without error.

5    ☐ (BY CM/ECF) I caused such document(s) to be sent via electronic mail through the Case
       Management/Electronic Case File system with the U.S. District Court for the Northern
6      District of California.

7        I declare under penalty of perjury under the laws of the United States that the above is true
     and correct, and that this declaration was executed on March 14, 2008.
8

9    _____

10                      Kirsten Blue

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

CERTIFICATE OF SERVICE                                    CASE NO. C-08-0133 RMW