Henry C. Su (SBN 211202; suh@howrey.com)
Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, California 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600

Robert Ruyak
Matthew Wolf
Marc Cohn
HOWREY LLP
1229 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Attorneys for Plaintiffs
HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>SENORX, INC.,<br><br>Defendant. | Case No. C08 00133 RMW (RS)<br><br>**PLAINTIFFS' OPPOSITION TO OBJECTIONS AND MOTION TO STRIKE CERTAIN PORTIONS OF THE DECLARATION OF GLENN MAGNUSON**<br><br>Date: April 21, 2008<br>Time: 2:00 p.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |
| AND RELATED COUNTERCLAIMS. | |

      Hologic hereby opposes SenoRx's objections and motion to strike portions of the Declaration[1] of Hologic's Senior Director of Product Marketing for its Interventional Breast Solutions Unit. Because SenoRx's motion relies only on inapplicable law, it should be denied.

---

[1] Declaration of Glenn Magnuson In Support of Plaintiffs' Motion For Preliminary Injunction ("Magnuson Declaration")

Plaintiffs' Opposition to Objections and Motion to
Strike Portions of Magnuson Decl.
Case No. C08 00133 RMW (RS)

- 1 -

**ARGUMENT**

SenoRx's motion is fatally flawed; it has failed to apply the evidentiary standards applicable in the preliminary injunction context. Rather than rely on standards applicable to preliminary injunctions, SenoRx cites Federal Rule of Civil Procedure 56(e), pertaining to declarations in the summary judgment context. Indeed, SenoRx cites Rule 56(e) no less than *eight times* in its six-page motion and *every one of the cases* it cites in its motion also pertain to summary judgment. However, the requirements of Rule 56(e) are inapplicable in the preliminary injunction context. *See, e.g.*, *Arthur J. Gallagher & Co., Inc. v. Edgewood Partners Ins. Center*, No. C 07-06418 JSW, 2008 WL 205274, *2 n.3 (N.D. Cal. Jan. 23, 2008) ("[O]n an application for TRO or preliminary injunction, affidavits need not meet the standards set forth in Federal Rule of [Civil Procedure] 56(e) or the Federal Rules of Evidence."). Thus, SenoRx's attempt to raise technicalities in Mr. Magnuson's declaration fails. His statements are reliable and should properly be considered as evidence of the irreparable harm SenoRx will cause to the market if its infringement is not enjoined.

**A. The Authorities SenoRx Relies on Are Not Applicable to Preliminary Injunctions**

SenoRx's reliance on FRCP 56(e) and cases interpreting that standard is misplaced. Declarations having the form and content of Mr. Magnuson's, are "both customary and appropriate" in the context of preliminary injunction proceedings and "need not meet the standards of Fed. R. Civ. P. 56(e) or of the Federal Rules of Evidence." *Bracco v. Lackner*, 462 F. Supp. 436, 442 (N.D. Cal. 1978). This relaxation of the rules otherwise applicable to dispositive motions and trial is due to the limited time period for gathering evidence and the urgency of the matter. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1988) ("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial.").

Besides urgency, other reasons permit relaxation of evidentiary standards in the preliminary injunction context. For example, a preliminary injunction is non-final and preserves the status quo to prevent irreparable harm, whereas summary judgment is a substitute for trial and results in a final judgment. 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 2949 (4th ed.).

This is another reason that preliminary injunctions are "customarily granted on the basis of procedures that are less formal and on evidence that is less complete than a trial on the merits." *Univ. of Texas v. Coenisch*, 451 U.S. 390, 395 (1981). In sum, SenoRx's arguments for striking portions of Mr. Magnuson's declaration should be rejected.

### B. Mr. Magnuson's Statements Show the Irreparable Harm SenoRx Will Cause to the Market by Its Continuing Infringement and Should Be Considered

SenoRx's arguments can be divided into two categories. The first category is that certain statements in Mr. Magnuson's declaration are based on hearsay, rendering them inadmissible. The second category is that other statements are beyond Mr. Magnuson's personal knowledge. Without engaging SenoRx in a debate as to the admissibility of Mr. Magnuson's statements at trial—a standard inapplicable here—Mr. Magnuson's declaration is as a whole reliable and should be considered by the Court in its decision on Hologic's preliminary injunction motion.[2]

#### 1. The Statements Regarding SenoRx's Predatory Pricing Are Reliable

SenoRx contends that statements included at paragraphs 19 and 21 of Mr. Magnuson's declaration are hearsay that must be stricken from the declaration. SenoRx is wrong. First, assuming *arguendo*, that these two paragraphs include hearsay, hearsay may be considered in the preliminary injunction context. *Arthur J. Gallagher*, 2008 WL 205274 at *2 n.3. Second, not only can his statements be considered, they are reliable evidence of SenoRx's attempts to increase price competition.

Mr. Magnuson is responsible for all marketing efforts with respect to Hologic's MammoSite® Radiation Therapy System. Magnuson Decl. ¶ 3. His job requires extensive knowledge of the market as it pertains to the MammoSite® product line. *Id.* As part of his job responsibilities, Mr. Magnuson has spoken with physicians, and Hologic's sales representatives and managers about SenoRx's pricing

---

[2] For example, it is questionable as to whether the statement in paragraph 19 of Mr. Magnuson's declaration is hearsay; REDACTED Magnuson Decl. ¶ 19. Mr. Magnuson works for Hologic and accordingly may speak knowledgeably as to the company's belief in this regard.

of Contura. Ex. A[3] at 141:19-142:18; 143:7-12. REDACTED *Id.* at 142:19-23. REDACTED *Id.* at 144:2-9, 145:3-11; *cf.* Magnuson Decl. ¶ 19. Mr. Magnuson's statements regarding SenoRx's pricing are properly considered as part of Hologic's knowledge and understanding of SenoRx's attempts to irreparably change the market. Therefore, SenoRx's motion to strike statements in paragraphs 19 and 21 of Magnuson's declaration should be denied.

### 2. Mr. Magnuson's Has Broad Knowledge About the Relevant Products and Markets

Continuing to apply law inapplicable in the preliminary injunction context, SenoRx argues that Mr. Magnuson has made several statements that lie beyond his personal knowledge. First, SenoRx contends that Mr. Magnuson is not competent to make statements about MammoSite® in relation to the patents-in-suit. SenoRx's Obj. & Mot. To Strike at 3-4. Mr. Magnuson's broad knowledge of the MammoSite® products was evident from his deposition. *See, e.g.*, Ex. A at 34:13-35:1 (discussing use of the MammoSite), 50:1-9; 50:21-51:12 (discussing radiation dosing considerations using MammoSite). That Mr. Magnuson is not a radiologist, surgeon, or a patent attorney is not relevant. What is relevant is that Mr. Magnuson has adequate knowledge about interstitial brachytherapy due to his experience with the MammoSite® products to offer the statements contained in paragraphs 8 and 11.

### 3. SenoRx's Arguments Regarding Mr. Magnuson's Alleged Speculation Are Also Misplaced in the Preliminary Injunction Context

SenoRx attacks three types of statements in Mr. Magnuson's declaration as being too speculative to consider. These statements pertain to: (1) the Accelerated Partial Breast Irradiation ("APBI") market; (2) why doctors may not use MammoSite® when compared to other treatments; and

---

[3] Unless otherwise noted, all cited Exhibits refer to Exhibits attached to the Declaration of Katharine L. Altemus In Support of Plaintiff Hologic's Opposition To Objections And Motion To Strike Certain Portions Of The Declaration Of Glenn Magnuson ("Altemus Decl.").

(3) SenoRx's reputation. However, in each instance, Mr. Magnuson is competent to provide the facts set forth in his declaration and those facts are reliable.

*First*, with respect to Mr. Magnuson's statements regarding the APBI market included at paragraphs 18 and 23 of his declaration, his inability to accurately forecast precisely what will happen when SenoRx continues its infringement and further diminishes Hologic's ability to set prices underscores the irreparable harm to Hologic. *See Pharmacia & Upjohn Co. v. Ranbaxy Pharms., Inc.*, 274 F. Supp. 2d 597, 614 (D.N.J. 2003) ("This projected harm is expected to take the form of . . . irretrievable price and market erosion for the patented product, loss of current research opportunities resulting from loss of funding, and the *speculative nature of damage assessments*." (emphasis added)). Mr. Magnuson's statements are not uninformed; he has had significant on-the-job experience with MammoSite® and has educated himself about Hologic's competitors. This includes attending internal training, trade shows, and meeting with physicians. Ex. A at 12:20-13:3.

*Second,* Mr. Magnuson is competent to provide facts regarding why he believes some physicians have not used MammoSite®. As SenoRx learned during Mr. Magnuson's deposition, Mr. Magnuson is familiar with the results of various surveys of surgeons and radiation oncologists conducted by Hologic. Ex. A at 68:11-21. During that deposition, Mr. Magnuson REDACTED *Id.* at 73:9-74:5. Informed by these studies, Mr. Magnuson is competent to testify why he believes that certain physicians have not used MammoSite®, and why he, in his role as the Senior Director of Product Marketing, believes that the MammoSite® is becoming more widely prescribed.

*Third*, Mr. Magnuson is competent to state what he believes SenoRx's reputation is in the market. As someone who is charged with the responsibility of overseeing the marketing of the MammoSite® product—the same product market SenoRx has directed its marketing of the Contura toward—Mr. Magnuson is fully competent to share his knowledge about SenoRx's reputation. Magnuson Decl. ¶¶ 6, 16.

1  With respect to all of the above statements, the underlying knowledge and information was acquired by Mr. Magnuson in the regular course of business and through the performance of his job duties as the Senior Director of Product Marketing for MammoSite®. This context imbues the statements with a sufficient degree of trustworthiness and reliability for them to be considered by the Court.

## CONCLUSION

SenoRx is mistaken in arguing that the rigorous requirements of Rule 56(e) are applicable to Mr. Magnuson's declaration. In ruling on Hologic's motion for a preliminary injunction, the Court can consider evidence that may not be admissible at trial or appropriate at the summary judgment stage. Moreover, as Hologic has demonstrated, Mr. Magnuson's statements are factually reliable and can properly be considered. Thus, SenoRx's motion should be denied.

Dated: April 7, 2007

HOWREY LLP


By:    /s/
     Katharine L. Altemus


HOWREY LLP
Attorneys for Plaintiffs
Hologic, Inc., Cytyc Corporation,
 and Hologic LP