1   F.T. Alexandra Mahaney, State Bar No. 125984
    WILSON SONSINI GOODRICH & ROSATI
2   Professional Corporation
    12235 El Camino Real, Suite 200
3   San Diego, CA  92130
    Telephone:  (858) 350-2300
4   Facsimile:  (858) 350-2399
    Email:  amahaney@wsgr.com

5   Bruce R. Genderson (*admitted pro hac vice*)
6   Aaron P. Maurer (*admitted pro hac vice*)
    Rachel Shanahan Rodman (*admitted pro hac vice*)
7   Adam D. Harber (*admitted pro hac vice*)
    WILLIAMS & CONNOLLY LLP
8   725 Twelfth St. NW
    Washington, DC 20005
9   Telephone:  (202) 434-5000
    Facsimile:  (202) 434-5029
10

11  Attorneys for Defendant and Counterclaimant
    SENORX, INC.

12

13              IN THE UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16  HOLOGIC, INC., CYTYC CORP., and      )   CASE NO.:  08-CV-0133 RMW
    HOLOGIC L.P.,                        )
17                                       )   **DEFENDANT SENORX, INC.'S**
            Plaintiffs,                  )   **NOTICE OF MOTION AND**
18                                       )   **MOTION TO DISMISS AND**
        v.                               )   **MEMORANDUM OF POINTS AND**
19                                       )   **AUTHORITIES IN SUPPORT**
    SENORX, INC.,                        )   **THEREOF**
20                                       )
            Defendant.                   )   REDACTED VERSION
21                                       )
                                         )
22  ─────────────────────────────       )
    SENORX, INC.,                        )
23                                       )   Date:      June 6, 2008
            Counterclaimant,             )   Time:      9:00 a.m.
24                                       )   Ct. Rm:    Courtroom 6, 4th Floor
        v.                               )   Judge:     Hon. Ronald M. Whyte
25                                       )   Trial Date: Not yet set
    HOLOGIC, INC., CYTYC CORP., and      )
26  HOLOGIC L.P.,                        )
                                         )
27          Counterdefendants.           )
    ─────────────────────────────       )
28

NOTICE OF MOTION AND MOTION TO              CASE NO. 08-CV-0133 RMW
DISMISS

1

**TABLE OF CONTENTS**

2

3  MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

4  I.    INTRODUCTION.................................................................................................................2

5  II.   STATEMENT OF FACTS....................................................................................................2

6  III.  SUMMARY OF LEGAL STANDARDS GOVERNING THIS MOTION ........................5

7  IV.   ARGUMENT .......................................................................................................................6

8        A.   Plaintiffs' Lanham Act Claim Fails as a Matter of Law. .........................................6

9             1.   Plaintiffs Fail To Allege A Cognizable Claim of Falsity.............................6

10            2.   Plaintiffs' Claim That SenoRx Made Misleading Statements Is Not
11                 Plausible. ....................................................................................................13

      B.   The Court Lacks Jurisdiction To Consider Plaintiffs' State Law Claims. ............16
12
      C.   Plaintiffs' Claims Under the UCL and FAL Fail as a Matter of Law. ..................17
13
              1.   Plaintiffs' Lack Standing To Bring UCL and FAL Claims. .....................18
14
              2.   Plaintiffs Fail To State a Claim for Unfair Competition. ..........................19
15
              3.   Plaintiffs' Fail To State a Claim for False Advertising.............................21
16
17  V.    CONCLUSION ..................................................................................................................22

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

### **FEDERAL CASES**

3

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) .......................................... 11

4

*Autin v. Solvay Phram., Inc.*, No. 05-2213 MA/AN, 2006 WL 889423 4 (W.D. Tenn. Mar.

5
    31, 2006) ............................................................................................................................... 12

6

*Barr Labs, Inc. v. Quantum Mechanics, Inc.*, No. 90-CV-4406, 1994 WL 1743983

7
    (E.D.N.Y. Feb. 7, 1994) ....................................................................................................... 13

8

*Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635455 (N.D. Cal. May 8, 2000) .......... 5

9

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) .................................................................. 2, 5

10

*Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378 (4th Cir. 1995) ...................................................... 10

11

*Braintree Labs., Inc. v. NephroTech, Inc.*, No. 96-2459-JWL, 1997 WL 94237 (D. Kan.

12
    Feb. 26, 1997) ....................................................................................................................... 13

13

*Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685 (N.D. Cal. Oct. 31, 2006) ....................... 19

*Buchman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) ............................... 4, 8, 11, 14

14

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) ....................................................... 5

15

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) ..................................... 20

16

*Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) ............................... 17

17

*City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997) ............................................ 17

18

*CKE Rest. v. Jack in the Box, Inc.*, 494 F. Supp. 2d 1139 (C.D. Cal. 2007) ................................ 17

19

*Cleary v. News Corp.*, 30 F.3d 1255 (9th Cir. 1994) .................................................................. 17

20

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999) ................ 15

21

*Collegenet, Inc. v. XAP Corp.*, No. CV-03-1229-HU, 2004 WL 2303506 (D. Or. Oct. 12,

22
    2004) ....................................................................................................................................... 5

23

*Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118 (N.D. Cal. 2003) ................................ 7

24

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242 (9th Cir. 1990) ......... 6

25

*Creagri, Inc. v. USANA Health Sci.*, No. 03-3216 MMC, 2005 WL 181886 (N.D. Cal. Jan.

26
    26, 2005) ............................................................................................................................... 12

27

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143 (9th Cir. 1996) ................................ 17

28

NOTICE OF MOTION AND MOTION TO
DISMISS
          ii
          CASE NO. 08-CV-0133 RMW

*Dial A Car, Inc. v. Transp., Inc.*, 82 F.3d 484 (D.C. Cir. 1996) ........................................ 8

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) ............................................. 5

*Ethex Corp. v. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048 (E.D. Mo. 2002) ................. 13

*Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965 (C.D. Cal. 2006) ................................ 19

*Faigman v. AT & T Mobility LLC*, NO. C 06-04622 MHP, 2007 WL 2088561 (N.D. Cal. Jul 18, 2007) ...................................................................................................... 5

*Freecycle Network, Inc. v. Oey*, 505 F.3d 898 (9th Cir. 2007) .......................................... 6

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) ....................................................... 15

*Global Maintech Corp. v. AIG Techs., Inc.*, No. Civ. 04-4638(JNE/SRN), 2006 WL 354224 (D. Minn. Feb. 15, 2006) ........................................................................... 16

*Hartless v. Clorox Co.*, No. Civ. 06CV2705JAHCAB, 2007 WL 3245260 4 (S.D. Cal. Nov. 2, 2007) ............................................................................................... 17

*In re Pomona Valley Med. Group*, 476 F.3d 665 (9th Cir. 2007) ..................................... 19

*Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048 (9th Cir. 2007) ......................... 11

*Ironworkers Local Union No. 68 and Participating Employers Health and Welfare Fund v. Amgen, Inc.*, No. CV 07-5157 PSG (C.D. Cal. Jan. 22, 2008) .................................. 19

*Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866 (9th Cir. 2002) ................... 17

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002) ........................ 6

*Kincer v. Danek Medical, Inc.*, No. 96-3240, 1999 WL 1866402 (W.D. Tenn. Apr. 19, 1999) ..................................................................................................... 15

*Kinderstart.com LLC v. Google, Inc.*, NO. C06-2057JFRS, 2007 WL 831806 (N.D. Cal. Mar. 16, 2007) ....................................................................................... 20

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................... 20

*Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163 (9th Cir. 2002) ........................................... 16

*Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402 (SDNY 2006) ............ 12

*Merrell Dow Pharm. v. Thompson*, 478 U.S. 804 (1986) ............................................... 16

*Microthin.com, Inc. v. Siliconezone USA, LLC*, NO. 06 C 1522, 2006 WL 3302825 (N.D. Ill. Nov. 14, 2006) ................................................................................... 16

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, NO. C 04-2000 CW (N.D. Cal. Mar. 14, 2007) ......................................................................................... 18

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993) .......................................................... 12

*Neu v. Terminix Int'l., Inc.*, No. C 07-6472 CW, 2008 WL 962096 (N.D. Cal. Apr. 8, 2008) ............................................................................................................................... 20

*Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008) .............................. 16

*Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314 (Fed. Cir. 2003) ........................................... 16

*Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, No. CV07-3880PSGAGRX, 2007 WL 4144892 (C.D. Cal. Nov. 13, 2007) ......................................... 19

*Papasan v. Allain*, 478 U.S. 265 (1986).......................................................................................... 5

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105 (2d Cir. 1997) ..................................................... 12

*Philips Med. Capital, LLC v. Med. Insights Diagnostics Ctr., Inc.*, 471 F. Supp. 2d 1035 (N.D. Cal. 2007) ................................................................................................................. 19

*Photomedex, Inc. v. RA Med. Sys., Inc.*, No. 04CV24 JLS (CAB), 2007 WL 3203039 (S.D. Cal. Oct. 29, 2007) ............................................................................................................ 12

*RA Med. Sys. Inc. v. Photomedex, Inc.*, No. 06CV1479JLS CAB, 2007 WL 3203033 (S.D. Cal. Oct. 29, 2007) ........................................................................................................... 17

*Rice v. Fox Broad. Co.*, 330 F.3d 1170 (9th Cir. 2003) .................................................................. 6

*Rita Med. Sys., Inc. v. Resect Med., Inc.*, No. C 05-03291 WHA, 2006 WL 2038328 (N.D. Cal. Jul. 17, 2006) ............................................................................................................ 8, 12

*Sandoz Phram. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222 (3d Cir. 1990) ...................... 8, 12

*Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharm., Inc.*, No. 07-CV-642, 2008 WL 582738 (E.D. Wis. Feb. 29, 2008) ............................................................................. 12

*Schwartz v. KPMG LLP*, 476 F.3d 756 (9th Cir.2007) ................................................................. 21

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, NO. C07-00554JSW, 2007 WL 2122638 (N.D. Cal. Jul. 23, 2007) ................................................................................... 19

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997) .......................... 6, 7, 10

*Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992 (N.D. Cal. 2007) ............................................. 5

*Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803 (S.D. Ind. 1998) ..................................... 17

*United Food & Commercial Workers Cent. PA & Reg'l Health & Welfare Fund v. Amgen, Inc.*, No. CV07-3623PSGAGRX, 2007 WL 4144676 (C.D. Cal. Nov. 13, 2007) ................ 19

*United States v. Prigmore*, 243 F.3d 1 (1st Cir. 2001) ................................................................. 11

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .................................................................. 3

*Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir. 1987) .......................................................... 16

*Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097 (9th Cir. 2003) ................................................... 5, 20, 21

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*, No. C-04-1946 VRW, 2007 WL 1302980
    (N.D. Cal. May 3, 2007) ........................................................................................................ 17

*Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168 (E.D. Cal. 2007) ....................................... 18

*Washington Legal Found. v. Friedman*, 13 F. Supp. 2d 51 (D.D.C. 1998), *vacated in part*
    *on other grounds*, 202 F.3d 331 (D.C. Cir. 2000) ........................................................... 7, 14, 15

*Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078 (9th Cir. 2007) ................................... 16

*Weinstein v. Saturn Corp.*, NO. C-07-0348 MMC, 2007 WL 1342604 (N.D. Cal. May 8,
    2007) .................................................................................................................................... 21

*Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir. 1987) ..................................................7

*Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090 (9th Cir. 2004) ................................. 13, 14

**STATE CASES**

*CA for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 46 Cal.Rptr.3d 57, 138 P.3d
    207 (2006) ............................................................................................................................ 18

*Cel-Tech Commc'n, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d
    548, 973 P.2d 527 (Cal. 1999) ............................................................................................ 20

*Hall v. Time Inc.*, 158 Cal.App.4th 847, 70 Cal.Rptr.3d 466 (Ct. App. 2008) ...................... 18, 20

*In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 72 Cal. Rptr. 3d 112, 175 P.3d 1170
    (2008) ................................................................................................................................... 17

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d
    937 (2003) ....................................................................................................................... 18, 19

*Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 129 Cal.Rptr.2d 486 (Cal. Ct. App.
    2003) .................................................................................................................................... 21

*Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 85 Cal.Rptr.2d 18 (1999)
    (California statutes will normally not be interpreted to "have force or operation beyond
    the boundaries of the state.") .............................................................................................. 18

**FEDERAL STATUES AND REGULATIONS**

21 U.S.C. § 33(f)(1)(A) ..............................................................................................................8

21 U.S.C. § 222(a) ......................................................................................................................8

21 U.S.C. § 332 ..........................................................................................................................8

NOTICE OF MOTION AND MOTION TO
DISMISS
       v
           CASE NO. 08-CV-0133 RMW

21 U.S.C. § 334(a)(2)(D) ............................................................ 8

21 U.S.C. § 337(a) ...................................................................... 8

21 U.S.C. § 360c(f)(1)(A)(ii) ....................................................... 3

21 U.S.C. § 363c(i)(1)(A)(ii) ...................................................... 11

21 U.S.C. § 372 .......................................................................... 8

21 U.S.C. § 393(b)(1), (b)(2)(C) .................................................. 3

21 U.S.C. § 396 ......................................................................... 14

28 U.S.C. § 1331 ....................................................................... 16

21 U.S.C.A. § 360aaa ................................................................ 15

21 U.S.C.A. § 360aaa-6 ............................................................. 14

Lanham Act, 15 U.S.C. § 1125 ............................................... 1, 4

§ 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) ............ 6, 8

21 C.F.R. 807.81 ....................................................................... 11

21 C.F.R. § 10.30 ....................................................................... 8

21 C.F.R. § 201.57 .................................................................... 10

21 C.F.R. § 807.81 .................................................................... 12

21 C.F.R. § 807.81(a)(3) ............................................................ 12

71 Fed. Reg. 3922, 2934 ........................................................... 11

71 Fed. Reg. 3922, 2934, 3935 ................................................. 11

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................... 17

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ............................... 1, 4

Cal. Bus. & Prof. Code §§ 17204 & 17535 ............................... 18

Cal. Bus. & Prof. Code § 17500 ............................................... 21

Cal. Bus & Prof. Code §§ 17500 *et seq.* ................................ 1, 4

1

## OTHER AUTHORITIES

S. REP. NO. 105-43, 105th Cong., 1st Sess. 27 (1997) ................................................................. 10

1      <u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

3              PLEASE TAKE NOTICE that on June 6, 2008 at 9:00 a.m., or as soon thereafter as this

4      motion may be heard, Defendant SenoRx, Inc. ("SenoRx") will move to dismiss with prejudice the

5      claims based on the Lanham Act, 15 U.S.C. § 1125 and California's Unfair Competition Law, Cal.

6      Bus. & Prof. Code §§ 17200 *et seq.*, and False Advertising Law, Cal. Bus & Prof. Code §§ 17500

7      *et seq.* set forth in the First Amended Complaint ("FAC"). This motion is made under Federal

8      Rule of Civil Procedure 12(b)(1) and 12(b)(6). SenoRx moves to dismiss with prejudice the

9      Fourth through Sixth Causes of Action on the ground that the FAC fails to state a claim upon

10     which relief may be granted because, *inter alia*, Plaintiffs are not permitted to assert such claims in

11     an effort to interpret and enforce the Federal Food, Drug, and Cosmetic Act ("FDCA"). SenoRx

12     further moves to dismiss the Fifth and Sixth Causes of Action on the grounds that Plaintiffs lack

13     standing to bring them. This motion is based on this Notice of Motion and Motion, the

14     accompanying Memorandum of Points and Authorities, Request for Judicial Notice, and

15     Declaration, the pleadings on file, oral argument of counsel, and such other materials and

16     argument as may be presented in connection with the hearing on the motion.

17                              <u>**STATEMENT OF ISSUES**</u>

18             1.      Does the FAC state a legally cognizable claim under the Lanham Act, 15 U.S.C. §

19     1125;

20             2.      Does the FAC state a legally cognizable claim under California's Unfair

21     Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and if so, do Plaintiffs have standing

22     to maintain such a claim; and

23             3.      Does the FAC state a legally cognizable claim under California's False Advertising

24     Law, Cal. Bus & Prof. Code §§ 17500 *et seq.*, and if so, do Plaintiffs have standing to maintain

25     such a claim.

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3

This is an ordinary patent dispute between sophisticated manufacturers of medical devices.

4    Yet, Plaintiffs have recast their patent dispute into a series of scantily-pled federal and state unfair

5    competition claims.  The factual predicate alleged for these claims is exceedingly thin, consisting

6    of little more than "labels and conclusions, and a formulaic recitation of the elements of cause[s]

7    of action."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1959  (2007).  The legal predicate for

8    Plaintiffs' claims is similarly lacking.  Plaintiffs may not rely on unfair competition claims to

9    interpret and enforce the FDCA, and its corresponding regulatory scheme for the marketing and

10   approval of medical devices.  Plaintiffs also lack standing to bring such claims under the guise of

11   state unfair competition claims.  As such, even at this early stage in the case, Plaintiffs' unfair

12   competition claims should be dismissed.  *See id.* (deficiencies in the complaint should "be exposed

13   at the point of minimum expenditure of time and money by the parties and the court").

14

**II.    STATEMENT OF FACTS**

15

The current dispute involves the marketing and approval of medical devices used in

16   balloon brachytherapy.  Balloon brachytherapy is a safe and effective method for treating early-

17   stage breast cancer.  It involves delivery of radiation from a medical device implanted in the

18   breast cavity.  *See* FAC ¶ 13.  "Owing to the proximity of the radiation source, brachytherapy

19   offers the advantage of delivering a more localized dose to the target tissue region."  FAC,

20   Exhibit ("Ex.") B at 7.

21

Plaintiffs manufacture and sell a balloon brachytherapy device known as the

22   MammoSite® Radiation Therapy System ("MammoSite").  *See* FAC ¶ 11.  The device consists

23   of a double-lumen catheter embedded in an inflatable balloon.  The device must be implanted

24   into the breast cavity.  Following implantation, the first lumen inflates the balloon with sterile

25   water and contrast material.  The expansion of the balloon fills the surgical cavity and

26   compresses the surrounding breast tissue.  The second lumen then delivers a high dose of

27   radiation, irradiating cancerous tissue.

28

1      Because the MammoSite has only one lumen capable of delivering radiation, there are

2      inherent limitations in its use.  For example, the MammoSite cannot deliver radiation to

3      cancerous tissue in close proximity to the skin or ribs.  The instruction for use ("IFU") that

4      accompany the MammoSite state:  "Do not deliver radiation if the minimum distance from the

5      balloon surface to the skin surface is less than 5 mm. . . ."  FAC, Ex. E at 7.[1]  The IFU also warns

6      physicians that "a minimum distance of 7 mm from balloon surface to skin surface is

7      recommended."  *Id.; see also id.* at 27-31.  Therefore, once implanted, the MammoSite may

8      become unsuitable for treatment and must be explanted because of inadequate tissue thickness.

9      Recognizing a business opportunity in this and other inherent limitations in the

10     MammoSite, SenoRx developed the Contura™ Multi-Lumen Balloon ("Contura").  Unlike the

11     MammoSite, the Contura has multiple lumens capable of delivering radiation.  *See* FAC ¶ 24.

12     These lumens enable physicians to more precisely deliver radiation to cancerous tissue, and

13     thereby prescribe balloon brachytherapy to a larger patient population.

14     Before the Contura could be prescribed for human use, SenoRx was obligated to obtain

15     approval from the United States Food & Drug Administration ("FDA").  The FDA is charged

16     with "promot[ing] the public health by promptly and efficiently . . . taking appropriate action on

17     the marketing of regulated products in a timely manner" and "protect[ing] the public health by

18     ensuring . . . the safety and effectiveness of devices intended for human use."  21 U.S.C. §

19     393(b)(1), (b)(2)(C).  In this capacity, the FDA regulates and must approve the introduction of all

20     new medical devices.  *Id.* § 360e.

21     Manufacturers intending to market a medical device must first obtain pre-market

22     approval.  Since 1976, it has been unlawful to sell a new medical device without FDA approval.

23     However, the Medical Device Amendments ("MDA") to the FDCA have grandfather provisions

24     covering devices lawfully sold on or before May 28, 1976, that are "substantially equivalent" to

25

26     _____

       [1]  The Court may consider documents attached to complaint or documents incorporated by reference in the

27     complaint without converting motion to dismiss into one for summary judgment.  *See United States v. Ritchie*, 342
       F.3d 903, 908 (9th Cir. 2003).

28

1    them. 21 U.S.C. § 360c(f)(1)(A)(ii). "Substantial equivalence" means, *inter alia*, that a device

2    "has the same intended use as the predicate device" and the device, even with different

3    technological characteristics, "is as safe and effective as a legally marketed device." *Id.* §

4    363c(i)(1)(A)(ii). These provisions "set forth a comprehensive scheme for determining whether

5    an applicant has demonstrated that a product is substantially equivalent to a predicate device."

6    *Buchman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 348 (2001).

7            Relying on the FDCA grandfather provisions, SenoRx asked the FDA to approve the

8    Contura because it is "substantially equivalent" to two other predicate brachytherapy devices,

9    one of which was the MammoSite. *See* FAC ¶ 19. The FDA considered SenoRx's request, and

10   approved the Contura for use in brachytherapy on May 23, 2007. *See id.* ¶ 20. Like the

11   MammoSite, the approved indications for the Contura provide the device "is intended to provide

12   brachytherapy when the physician chooses to deliver intercavity radiation to the surgical margins

13   following lumpectomy for breast cancer." *See id.* Ex. D at 6 (Contura indications for use); *see*

14   *also id.* Ex. E at 7 (MammoSite indications for use). However, unlike the MammoSite device,

15   the FDA did not require SenoRx to include a contraindication that precludes the delivery of

16   radiation "if the minimum distance from the balloon surface to the skin surface is less than 5

17   mm. . . ." FAC, Ex. E at 7.

18           After receiving FDA approval, SenoRx began its commercial launch of the Contura. The

19   commercial launch was followed by Plaintiffs filing their current claims for unfair competition

20   under the Lanham Act, 15 U.S.C. § 1125 and California's Unfair Competition Law ("UCL"),

21   Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and False Advertising Law ("FAL"), Cal. Bus & Prof.

22   Code §§ 17500 *et seq.* The core allegation that underlies all of these claims is that SenoRx

23   fraudulently marketed the Contura by falsely implying the FDA approved the device for

24   brachytherapy treatment of "superficial excision margins in close proximity to the surface of the

25   skin." FAC ¶¶ 46, 59, 73; *see also id.* ¶¶ 51, 65, 79 (alleging that SenoRx makes misleading

26   representations "with the specific intent that these representations deceive and mislead

27   consumers and potential consumers of brachytherapy products"); *id.* ¶ 71 (alleging that "SenoRx

28

1    purposefully and intentionally engaged in unfair, deceptive, untrue, and/or misleading

2    advertising").

3        Plaintiffs' unfair competition claims are based on a series of inaccurate allegations about

4    SenoRx's marketing of the Contura, as well as erroneous notions about FDA's approval of the

5    device.[2]  For the purpose of this motion only, however, Plaintiffs' factual contentions are

6    assumed to be correct.  Even with these assumptions, Plaintiffs' claims are legally barred, *see*

7    Fed. R. Civ. P. 12(b)(6), and Plaintiffs lack standing to bring them, *see* Fed. R. Civ. P. 12(b)(1).

8    **III.    SUMMARY OF LEGAL STANDARDS GOVERNING THIS MOTION**

9        In deciding a motion under Rule 12(b)(6), "all material allegations of the complaint are

10   accepted as true, as well as all reasonable inferences to be drawn from them."  *Cahill v. Liberty*

11   *Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  However, to survive a motion to dismiss, the

12   FAC must contain more than labels, legal conclusions, and a formulaic recitation of a cause of

13   action's elements.  *Bell Atlantic Corp.*, 127 S.Ct. at 1959; *Papasan v. Allain*, 478 U.S. 265, 286

14   (1986).  Additionally, where as here, Plaintiffs claim SenoRx engaged in fraudulent marketing

15   practices, Federal Rule of Civil Procedure 9(b) requires them to plead facts concerning the alleged

16   fraud with specificity, including an account of the "time, place, and specific content of the false

17   representations as well as the identities of the parties to the misrepresentations."  *Edwards v.*

18   *Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted); *see also Vess v. Ciba-*

19   *Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (Rule 9(b) applies to "averments of fraud"

20   even if fraud is not an essential element of the claim and the claim is based on state law); *Stickrath*

21   *v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997(N.D. Cal. 2007) (applying 9(b) to false advertising

22   claim); *Faigman v. AT & T Mobility LLC*, NO. C 06-04622 MHP, 2007 WL 2088561, *3 (N.D.

23   Cal. Jul 18, 2007) (applying 9(b) to unfair competition claim); *Collegenet, Inc. v. XAP Corp.*, No.

---

[2]  Because a partial motion to dismiss extends the time to answer, SenoRx has not answered Plaintiffs' patent law claims.  *See Pestube Sys., Inc. v. HomeTeam Pest Defense*, LLC., No. Civ-05-2832-PHX-MHM, 2006 WL 1441014, at *7 (D. Ariz. May 24, 2006) (pending motion to dismiss tolls the time to time to respond to all claims); *Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635455, at *5 (N.D.Cal. May 8, 2000) (Defendant not required to file answer to claims it was not moving to dismiss while motion to dismiss is pending).

CV-03-1229-HU, 2004 WL 2303506, *4 (D. Or. Oct. 12, 2004) (applying Rule 9(b) to a Lanham Act claim); *Accord Nat'l Ass'n for Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). Here, Plaintiffs fail to satisfy these pleading requirements.

## IV.    ARGUMENT

### A.    Plaintiffs' Lanham Act Claim Fails as a Matter of Law.

Plaintiffs wrongly claim SenoRx engaged in false and deceptive advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).  FAC ¶ 52.  Section 43(a) authorizes suit against those who make false and deceptive statements in a commercial advertisement about their own or plaintiff's product.  *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990).  To maintain such a claim, Plaintiffs must establish: (1) SenoRx made false statements of fact when it advertised the Contura; (2) SenoRx's statements deceived or had the tendency to deceive a substantial segment of SenoRx's audience; (3) the deception was material; (4) SenoRx caused its false statements to enter interstate commerce; and (5) Plaintiffs have been or are likely to be injured.  *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 834 n.4 (9th Cir. 2002) (citations omitted); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003).  Plaintiffs do not, and cannot allege, *inter alia*, the first and second elements.

#### 1.    Plaintiffs Fail To Allege A Cognizable Claim of Falsity.

To allege falsity, Plaintiffs must identify the purportedly false statements and show those statements are either literally false or, if true, likely to mislead or confuse consumers.  *See Southland Sod Farms*, 108 F.3d at 1139.  Plaintiffs attempt to satisfy that obligation by alleging SenoRx asserts in its customer presentations that "the Contura™ Multi-Lumen Balloon is superior to the MammoSite® Applicator radiation treatment of surgical margins in close

proximity to (at, for example, less than 5 mm from) the surface of the skin." *Id.* ¶¶ 44, 45, 46.[3]

However, the only statements Plaintiffs identify to support that allegation are contained in a

document attached to the FAC as Exhibit G. *See id.* ¶¶ 44, 45, 58, 59, 72, 73, 78, 79. Plaintiffs

claim "on information and belief," that SenoRx relies on statements contained in Exhibit G to

compare the MammoSite® Applicator and the Contura™." FAC ¶ 44. As an initial matter,

Plaintiffs' allegation is insufficient, as allegations of fraud based on information and belief

usually do not satisfy the degree of particularity required under Rule 9(b). *See Wool v. Tandem

Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987); *Competitive Techs. v. Fujitsu Ltd.*, 286 F.

Supp. 2d 1118, 1148 (N.D. Cal. 2003). Moreover, Exhibit G references the MammoSite in only

two places. It states: (1) "2mm Contura skin distance gets about the same dose as 8mm skin

distance (MammoSite);" and (2) "3mm skin bridge: still getting 112% dose: Equivalent to 9mm

skin (MammoSite)." Ex. G at 12, 15 (parenthesis in original).[4]

    Plaintiffs do not allege these statements are literally false. Nor do they allege SenoRx

affirmatively stated the FDA approved the Conutra for such uses. Rather, Plaintiffs argue

SenoRx "has no brachytherapy device which is FDA cleared or approved for treatment of

superficial excision margins in close proximity to the surface of the skin." FAC ¶ 46.

Consequently, Plaintiffs reason the statements contained in Exhibit G are misleading because

they (1) imply SenoRx has obtained the requisite FDA approval; or (2) omit that SenoRx lacks

such approval. *See* FAC ¶¶ 46, 47; *see also id.* ¶ 48 (SenoRx's statements will "confuse and

mislead, a substantial number of persons . . . into believing . . . the Contura™ Multi-Lumen

---

[3] "[A]dvertising which merely states in general terms that one product is superior is not actionable." *Cook, Perkiss & Liehe, Inc. v. Northern Ca. Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990); *see also Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 904 (9th Cir. 2007) ("Statements of opinion are not generally actionable under the Lanham Act."(quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999))).

[4] To the extent Plaintiffs claim SenoRx's advertisements explicitly or implicitly asserts a claim of product superiority based on scientifically reliable data, Plaintiffs have not identified any such claims or data. *See* FAC ¶¶ 45, 59, 73. Moreover, Plaintiffs base their claims of unsubstantiated data on their belief that SenoRx has not received FDA clearance or approval for the Contura to be used to treat skin distances of less than 5 mm. *See id.* ¶¶ 46, 60, 74.

1    Balloon is FDA cleared and/or approved for administration of radiation treatment to superficial

2    resection cavities near the surface of the skin").[5]

3        The FDA approval SenoRx allegedly lacks can be obtained pursuant to (and only because

4    of) FDCA and FDA regulations.  Where, as here, Plaintiffs' allegations of implied falsity depend

5    on an application or interpretation of those regulations, their Lahman Act claim cannot stand.

6    The Lanham Act simply does not provide Plaintiffs with a vehicle for enforcing FDCA and FDA

7    regulations.  Rather, "[t]he FDCA leaves no doubt that it is the Federal Government rather than

8    private litigants who are authorized to file suit for noncompliance with the medical device

9    provisions: '[A]ll such proceedings for the enforcement, or to restrain violations, of this chapter

10   shall be by and in the name of the United States.'" *Buchman Co.*, 531 U.S. at 349 n.4 (quoting 21

11   U.S.C. § 337(a)).

12       To that end, Congress vested the FDA and the United States Department of Justice

13   ("DOJ") with a variety of enforcement options that allow a measured response to regulatory

14   violations.  For instance, the FDA and DOJ are empowered to investigate suspected FDCA

15   violations, including off labeled promotion, *see* 21 U.S.C. § 372, and private citizens may report

16   such wrongdoing and petition the FDA to take action.  *See* 21 C.F.R. § 10.30; *see Sandoz Phram.*

17   *Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 n.10 (3d Cir. 1990) (Plaintiff is "free to

18   petition the FDA to investigate . . . alleged labeling violations") (citations omitted).  The FDA

19   and DOJ, in turn, may respond to improper labeling or promotion by seeking injunctive relief, 21

20   U.S.C. § 332, and civil penalties, 21 U.S.C. § 33(f)(1)(A); seizing the device, 21 U.S.C. §

21   334(a)(2)(D); and pursuing criminal sanctions, 21 U.S.C. § 222(a).  "This flexibility is a critical

22   component of the statutory and regulatory framework under which the FDA pursues difficult

23   (and often competing) objectives" pertaining to the approval, use, promotion, and labeling of

24   medical devices.  *Buchman Co.*, 531 U.S. at 349.

25   _____

26   [5] Plaintiffs wrongly equate lack of approval with disapproval.  *See Washington Legal Found. v. Friedman*, 13 F.
     Supp. 2d 51, 67 (D.D.C. 1998) ("[t]he fact that [a use] is not an approved indication should not be viewed as some
27   sort of determination by FDA that the use is inappropriate or is ineffective."), *vacated in part on other grounds*, 202
     F.3d 331 (D.C. Cir. 2000)
28

NOTICE OF MOTION AND MOTION TO        -8-              CASE NO. 08-CV-0133 RMW
DISMISS

1    Plaintiffs cannot displace the FDCA's and FDA's statutory and regulatory framework for

2    medical devices through § 43(a) of the Lanham Act.  *See, e.g., Dial A Car, Inc. v. Transp., Inc.*,

3    82 F.3d 484, 490 (D.C. Cir. 1996) (Lanham Act cannot be used as "back-door method" of

4    interpreting and enforcing administrative regulations); *Sandoz Pharm. Corp.*, 902 F.2d at 228-29

5    ("[W]hat the [FDCA] . . . do[es] not create directly, the Lanham Act does not create indirectly.");

6    *Rita Med. Sys., Inc. v. Resect Med., Inc.*, No. C 05-03291 WHA, 2006 WL 2038328, at *3 (N.D.

7    Cal. Jul. 17, 2006) ("[T]he Lanham Act cannot be used as a circuitous route to challenge

8    determinations of the FDA.").  Yet that is precisely what Plaintiffs seek to do.  Among the issues

9    raised by Plaintiffs' Lanham Act claim are whether the FDA has approved the Contura for the

10   use described by Plaintiffs and, if not, whether SenoRx was obligated to file a new application

11   with the FDA before it could make statements contained in Exhibit G.  Essentially, Plaintiffs

12   complain about off label promotion, which is squarely within the enforcement authority of the

13   FDA and DOJ.

14       First, Plaintiffs' Lanham Act claim assumes the FDA did not "clear[] or approve[] [the

15   Contura] for treatment of superficial excision margins in close proximity to the surface of the

16   skin."  FAC ¶¶ 46, 47.  To support that assumption, Plaintiffs rely on the IFU for the Contura,

17   which allegedly "warns against specific use with a balloon surface-to-skin surface distance of

18   less than 5 mm." *Id.* ¶ 47.  Such reliance is misplaced.  The warning contained in the IFU reads:

19   "The breast cavity must be imaged *before implantation* to insure the applicator will fit

20   appropriately.  Do not use if the cavity is too small or if a skin surface to balloon surface distance

21   of less than 5 mm *will result*." *Id.*, Ex. F at 2 (emphasis added).  Fairly read, the warning

22   provides guidance to the surgeon at the time of applicator implantation.  During radiation

23   delivery, which may occur two to five days after implantation, the skin distance may fall below 5

24   mm due to tissue relaxation, balloon movement, etc.  With the Contura, physicians do not have

25   to explant the device, and may safely deliver radiation doses at skin distances below 5 mm.

26       Plaintiffs have a contrary view and interpret the warning expansively to prohibit not only

27   implantation of the Contura when a skin distance of less than 5 mm will result, but also to

28   prevent radiation doses from being applied to such skin distances.  Plaintiffs' expansive reading

1    of the IFU, however, ignores obvious technological differences between the Contura and the

2    MammoSite.  The MammoSite has only one lumen capable of delivering radiation.  *See* FAC,

3    Ex. E at 23.  In a single-lumen radiation device, the radiation dose to the skin has fixed radial

4    distance.  *See, e.g., id.*, Ex. A at 5 ("[I]t is possible to deliver a desired radiation dose at a

5    predetermined radial distance from a source of radioactivity").  For example, at 5 mm, the dose

6    to the skin is 143%.  *See id.*, Ex. E at 19.  The same is not true for multi-lumen devices.  Multi-

7    lumen devices offer the flexibility of dose control through multiple lumens.  *See id.*, Ex. G at 4.

8        Consequently, when it approved the Contura, the FDA did not require SenoRx to include

9    the contraindication contained in the MammoSite IFU, which precludes physicians from

10   "*deliver[ing] radiation* if the minimum distance from the balloon surface to the skin surface is

11   less than 5 mm." (emphasis added).  *Compar*e FAC, Ex. E. at 7 *with* FAC, Ex. F at 2; *see e.g.* 21

12   C.F.R. § 201.57 (contraindications "describe any situations in which the drug should not be used

13   because the risk of use (e.g., certain potentially fatal adverse reactions) clearly outweighs any

14   possible therapeutic benefit."); *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1386 n.5 (4th Cir.

15   1995) (a contraindication is a direction to the physician not to use the drug).

16       Because the MammoSite is contraindicated for radiation delivery to skin distances of less

17   than 5 mm and the Contura is not, Plaintiffs' reading of the Contura IFU to exclude such use is at

18   best subject to further FDA consideration, and at worst wrong.  *See Southland Sod Farms*, 108

19   F.3d at 1139 ("When evaluating whether an advertising claim is literally false, the claim must

20   always be analyzed in its full context.").  Nonetheless, Plaintiffs seek, *inter alia*, to have the

21   Contura removed from the market by asking the Court to second guess the FDA and interpret

22   and apply FDCA and FDA regulations consistent with their reading of the Contura IFU.

23       The Court should not do so.  The FDA has not yet issued guidance or otherwise resolved

24   the question raised by Plaintiffs' readings of the Contura label.[6]  ██████████████

25

26   _____

[6]  That is not to say the FDA interpreted the Contrua IFU as Plaintiffs suggest or failed to consider the appropriateness
27   of the Contura device for the described use.  For example, a congressional investigation into FDA procedures revealed
     that, "[o]ver the years, FDA has made premarket regulatory decisions based on uses for devices that are unrelated to
28   the intended uses set forth in labeling." *See* S. REP. NO. 105-43, 105th Cong., 1st Sess. 27 (1997).  The FDA's
                                                                        (continued...)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15



16        Second, Plaintiffs' Lanham Act claim alternatively assumes the Contura cannot be

17    marketed for radiation delivery for skin distances less than 5 mm unless and until SenoRx files a

18    new application for approval with the FDA. Once the FDA clears a medical device for sale, the

19    manufacturer may modify the device without obtaining additional approval. Modifications

20    encompass, *inter alia*, changes in the way a device is promoted. *See* 21 C.F.R. 807.81; *see also*

21    *United States v. Prigmore*, 243 F.3d 1, 20 (1st Cir. 2001) (manufacturer must take into account

22    _____

23        (...continued from previous page)

practice of informally reviewing uses other than those to be included on labeling invalidates any assumption that,

24    simply because a use does not appear on FDA labeling, a use has received no regulatory review.

25    [7]   The Court may consider ████████████████ without converting the motion into one for summary

judgment. *See Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("[a] court may take

26    judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary

judgment, as long as the facts noticed are not subject to reasonable dispute."); *see also Abrego Abrego v. The Dow*

27    *Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). ("a district court ruling on a motion to dismiss may consider a

document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies")*;*

28    *superseded by statute on other grounds by,* 443 F.3d 676, 681 (9th Cir. 2006).

NOTICE OF MOTION AND MOTION TO          -11-          CASE NO. 08-CV-0133 RMW
DISMISS

1    off label, though promoted uses in determining whether a modification affects safety or

2    effectiveness). Thus, if the statements contained in Exhibit G evidence unapproved uses of the

3    Contura, as Plaintiffs claim, it is not clear additional FDA approval is necessary. The line

4    between a modification where no approval needed and one that requires independent approval is

5    within the exclusive province of the federal government. *See, e.g.*, 71 Fed. Reg. 3922, 2934

6    ("the determination whether labeling revisions are necessary is, in the end, squarely and solely

7    FDA's, under the [FDCA]"); *see also* 21 C.F.R. § 807.81. There are two principal inquiries:

8    first, whether the modification "significantly affect[s] the safety or effectiveness of the device"

9    and, second, whether there is a "major change or modification in the intended use of the device."

10   21 C.F.R. § 807.81(a)(3). Phrases such as "significantly affect" and "major change . . . in the

11   intended use" are not self-defining and the FDA has not applied them to resolve questions raised

12   by Plaintiffs' interpretation of the Contura warning. Accordingly, even under Plaintiffs' reading

13   of the Contrura IFU, an open question remains concerning whether the statements in Exhibit G

14   require SenoRx to obtain additional approvals from the FDA. That question should be answered

15   in the first instance by the FDA.

16                                        *    *    *

17          Absent clear and unambiguous rulings from the FDA, Plaintiffs employ the Lanham Act

18   to disambiguate FDCA and FDA regulations and to enforce their preferred interpretation of the

19   Contura warning. That is improper. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 113 (2d

20   Cir. 1997) (Lanham Act claim that product is sold without proper FDA approval is an improper

21   attempt to privately enforce FDCA); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1139 (4th Cir.

22   1993) (dismissing for failure to state a claim plaintiff's "ingenious" attempt to "use the Lanham

23   Act as a vehicle by which to enforce the" FDCA); *Sandoz Pharm. Corp.*, 902 F.2d at 228-29

24   (rejecting Lanham Act claim that manufacture failed to comply with FDA labeling

25   requirements); *Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharm., Inc.*, No. 07-CV-

26   642, 2008 WL 582738 (E.D. Wis. Feb. 29, 2008) (dismissing Lanham Act claims based on

27   violations of FDA labeling requirements); *Photomedex, Inc. v. RA Med. Sys., Inc.*, No. 04CV24

28   JLS (CAB), 2007 WL 3203039, at **2-4 (S.D. Cal. Oct. 29, 2007) (rejecting Lanham Act claim

1   alleging defendant improperly branded medical device as "FDA Approved"); *Rita Med. Sys.,*

2   *Inc.*, No. C 05-03291 WHA, 2006 WL 2038328, at *3 (Lanham Act claim impermissibly

3   implicated review of FDA authorization determination); *Autin v. Solvay Phram., Inc.*, No. 05-

4   2213 MA/AN, 2006 WL 889423, at *3-4 (W.D. Tenn. Mar. 31, 2006) (granting motion to

5   dismiss Lanham Act claims based on implied FDA approval); *Merck & Co. v. Mediplan Health*

6   *Consulting, Inc.*, 425 F. Supp. 2d 402, 417 (SDNY 2006) (same); *Creagri, Inc. v. USANA Health*

7   *Sci.*, No. 03-3216 MMC, 2005 WL 181886, at * 7 (N.D. Cal. Jan. 26, 2005) ("the Court lacks

8   jurisdiction to consider a Lanham Act claim premised on a violation of FDA regulations"); *Ethex*

9   *Corp. v. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048, 1054-55 (E.D. Mo. 2002) (refusing

10  to allow plaintiffs state a Lanham Act claim based on implicit representations of FDA approval);

11  *Braintree Labs., Inc. v. NephroTech, Inc.*, No. 96-2459-JWL, 1997 WL 94237, at *6-7 (D. Kan.

12  Feb. 26, 1997) (Plaintiff may not maintain a Lanham Act claim alleging defendant failed to

13  disclose the FDA has not approved its product); *Barr Labs, Inc. v. Quantum Mechanics, Inc.*, No.

14  90-CV-4406, 1994 WL 1743983, at *9 (E.D.N.Y. Feb. 7, 1994) (dismissing Lanham Act claim

15  that alleged defendants falsely represented or implied drugs had been  approved by FDA).

16  "[S]uch a claim would allow a private litigant to interfere with the FDA's own investigatory

17  time-table and prosecutorial decision-making . . . [and] . . . would force the Court to rule directly

18  on the legality of . . . conduct before the FDA has had a chance to do so." *Summit Tech., Inc.*,

19  922 F. Supp. at 306.

20          **2.      Plaintiffs' Claim That SenoRx Made Misleading Statements Is Not**
                      **Plausible.**

21

22          Plaintiffs assert the alleged representations in Exhibit G are confusing or misleading to a

23  substantial number of persons because they indicate "the Contura™ Multi-Lumen Balloon is FDA

24  cleared and/or approved for administration of radiation treatment to superficial resection cavities

25  near the surface of the skin." FAC ¶¶ 44, 45, 48.  There are several problems with that claim.

26          First, the representations on which Plaintiffs' rely do not imply FDA approval.  On their

27  face, the statements contained in Exhibit G do not suggest the FDA considered or approved the

28  Contura for any particular purpose. *See id.* ¶¶ 44, 45, 58, 59, 72, 73, 78, 79; *see Wright v. Oregon*

*Metallurgical Corp.,* 360 F.3d 1090, 1096 (9th Cir. 2004) (court is not required to accept as true conclusory allegations which "are contradicted by documents referred to in the complaint."). Rather, the references state only that: (1) "2mm Contura skin distance gets about the same dose as 8mm skin distance (MammoSite)"; and (2) "3mm skin bridge: still getting 112% dose: Equivalent to 9mm skin (Mammosite)." FAC, Ex. G at 12, 15 (parenthesis original).[8]

Second, Plaintiffs' claims are undermined by the sophistication of those who purchase and use the Contura. The Contura can only be purchased and prescribed by licensed physicians. *See id.*, Ex. D at 6 ("Prescription Use"); *Id.*, Ex. F at 2 (""Federal (USA) law restricts this device to sale by or on the order of a physician"). Physicians must routinely decide whether to use medical devices in ways that have not been approved by the FDA. That practice is not only legal, but is a common and integral feature of medical practice. *See Buchman Co.*, 531 U.S. at 1082 ("off-label usage of medical devices . . . is an accepted and necessary corollary of the FDA's mission to regulate in this area without directly interfering with the practice of medicine."); *Washington Legal Found. v. Henney*, 202 F.3d 331, 333 (D.C. Cir. 2000) ("neither Congress nor the FDA has attempted to regulate the off-label use of [devices] by doctors or consumers"). Indeed, FDCA and FDA regulations expressly authorize physicians to use medical devices in unapproved ways: "Nothing in this chapter shall be construed to limit or interfere with the authority of a healthcare practitioner to prescribe or administer any legally marketed device to a patient for any condition or disease . . . ." 21 U.S.C. § 396 (emphasis added). It is inconceivable that sophisticated physicians familiar with the Contura label would be confused about what the FDA has and has not approved by this factual information in Exhibit G.

Third, claims that information pertaining to unapproved uses falsely implies FDA approval is inconsistent with FDCA and FDA regulations. Those regulations permit manufacturers to disseminate information concerning unapproved uses in a variety of circumstances. For instance,

---

[8] To the extent Plaintiffs base their claims on the notion that "the "Contura™ device is capable of treating a patient base (as for example, those patients with superficial excision cavities close to the skin surface) for whom treatment with the MammoSite® Applicator is contraindicated," FAC ¶¶ 50, 64, 78, that statement is true. *See* discussion *supra* at 3; 9-10.

1  FDCA and FDA regulations allow manufacturers to distribute information concerning unapproved

2  uses in response to inquiries from physicians, *see* 21 U.S.C.A. § 360aaa-6, and by providing

3  information the FDA deems scientifically reliable.  *See* 21 U.S.C.A. § 360aaa.[9]  That distribution

4  cannot, without more, imply FDA approval or be deemed "inherently misleading."  *See*

5  *Washington Legal Found.*, 13 F. Supp. 2d at 67 (information pertaining to off-label claims is not

6  "untruthful" or "inherently misleading" merely because the FDA has not yet had the opportunity

7  to evaluate the claim).  Otherwise, device manufacturers that comply with those FDCA and FDA

8  regulations permitting the dissemination of Off-Label Use information, in whole or in part, to

9  influence the purchasing decisions of their customers, subject themselves to a claim of false

10  advertising under the Lanham Act.  *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173

11  F.3d 725, 735 (9th Cir. 1999) (commercial advertisement under the Lanham Act includes any

12  commercial speech made for the purpose of influencing an audience to buy goods or services).

13      Finally, Plaintiffs' claim is internally inconsistent.  On the one hand, Plaintiffs claim

14  statements in Exhibit G will mislead physicians into believing the "the Contura™ Multi-Lumen

15  Balloon is FDA cleared and/or approved for administration of radiation treatment to superficial

16  resection cavities near the surface of the skin [(less than 5 mm)]."  FAC ¶¶ 45, 48.  On the other

17  hand, Plaintiffs allege the Contura IFU, "explicitly warns against specific use with a balloon

18  surface-to-skin surface distance of less than 5 mm."  FAC ¶ 47.  Physicians are presumed to read

19  the warnings accompanying a medical device that delivers radiation after implantation in the

20  body.  *See also Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) ("unless particularly

21  gullible consumers are targeted, a reasonable person may expect others to behave reasonably as

22  well").  Therefore, if Plaintiffs' reading of the Contura IFU is correct – which it is not – any

23  physician using the Contura in skin distances of less than 5 mm would know he or she was

24  violating an "explicit[] warn[ing]" and thereby making an unapproved use of the device.  *See*

25

26  [9]  Even if the FDA determines a manufacturer has not complied with 21 U.S.C.A. § 360aaa, the FDA may still
27  permit the manufacture to disseminate information concerning the safety, effectiveness, or benefit of a use not
    described in the approved labeling of a device.  *See Washington Legal Found.*, 202 F.3d at 335-36.

28

1    *Kincer v. Danek Medical, Inc.*, No. 96-3240, 1999 WL 1866402, at *7 (W.D. Tenn. Apr. 19,

2    1999). Consequently, Plaintiffs cannot plausibly claim statements contained in Exhibit G

3    "actually deceived or had the tendency to deceive a substantial segment of its audience" into

4    believing the Contura device had been approved for uses the IFU "explicitly warns against."

5    FAC ¶ 47; *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008).

6         **B.    The Court Lacks Jurisdiction To Consider Plaintiffs' State Law Claims.**

7         A dismissal of Plaintiffs' Lanham Act claim divests the Court of original and pendant

8    jurisdiction over Plaintiffs' UCL and FAL claims. <u>First</u>, state law claims based in whole or in part

9    on regulations for which Congress has determined there is no private, federal cause of action, do

10   not state a claim "arising under the Constitution, laws, or treaties of the United States.'" *Merrell*

11   *Dow Pharm. v. Thompson*, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331); *see also Webb v.*

12   *Smart Document Solutions, LLC*, 499 F.3d 1078, 1083 (9th Cir. 2007); *Utley v. Varian Assoc.,*

13   *Inc.*, 811 F.2d 1279, 1282-83 (9th Cir. 1987).

14        <u>Second</u>, Plaintiffs cannot establish pendant jurisdiction. Pendant jurisdiction is proper only

15   when state and federal claims "derive from a common nucleus of operative fact." *Mendoza v.*

16   *Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). Here, if the Lanham Act claim is

17   dismissed, the only remaining federal claims will involve alleged patent infringement. *See* FAC

18   ¶¶ 27, 33, 39. The facts pertaining to those claims are separate and irrelevant to facts involved in

19   Plaintiffs' UCL and FAL claims. The former requires an interpretation of the scope and meaning

20   of the patented claim followed by a comparison of the accused product to that claim. *See Omega*

21   *Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1320 (Fed. Cir. 2003). The latter requires a

22   determination of whether SenoRx had FDA approval to market the device for narrow skin

23   distances and if not, whether SenoRx falsely implied FDA approval of that particular use.

24   Because Plaintiffs' federal patent law claims are separately maintainable and determinable without

25   reference to the facts alleged for the state court claims, the Court lacks pendent jurisdiction over

26   the state law claims. *See Microthin.com, Inc. v. Siliconezone USA, LLC*, NO. 06 C 1522, 2006

27   WL 3302825, at * 4 (N.D. Ill. Nov. 14, 2006) (tort claims do not arise out of same operative facts

28   as infringement claim); *Global Maintech Corp. v. AIG Techs., Inc.*, No. Civ. 04-4638(JNE/SRN),

1   2006 WL 354224, at *6 (D. Minn. Feb. 15, 2006) (breach of contract claims do not arise out of

2   same operative facts as infringement claim); *Trilithic, Inc. v. Wavetek U.S. Inc.*, 6 F. Supp. 2d 803,

3   806 (S.D. Ind. 1998) (same).[10]

4       **C.    Plaintiffs' Claims Under the UCL and FAL Fail as a Matter of Law.**

5       Plaintiffs' UCL and FAL claims are identical to their Lanham Act claim.  They are based

6   on the same facts and should be dismissed for the same reasons.  *See Japan Telecom, Inc. v.*

7   *Japan Telecom Am., Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair

8   competition claim fails because its related Lanham Act claims fail"); *Denbicare U.S.A., Inc. v.*

9   *Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996) (dismissal of plaintiff's § 17200 and §

10  17500 claims were proper since plaintiff's Lanham Act claim was properly dismissed); *Cleary v.*

11  *News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (actions pursuant to Cal. Bus. & Prof. Code

12  § 17200 are "substantially congruent" to claims made under the Lanham Act); *CKE Rest. v. Jack*

13  *in the Box, Inc.*, 494 F. Supp. 2d 1139, 1146 (C.D. Cal. 2007) (same); *Walker & Zanger, Inc. v.*

14  *Paragon Indus., Inc.*, No. C-04-1946 VRW, 2007 WL 1302980, at *11 (N.D. Cal. May 3, 2007)

15  (same); *see also Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)

16  ("A court may not allow a plaintiff to plead around an absolute bar to relief simply by recasting

17  the cause of action as one for unfair competition.");  *Hartless v. Clorox Co.*, No. Civ.

18  06CV2705JAHCAB, 2007 WL 3245260, at **3-4 (S.D. Cal. Nov. 2, 2007) (where private rights

19  of action to enforce a statute have been expressly barred by Congress, that statute may not serve

20  as a predicate for an unfair competition claim.); *RA Med. Sys. Inc. v. Photomedex, Inc.*, No.

21  06CV1479JLS CAB, 2007 WL 3203033, at *4 (S.D. Cal. Oct. 29, 2007) (dismissing state unfair

22  competition claims based on defective Lanham Act claim for marketing drug contrary to FDA

---

24  [10]  Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right.  See *City of Chicago v. Int'l College*
25  *of Surgeons*, 522 U.S. 156, 172 (1997). This Court may decline to exercise supplemental jurisdiction over a state law
    claim if, *inter alia*, the claim raises a novel or complex issue of state law.  Here, the Court would be required to
26  determine how California courts would rule on claims that require referring to, or applying, FDCA and FDA
    regulations despite an express prohibition by Congress on private causes of action to enforce those regulations. *See,*
27  *e.g.*, In re Farm Raised Salmon Cases, 42 Cal. 4th 1077, 72 Cal. Rptr. 3d 112, 175 P.3d 1170 (2008) ("plaintiffs'
    claims in this case do not require referring to, or applying, the FDCA").

approval); *Summit Tech., Inc.*, 922 F. Supp. at 306 (dismissing state unfair competition claims based on defective Lanham Act claim for marketing medical device contrary to FDA approval). Additionally, Plaintiffs' UCL and FAL claims fail because Plaintiffs lack standing to bring them and fail to allege the necessary facts to support them.

### 1.    Plaintiffs' Lack Standing To Bring UCL and FAL Claims.

Standing to bring a private claim under the UCL and FAL is limited to "any person who has suffered injury in fact and has lost money or property as a result of" such unfair competition or false advertising. *See* Cal. Bus. & Prof. Code §§ 17204 & 17535; *see also CA for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th 223, 227, 46 Cal.Rptr.3d 57, 138 P.3d 207 (2006) (a private person has standing to sue only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition."); *Hall v. Time Inc.,* 158 Cal.App.4th 847, 849, 70 Cal.Rptr.3d 466 (Ct. App. 2008) (same).[11]  To properly allege a loss of money or property, Plaintiffs must establish either prior possession or a vested legal interest in the money or property lost.  *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007); *see Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003).

Here, Plaintiffs have not so alleged.  *See* FAC ¶¶ 53, 67, 81.  Instead, Plaintiffs assert that "[o]n information and belief . . . SenoRx's acts and practices . . . have misled and/or deceived and are likely to mislead and/or deceive members of the consuming public with the result that, *inter alia*, they will purchase Contura™ Multi-Lumen Balloons when they would otherwise have purchased MammoSite® Applicators."  FAC ¶¶ 66, 79.  However, that allegation is not sufficient to confer standing under the UCL of FAL as a matter of law.  *See Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, NO. C 04-2000 CW, C 06-2929 CW, 2007 WL 801886, at *8 (N.D. Cal. Mar. 14, 2007) (claimant may not request illicitly-gained profits unless those funds

---

[11]  Plaintiffs also lack standing to bring UCL and FAL claims for conduct that did not occur in California.  *See Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 222, 85 Cal.Rptr.2d 18 (1999) (California statutes will normally not be interpreted to "have force or operation beyond the boundaries of the state.").

1   were previously owned by claimant); *Korea Supply Co.*, 29 Cal.4th at 1151, 131 Cal.Rptr.2d 29,

2   63 P.3d 937  ("Compensation for a lost business opportunity is a measure of damages and not

3   restitution to the alleged victims.").[12]

4                 **2.       Plaintiffs Fail To State a Claim for Unfair Competition.**

5          The UCL prohibits "any unlawful, unfair or fraudulent" business practices.  *In re*

6   *Pomona Valley Med. Group*, 476 F.3d 665, 674 (9th Cir. 2007).  Because the law is stated in the

7   disjunctive, "it contemplates three distinct categories of unfair competition and a plaintiff must

8   plead the specific rubric under which the proscribed conduct falls."  *Philips Med. Capital, LLC v.*

9   *Med. Insights Diagnostics Ctr., Inc.*, 471 F. Supp. 2d 1035, 1045 (N.D. Cal. 2007).  Here,

10  Plaintiffs claim only that "SenoRx's unlawful, unfair, and/or fraudulent business acts and

11  practices described herein constitute unfair competition. . . ."  FAC ¶ 57.  That is not enough.

12         First, Plaintiffs fail to allege unlawful business practices.  Unlawful business practices

13  means any acts forbidden by law, "be it civil or criminal, federal, state, or municipal, statutory,

14  regulatory, or court-made."  *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965, 979 (C.D.

15  Cal. 2006).  To allege an unlawful business practice, Plaintiffs must identify the particular statute

16  or regulation SenoRx allegedly violated, and must describe with reasonable particularity the facts

17  supporting the violation.  *See Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, NO. C07-

18  00554JSW, 2007 WL 2122638, at *10 (N.D. Cal. Jul. 23, 2007); *Brothers v. Hewlett-Packard*

19  *Co.*, 2006 WL 3093685, *7 (N.D. Cal. Oct. 31, 2006).  Here, even assuming Plaintiffs could

20  predicate their UCL claim on violations of FDCA and FDA regulations, they do not identify

21  those regulations with particularity.  *See, e.g.,* FAC ¶ 60 ("SenoRx . . . has no brachytherapy

22

23  ───────────────────
    [12] Plaintiffs have also failed to allege causation.  To show causation, Plaintiffs demonstrate, for each alleged loss of
24  money or property, the loss was occasioned by off-label promotion, and that the prescribing physician based his or
    her decision to prescribe for an off-label use on an unlawful communication from SenoRx, rather than his or her
25  clinical experience, training and independent medical judgment.  *See Ironworkers Local Union No. 68 and*
    *Participating Employers Health and Welfare Fund v. Amgen, Inc.*, No. CV 07-5157 PSG (AGRx), 2008 WL
26  312309, at * 6 (C.D. Cal. Jan. 22, 2008); *United Food & Commercial Workers Cent. PA & Reg'l Health & Welfare*
    *Fund v. Amgen, Inc.*, No. CV07-3623PSGAGRX, 2007 WL 4144676, at *6 (C.D. Cal. Nov. 13, 2007); *Painter's*
27  *Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, No. CV07-3880PSGAGRX, 2007 WL 4144892, at
    **5-6 (C.D. Cal. Nov.  13, 2007).

28

1  device which is FDA cleared or approved for treatment of superficial excision margins in close

2  proximity to the surface of the skin.").

3        Second, Plaintiffs fail to allege unfair business practices.  The word "unfair," as applied

4  to competitors, means conduct that "threatens an incipient violation of an antitrust law, or

5  violates the policy or spirit of one of those laws because its effects are comparable to or the same

6  as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech*

7  *Commc'n, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973

8  P.2d 527 (Cal. 1999); *see* FAC ¶ 51 (implying the Contura and MammoSite devices are

9  competing products).  Here, Plaintiffs do not allege any facts that would establish an antitrust

10  injury or violation.  Therefore, dismissal is appropriate.  *See Kinderstart.com LLC v. Google,*

11  *Inc.*, NO. C06-2057JFRS, 2007 WL 831806, at *17 (N.D. Cal. Mar. 16, 2007).

12        Finally, Plaintiffs fail to allege fraudulent business practices.  For example, Plaintiffs fail

13  to allege the "who, what, [when], where, and how" of the customer representations on which

14  they rely.  *Vess*, 317 F.3d at 1106 (internal quotation marks and citations omitted); FAC ¶ 58.

15  Plaintiffs do not allege when these "customer presentations" were made, how they were made,

16  how frequently they were made, where they were made, to whom they were made, who made

17  them, whether the statements in those presentations were accompanied by other information,

18  whether the representations were given in response to an inquiry from a licensed physician,

19  whether anyone relied on them, or whether the statements were part of an overall scheme to

20  mislead physicians.  *See, e.g., Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 948 (S.D.

21  Cal. 2007) (plaintiff must both plead and prove reliance on the unfair business practice); *Laster*

22  *v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (same); *Hall v. Time Inc.*,

23  158 Cal.App.4th 847, 849, 70 Cal.Rptr.3d 466 (Ct. App. 2008) (same); *see also Neu v. Terminix*

24  *Int'l., Inc.*, No. C 07-6472 CW, 2008 WL 962096, at *6 (N.D. Cal. Apr. 8, 2008) ("Plaintiff's

25  claims . . . fail because she has not plead with specificity the promotional materials . . .or the

26

27

28

1    specific representations that constituted the unfair business practices").[13]

2         Without more, Plaintiffs cannot plausibly claim statements in Exhibit G are false, those

3    statements evidence a fraudulent business practice, they caused Plaintiffs harm, or they are likely

4    to mislead a substantial number of licensed physicians.  *See supra* discussion at 6-16; *see also*

5    *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 510, 512, 129 Cal.Rptr.2d 486 (Cal. Ct.

6    App. 2003) (plaintiff must establish a probability that a significant portion of targeted group,

7    viewed from the vantage point of members of that group, will be deceived).

8              **3.     Plaintiffs' Fail To State a Claim for False Advertising.**

9         The FAL prohibits a business from disseminating any statement "which is untrue or

10   misleading, and which is known, or which by the exercise of reasonable care should be known,

11   to be untrue or misleading . . . ."  Cal. Bus. & Prof. Code § 17500.  Although fraud is not an

12   essential element of a FAL claim, where, as here, Plaintiffs claim sounds in fraud, the

13   particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies.  *See Vess*,

14   317 F.3d at 1105; *see also* FAD ¶ 71 ("SenoRx purposefully and intentionally engaged in unfair,

15   deceptive, untrue, and/or misleading advertising"); FAC ¶ 79 ("SenoRx . . . make[s] such

16   misleading representations with the specific intent that these representations deceive and mislead

17   consumers and potential consumers of brachytherapy products").

18         In addition, for the same reasons Plaintiffs fail to allege viable Lanham Act and UCL

19   claims, their FAL claim also fails.  *See* discussion *supra* at 6-21. [14]

20   _____

21   [13] To the extent Plaintiffs' claims are based on an oral statement made by an employee SenoRx, Plaintiffs have not
     identified them or alleged any facts to support a finding that the speaker acted as defendant's agent.  See *Schwartz v.*

22   *KPMG LLP*, 476 F.3d 756, 765 (9th Cir.2007) (holding, for purposes of Rule 9(b), where plaintiff alleges defendant
     is liable under agency theory for false statement of another, plaintiff must allege with particularity facts to support

23   existence of agency relationship). Similarly, if Plaintiffs' theory is that SenoRx has an affirmative duty to disclose
     information to physicians, Plaintiffs fail to allege, with the requisite particularity, facts to warrant imposition of such

24   a duty.  *See Weinstein v. Saturn Corp.*, NO. C-07-0348 MMC, 2007 WL 1342604, at *1 (N.D. Cal. May 8, 2007)
     ("where fraud claims based on omission, validity of fraud counts depends on allegations that would establish some

25   duty of disclosure on the part of defendant) (citations and internal quotations omitted).

26   [14]   Plaintiffs have also failed to meet the more liberal requirements of Rule 8 of Federal Rule of Civil Procedure.
     Other than the two statements contained in Exhibit G, Plaintiff refer only to unspecified "customer presentations"

27   and "advertisements." Because Plaintiff does not identify specific statements, this claim does not provide adequate
     notice to Defendant of the alleged wrongful conduct.  *See* Fed. R. Civ. P. 8.

28

1   **V.     CONCLUSION**

2         For the foregoing reasons, Defendant requests its Motion to Dismiss Counts Four, Five

3   and Six of Plaintiffs' First Amended Complaint be granted.

4

5

    Dated:  April 18, 2008                    WILSON SONSINI GOODRICH & ROSATI
6                                             Professional Corporation

7

8                                             By:   s/F.T. Alexandra Mahaney
                                                    F.T. Alexandra Mahaney
9                                                   amahaney@wsgr.com

10                                            Attorneys for Defendant and Counterclaimant
                                              SENORX, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. C-08-0133 RMW (RS)

2

3

4    I, Kirsten Blue, declare:

5        I am and was at the time of the service mentioned in this declaration, employed in the
County of San Diego, California.  I am over the age of 18 years and not a party to the within
6    action.  My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

7        On April 18, 2008, I served a copy(ies) of the following document(s):

8    **DEFENDANT SENORX, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN
9    SUPPORT THEREOF (REDACTED VERSION)**

10   on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

11       Henry C. Su (suh@howrey.com)                 Attorneys for Plaintiffs
         Katharine L. Altemus (altemusk@howrey.com)   HOLOGIC, INC. CYTYC
12       HOWREY LLP                                   CORPORATION and
         1950 University Avenue, 4th Floor            HOLOGIC LP
13       East Palo Alto, CA  94303
         Telephone:  (650) 798-3500
14       Facsimile:  (650) 798-3600

15       Matthew Wolf (wolfm@howrey.com)              Attorneys for Plaintiffs
         Marc Cohn (cohnm@howrey.com)                 HOLOGIC, INC. CYTYC
16       HOWREY LLP                                   CORPORATION and
         1229 Pennsylvania Avenue, NW                 HOLOGIC LP
17       Washington, DC  20004
         Telephone:  (202) 783-0800
18       Facsimile:  (202) 383-6610

19   ☒  (BY MAIL)  I placed the sealed envelope(s) for collection and mailing by following the
         ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real,
20       Ste. 200, San Diego, CA.  I am readily familiar with WSGR's practice for collecting and
         processing of correspondence for mailing with the United States Postal Service, said
21       practice being that, in the ordinary course of business, correspondence with postage fully
         prepaid is deposited with the United States Postal Service the same day as it is placed for
22       collection.

23   ☒  (BY ELECTRONIC MAIL)  I caused such document(s) to be sent via electronic mail
         (email) to the above listed names and email addresses.
24
     ☐  (BY PERSONAL SERVICE)  I caused to be delivered by hand to the addressee(s) noted
25       above.  I delivered to an authorized courier or driver to be delivered on the same date.  A
         proof of service signed by the authorized courier will be filed with the court upon
26       request.

27   ☐  (BY OVERNIGHT DELIVERY)  I placed the sealed envelope(s) or package(s), to the
         addressee(s) noted above, designated by the express service carrier for collection and
28       overnight delivery by following the ordinary business practices of Wilson Sonsini
         Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA.  I am readily
         familiar with WSGR's practice for collecting and processing of correspondence for

3293557_1.DOC

1 | overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for
2 | at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

3 ☐ (BY FACSIMILE)  I caused to be transmitted by facsimile machine (number of sending
4 | facsimile machine is (858) 350-2399 at the time stated on the attached transmission report(s) by sending the documents(s) to (see above).  The facsimile transmission(s)
5 | was/were reported as complete and without error.

6 ☒ (BY CM/ECF)  I caused such document(s) to be sent via electronic mail through the Case Management/Electronic Case File system with the U.S. District Court for the Northern District of California.

8 |     I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on April 18, 2008.

_____
Kirsten Blue

3293557_1.DOC

CERTIFICATE OF SERVICE                    -2-                    CASE NO. C-08-0133 RMW

1   F.T. Alexandra Mahaney, State Bar No. 125984
    WILSON SONSINI GOODRICH & ROSATI
2   Professional Corporation
    12235 El Camino Real, Suite 200
3   San Diego, CA  92130
    Telephone: (858) 350-2300
4   Facsimile: (858) 350-2399
    Email: amahaney@wsgr.com
5
    Bruce R. Genderson (admitted *pro hac vice*)
6   Aaron P. Maurer (admitted *pro hac vice*)
    Rachel Shanahan Rodman (admitted *pro hac vice*)
7   Adam D. Harber (admitted *pro hac vice*)
    WILLIAMS & CONNOLLY LLP
8   725 Twelfth St. NW
9   Washington, DC 20005
    Telephone: (202) 434-5000
10  Facsimile: (202) 434-5029
11
    Attorneys for Defendant and Counterclaimant
    SENORX, INC.
12

13                  IN THE UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16   HOLOGIC, INC., CYTYC CORPORATION and  )
17   HOLOGIC L.P.,                          )
                                            )   Case No. 08-CV-0133 RMW
18              Plaintiffs,                  )
                                            )   **DECLARATION OF AARON P.**
19       v.                                 )   **MAURER IN SUPPORT OF**
                                            )   **DEFENDANT SENORX, INC.'S**
20   SENORX, INC.,                          )   **MOTION TO DISMISS**
                                            )
21              Defendant.                  )
                                            )
22   _____   )
                                            )
23   SENORX, INC.,                          )
                                            )
24              Counterclaimant,            )   Date: June 6, 2008
                                            )   Time: 9:00 a.m.
25       v.                                 )   Judge: Hon. Ronald M. Whyte
                                            )   Trial Date: Not yet set
26   HOLOGIC, INC., CYTYC CORPORATION and  )
     HOLOGIC L.P.,                          )
27                                          )
                Counterdefendants.          )
28   _____   )

1      I, Aaron P. Maurer, declare that I am a Partner at the law firm of Williams & Connolly

2  LLP, and outside counsel for Defendant and Counterclaimant SenoRx, Inc. in the above-

3  captioned matter.  The following declaration is based on my personal knowledge, and if called to

4  testify I could and would competently testify as to the matters set forth herein.

5      1.    Attached hereto as Exhibit 1 is a true and correct copy of a document produced in

6  this litigation by Defendant, bates numbered SRX-HOL00005563-5565, dated March 14, 2008

7  and submitted under seal.

8

9  I declare under penalty of perjury that the foregoing is true and correct.

10

11  Dated: April 18, 2008

12

13                                   Aaron P. Maurer

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. C-08-0133 RMW (RS)

I, Kirsten Blue, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

On April 18, 2008, I served a copy(ies) of the following document(s):

**DECLARATION OF AARON P. MAURER IN SUPPORT OF DEFENDANT SENORX, INC.'S MOTION TO DISMISS**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Henry C. Su (suh@howrey.com)<br>Katharine L. Altemus (altemusk@howrey.com)<br>HOWREY LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA  94303<br>Telephone:  (650) 798-3500<br>Facsimile:  (650) 798-3600 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC<br>CORPORATION and<br>HOLOGIC LP |
| Matthew Wolf (wolfm@howrey.com)<br>Marc Cohn (cohnm@howrey.com)<br>HOWREY LLP<br>1229 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>Telephone:  (202) 783-0800<br>Facsimile:  (202) 383-6610 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC<br>CORPORATION and<br>HOLOGIC LP |

☒ **(BY MAIL)** I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☒ **(BY ELECTRONIC MAIL)** I caused such document(s) to be sent via electronic mail (email) to the above listed names and email addresses.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ **(BY OVERNIGHT DELIVERY)** I placed the sealed envelope(s) or package(s), to the addressee(s) noted above, designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business,

-1-

3293557_1.DOC

CERTIFICATE OF SERVICE

CASE NO. C-08-0133 RMW

1     correspondence for overnight delivery is deposited with delivery fees paid or provided for
      at the carrier's express service offices for next-day delivery the same day as the
2     correspondence is placed for collection.

3     ☐  (BY FACSIMILE)  I caused to be transmitted by facsimile machine (number of sending
         facsimile machine is (858) 350-2399 at the time stated on the attached transmission
4        report(s) by sending the documents(s) to (see above).  The facsimile transmission(s)
         was/were reported as complete and without error.

5     ☒  (BY CM/ECF)  I caused such document(s) to be sent via electronic mail through the Case
         Management/Electronic Case File system with the U.S. District Court for the Northern
6        District of California.

7

         I declare under penalty of perjury under the laws of the United States that the above is true
8     and correct, and that this declaration was executed on April 18, 2008.

9                                                      _____
10                                                              Kirsten Blue

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3293557_1.DOC

CERTIFICATE OF SERVICE                                          CASE NO. C-08-0133 RMW

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11   HOLOGIC, INC., CYTIC CORPORATION and      )    CASE NO.:  C08-0133 RMW (RS)
     HOLOGIC L.P.,                             )
12                                             )    **[PROPOSED] ORDER GRANTING**
                    Plaintiffs,                )    **DEFENDANT SENORX, INC.'S**
13                                             )    **MOTION TO DISMISS**
            v.                                 )
14                                             )
     SENORX, INC.,                             )
15                                             )
                    Defendant.                 )
16                                             )
                                               )
17                                             )
                                               )
18   _____)
                                               )
19   AND RELATED COUNTERCLAIMS                  )
     _____)
20

21

22

23

24

25

26

27

28

1    The Court, having considered the papers in support of and in opposition to Defendant

2  SenoRx, Inc.'s Motion to Dismiss, and being fully advised in the proceedings, and for good

3  cause appearing, hereby GRANTS the Motion in its entirety.

4    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Fourth, Fifth and

5  Sixth Causes of Action in the Amended Complaint are DISMISSED with prejudice.

6

7  Dated: _____, 2008        By: _____

8                                          Honorable Ronald M. Whyte
                                           United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. C-08-0133 RMW (RS)

2

3

4

I, Kirsten Blue, declare:

5

I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

6

7

On April 18, 2008, I served a copy(ies) of the following document(s):

8

**[PROPOSED] ORDER GRANTING DEFENDANT SENORX, INC.'S MOTION TO DISMISS**

9

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

10

11

Henry C. Su (suh@howrey.com)
Katharine L. Altemus (altemusk@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600

Attorneys for Plaintiffs
HOLOGIC, INC. CYTYC
CORPORATION and
HOLOGIC LP

12

13

14

15

Matthew Wolf (wolfm@howrey.com)
Marc Cohn (cohnm@howrey.com)
HOWREY LLP
1229 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Attorneys for Plaintiffs
HOLOGIC, INC. CYTYC
CORPORATION and
HOLOGIC LP

16

17

18

19

☒ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

20

21

22

23

☒ (BY ELECTRONIC MAIL) I caused such document(s) to be sent via electronic mail (email) to the above listed names and email addresses.

24

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

25

26

☐ (BY OVERNIGHT DELIVERY) I placed the sealed envelope(s) or package(s), to the addressee(s) noted above, designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business,

27

28

-1-

3293557_1.DOC

CERTIFICATE OF SERVICE

CASE NO. C-08-0133 RMW

1  correspondence for overnight delivery is deposited with delivery fees paid or provided for
   at the carrier's express service offices for next-day delivery the same day as the
2  correspondence is placed for collection.

3  ☐  (BY FACSIMILE)  I caused to be transmitted by facsimile machine (number of sending
       facsimile machine is (858) 350-2399 at the time stated on the attached transmission
4      report(s) by sending the documents(s) to (see above).  The facsimile transmission(s)
       was/were reported as complete and without error.

5  ☒  (BY CM/ECF)  I caused such document(s) to be sent via electronic mail through the Case
       Management/Electronic Case File system with the U.S. District Court for the Northern
6      District of California.

7
        I declare under penalty of perjury under the laws of the United States that the above is true
8  and correct, and that this declaration was executed on April 18, 2008.

9                                        _____
10                                              Kirsten Blue

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3293557_1.DOC

CERTIFICATE OF SERVICE                                    CASE NO. C-08-0133 RMW

1  F.T. Alexandra Mahaney, State Bar No. 125984
   Natalie J. Morgan, State Bar No. 211143
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  12235 El Camino Real, Suite 200
   San Diego, CA  92130
4  Telephone: (858) 350-2300
   Facsimile: (858) 350-2399
5  Email:  amahaney@wsgr.com

6  Bruce R. Genderson (admitted *pro hac vice*)
   Aaron P. Maurer (admitted *pro hac vice*)
7  Rachel Shanahan Rodman (admitted *pro hac vice*)
   Adam D. Harber (admitted *pro hac vice*)
8  WILLIAMS & CONNOLLY LLP
9  725 Twelfth St. NW
   Washington, DC 20005
10 Telephone: (202) 434-5000
   Facsimile: (202) 434-5029
11
   Attorneys for Defendant and Counterclaimant
12 SENORX, INC.

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16 HOLOGIC, INC., CYTYC CORPORATION and  )   Case No. C-08-0133 RMW (RS)
   HOLOGIC L.P.,                         )
17                                        )
              Plaintiffs,                 )
18                                        )   **DEFENDANT AND**
                                          )   **COUNTERCLAIMANT SENORX,**
19        v.                              )   **INC.'S NOTICE OF MANUAL**
                                          )   **FILING**
20 SENORX, INC.,                          )
                                          )
21            Defendant.                  )
                                          )   Date:      June 6, 2008
22 _____       )   Time:      9:00 a.m.
                                          )   Ct. Rm:    Courtroom 6, Fourth Floor
23 SENORX, INC.,                          )   Judge:     Hon. Ronald M. Whyte
                                          )
24            Counterclaimant,            )
                                          )
25        v.                              )
                                          )
26 HOLOGIC, INC., CYTYC CORPORATION and  )
   HOLOGIC L.P.,                          )
27                                        )
   _____Counterdefendants._____      )
28

1    Regarding:  **Exhibit 1 to the Declaration of Aaron P. Maurer in Support of**

2    **Defendant SenoRx, Inc.'s Motion to Dismiss and confidential version of Defendant SenoRx,**

3    **Inc's Memorandum of Points and Authorities in Support of Motion to Dismiss.**

4        This filing is in paper or physical form only, and is being maintained in the case file in

5    the Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy

6    shortly.  For information on retrieving this filing directly from the court, please see the court's

7    main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

8        This filing was not efiled for the following reason(s):

9        [X]  Item(s) Under Seal

10

11   Dated: April 18, 2008

12                         Respectfully submitted,

13

14                         By:  ___s/F.T. Alexandra Mahaney_____

15                         F.T. Alexandra Mahaney, State Bar No. 125984
     WILSON SONSINI GOODRICH & ROSATI
16   Professional Corporation
     12235 El Camino Real, Suite 200
17   San Diego, CA  92130
     Telephone: (858) 350-2300
18   Facsimile: (858) 350-2399
     Email:  amahaney@wsgr.com
19
     Bruce R. Genderson (admitted *pro hac vice*)
20   Aaron P. Maurer (admitted *pro hac vice*)
     Rachel Shanahan Rodman (admitted *pro hac vice*)
21   Adam D. Harber (admitted *pro hac vice*)
     WILLIAMS & CONNOLLY LLP
22   725 Twelfth St. NW
     Washington, DC 20005
23   Telephone: (202) 434-5000
     Facsimile: (202) 434-5029
24

25   Attorneys for Defendant and Counterclaimant
     SENORX, INC.
26

27

28

1

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. C-08-0133 RMW (RS)

2

3

4    I, Kirsten Blue, declare:

5            I am and was at the time of the service mentioned in this declaration, employed in the
County of San Diego, California.  I am over the age of 18 years and not a party to the within
6    action.  My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

7            On April 18, 2008, I served a copy(ies) of the following document(s):

8            **DEFENDANT AND COUNTERCLAIMANT SENORX, INC.'S
             NOTICE OF MANUAL FILING**

9

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

10

11

| | |
|---|---|
| Henry C. Su (suh@howrey.com) | Attorneys for Plaintiffs |
| Katharine L. Altemus (altemusk@howrey.com) | HOLOGIC, INC. CYTYC |
| HOWREY LLP | CORPORATION and |
| 1950 University Avenue, 4th Floor | HOLOGIC LP |
| East Palo Alto, CA  94303 | |
| Telephone:  (650) 798-3500 | |
| Facsimile:  (650) 798-3600 | |

12

13

14

| | |
|---|---|
| Matthew Wolf (wolfm@howrey.com) | Attorneys for Plaintiffs |
| Marc Cohn (cohnm@howrey.com) | HOLOGIC, INC. CYTYC |
| HOWREY LLP | CORPORATION and |
| 1229 Pennsylvania Avenue, NW | HOLOGIC LP |
| Washington, DC  20004 | |
| Telephone:  (202) 783-0800 | |
| Facsimile:  (202) 383-6610 | |

15

16

17

18

19    ☒  (BY ELECTRONIC MAIL)  I caused such document(s) to be sent via electronic mail
          (email) to the above listed names and email addresses.

20    ☒  (BY CM/ECF)  I caused such document(s) to be sent via electronic mail through the Case
          Management/Electronic Case File system with the U.S. District Court for the Northern
21        District of California.

22            I declare under penalty of perjury under the laws of the United States that the above is true
and correct, and that this declaration was executed on April 18, 2008.

23

24

25                                                  _____
                                                            Kirsten Blue

26

27

28

CERTIFICATE OF SERVICE                                        CASE NO. C-08-0133 RMW (RS)