1  COUNSEL LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>SENORX, INC.,<br><br>          Defendant. | Case No. C08 00133 RMW (RS)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br>Date: May 9, 2008<br>Time: 10:30 a.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |
| SENORX, INC.,<br><br>          Counterclaimant,<br><br>     v.<br><br>HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC L.P.,<br><br>          Counterdefendants. | |

The parties, through their counsel, hereby lodge the following jointly proposed case management plan.

## I. BRIEF DESCRIPTION OF THE ACTION.

a. Plaintiff and counter-defendants Hologic, Inc., Cytyc Corporation and Hologic L.P., ("Hologic") are the assignees of U.S. Patent No. 5,913,813 (the "'813 Patent"), U.S. Patent No. 6,413,204 (the "'204 patent") and U.S. Patent No. 6,482,142 (the "'142 Patent") (collectively the "Patents-In-Suit").

b. Defendants and counterclaim plaintiffs SenoRx, Inc. ("SenoRx") make, use, sell and/or offer for sale in the United States a medical device called the Contura Multi-Lumen Balloon™ ("Contura"), used for treatment of women with breast cancer.

c. Hologic alleges that SenoRx's making, using, selling and/or offering for sale the Contura in the United States infringes the claims of the Patents-In-Suit, induces infringement of the Patent-In-Suit, and contributes to infringement of the Patents-In-Suit, and that such infringement has been willful.

d. Hologic further alleges violation of certain California False Advertising and Unfair Competition statutes by SenoRx in the marketing of the Contura, and also asserts federal Lanham Act unfair competition claims relating to SenoRx's marketing of the Contura.

e. SenoRx denies infringement, contributing to infringement and inducing infringement of the Patents-In-Suit and contends that the Patents-In-Suit are invalid because they fail to meet the conditions for patentability set forth in at least 35 U.S.C. § 102, 103 and 112. SenoRx has counterclaimed for declaratory judgment of invalidity and/or non-infringement of the Patents-In-Suit.

f. SenoRx has moved to dismiss the California False Advertising and Unfair Competition claims and the federal Lanham Act unfair competition claims. In any event, SenoRx disputes that it has violated any of the statutes in question or otherwise acted improperly in its marketing of the Contura.

g. A Case Management Conference has been set for May 9, 2008 at 10:30 a.m. PDT.

## II. JURISDICTION AND SERVICE

     a.    This Court has subject matter jurisdiction over Hologic's claims of patent infringement pursuant to 28 U.S.C. § 1338(a) because the claims arise under the Patent Act, 35 U.S.C. § 281.

     b.    SenoRx has moved to dismiss Hologic's unfair competition and false advertising claims, in part for lack of jurisdiction.

     c.    The parties do not dispute that this Court has personal jurisdiction over SenoRx for purposes of this case or that venue is proper in this District.

     d.    All parties have been served and no parties remain to be served or otherwise added to this case.

## III. THE PRELIMINARY INJUNCTION PROCEEDINGS AND SCOPE OF THE TRIAL:

     a.    On April 21, 2008, this Court held a hearing on Hologic's motion for preliminary injunction. Hologic's motion pertained only to one claim of the '204 patent and one claim of the '142 patent.

     b.    On April 25, 2008, this Court denied Hologic's motion for preliminary injunction. The Court ordered that the parties schedule a trial 60-90 days from the date of its order.

     c.    The parties met and conferred on April 28, 2008 regarding the scope of the trial.

     d.    The parties have agreed that the trial will address the patent claims (Counts I – III of Hologic's First Amended Complaint).

     e.    In light of the expedited trial date, Hologic has agreed to dismiss the California State Law Unfair Competition (Count V) and False Advertising (Count VI) claims of its First Amended Complaint.

     f.    The parties currently are discussing whether Hologic's federal Lanham Act unfair competition claims (Count IV) can be resolved without trial and, if not, how the issue should be addressed. If the parties jointly agree to a specific proposal before the case management conference, the parties will file a supplemental case management statement setting forth that proposal.

     g.    SenoRx will answer Hologic's First Amended Complaint within 10 days of the resolution of SenoRx's partial motion to dismiss or the other dismissal of all of Counts IV, V and VI.

     h.    The parties have agreed to and would propose that the Court bifurcate the remedies

portion as relates to Counts I – III for trial with each side waiving any right to a jury trial as to any and all remedies issues.  The parties agree and would propose that discovery regarding remedies be stayed until after trial on Counts I-III.

   i. The parties continue to discuss how Hologic's allegations of willful infringement will be adjudicated.  If the parties jointly agree to a specific proposal before the case management conference, the parties will file a supplemental case management statement setting forth that proposal.

   j. Hologic anticipates that 4-5 days will be needed for trial.  SenoRx anticipates 6-7 full trial days will be needed for trial on Counts I-III.

## IV. DISCOVERY AND PROTECTIVE ORDER:

The parties have agreed to abide by the Federal Rules of Civil Procedure with respect to discovery limits.  A proposed protective order is being negotiated by the parties and will be submitted under separate cover.  Any remaining disputes will be raised at the Case Management Conference.  The parties have each taken steps to preserve evidence relevant to the issues reasonably evident in this action.

## V. CLAIM CONSTRUCTION PROCEDURE PER L.R. 2-1

The parties do not expect to call live witnesses at the claim construction hearing.  The parties agree to depositions of any declarants submitting testimony in connection with claim construction briefing, including experts.  The parties agree to one deposition of each inventor of the patents-in-suit for purposes of this litigation.  The parties currently believe that no prehearing claim construction conference is necessary.  The parties are discussing the order of presentation at the claim construction hearing.

## VI. SETTLEMENT AND ADR

The parties believe that they will best be in a position to discuss settlement through private mediation after the claim construction hearing.  Accordingly, a tentative date for a potential mediation of June 13, 2008 is set forth in the proposed schedule below.

\\

## VII. PROPOSED CASE MANAGEMENT SCHEDULE:

The parties propose the following schedule:

| Event | Date |
|---|---|
| Initial disclosures | The parties have agreed to serve the information required by Rule 26(a)(1) on or before May 9, 2008. |
| Initiation of discovery | The parties have agreed to serve initial sets of written discovery on or after April 30, 2008. |
| Rule 3-1 Disclosures (infringement) | May 6, 2008 |
| Rule 3-3 Disclosures (invalidity) | May 21, 2008 |
| Rule 4-1 Disclosures (identification of terms for claim construction) | May 7, 2008 |
| Rule 4-2 Disclosures (preliminary claim constructions) | May 12, 2008 |
| Opening Claim Constr. Briefs (simultaneous) | May 21, 2008 |
| Identification of Experts (name and subject matter of opinion(s) only) | May 23, 2008 |
| Reply Claim Constr. Briefs (simultaneous) | May 30, 2008 |
| Rule 4-3 Joint Claim Constr. Statement | May 30, 2008 |
| Expert reports exchanged (simultaneous, by both parties as to infringement and invalidity without regard to burden) | June 4, 2008 |
| Claim Construction Hearing | June 9, 2008 |
| Potential mediation | June 13, 2008 |
| Close of Discovery | June 25, 2008 |
| Trial to a jury | Hologic requests trial the week of July 7, 2008 but is amenable to trial the week of July 14, 2008 if trial can be completed that week and if the Court so prefers. SenoRx requests trial to begin the week of July 14, 2008. |

## VIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties' original disclosures under Civ. L.R. 3-16 remain unchanged. Copies of these certifications are attached hereto.

HOWREY LLP

By: /s/
Katharine L. Altemus
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, California 94303

Attorneys for Plaintiffs
Hologic, Inc., Cytyc Corporation,
and Hologic L.P.

WILLIAMS & CONNOLLY LLP

By: /s/
Aaron P. Maurer
Bruce R. Genderson
Rachael Shanahan Rodman
Adam D. Harber
WILLIAMS & CONNOLLY LLP
725 – 12th Street, N.W.
Washington, D.C. 20005

WILSON SONSINI GOODRICH & ROSATI

By: /s/
F.T. Alexandra Mahaney
Natalie J. Morgan
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, California 92130

Attorneys for Defendant
SenoRx, Inc.

**Filer's Attestation**

I, Katharine L. Altemus, am the ECF User whose identification and password are being used to file this Joint Case Management Statement. Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Aaron P. Maurer.

Dated: May 2, 2008

By: /s/
Katharine L. Altemus

**Attachment**

1 | Henry C. Su (CSB No. 211202)
suh@howrey.com
2 | HOWREY LLP
1950 University Avenue, 4th Floor
3 | East Palo Alto, California 94303-2281
Telephone: (650) 798-3500
4 | Facsimile: (650) 798-3600

5 | Robert Ruyak
Matthew Wolf
6 | Marc Cohn
HOWREY LLP
7 | 1229 Pennsylvania Avenue, NW
Washington, DC 20004
8 | Telephone: (202) 783-0800
Facsimile: (202) 383-6610

9 | Attorneys for Plaintiffs HOLOGIC, INC., CYTYC
10 | CORPORATION and HOLOGIC L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HOLOGIC, INC.
CYTYC CORPORATION, and
HOLOGIC L.P.,

    Plaintiffs,

vs.

SENORX, INC.,

    Defendant.

Case No. C08-00133 MEJ

**PLAINTIFFS' CERTIFICATE OF INTERESTED ENTITIES UNDER CIVIL LOCAL RULE 3-16**

**DEMAND FOR JURY TRIAL**

Stamps: ORIGINAL FILED 08 JAN -8 PM 3:13 RICHARD W. WIEKING U.S. DISTRICT COURT; E-FILING; ADR

HOWREY LLP

PLAINTIFFS' CERTIFICATE OF INTERESTED ENTITIES

1  Pursuant to Civil Local Rule 3-16, the undersigned certifies that, other than the named parties,
2  the following listed persons, associations of persons, firms, partnerships, corporations (including
3  parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or
4  in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that
5  could be substantially affected by the outcome of this proceeding:

| Name | Connection or Interest |
|---|---|
| Cianna Medical, Inc. | Plaintiff Hologic, Inc. owns less than a 20% interest in Cianna Medical, Inc., a company that sells brachytherapy devices. |

Dated: January 8, 2008

HOWREY LLP

By: _____
Henry C. Su

Attorneys for Plaintiffs
Hologic, Inc.,
Cytyc Corporation and
Hologic L.P.

HOWREY LLP

PLAINTIFFS' CERTIFICATE OF INTERESTED ENTITIES

1  F.T. Alexandra Mahaney (CA Bar No. 125984; amahaney@wsgr.com)
   WILSON SONSINI GOODRICH & ROSATI
2  12235 El Camino Real, Suite 200
3  San Diego, CA 92130
   (858) 350-2300
4
5  Bruce R. Genderson (*pro hac vice application pending*)
   Aaron P. Maurer (*pro hac vice application pending*)
6  Rachel Shanahan Rodman (*pro hac vice application pending*)
   Adam D. Harber (*pro hac vice application pending*)
7  WILLIAMS & CONNOLLY LLP
   725 Twelfth St. NW
8  Washington, DC 20005
9  (202) 434-5000

10 Attorneys for Defendant
   SENORX, INC.
11

Case 3:08-cv-00133-MEJ   Document 14   Filed 02/15/2008   Page 1 of 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---------------------------------- x
HOLOGIC, INC.                      )
CYTYC CORPORATION, and             )   Case No. C08-00133-MEJ
HOLOGIC L.P.,                      )
                                   )   **DEFENDANT'S CERTIFICATE**
               Plaintiffs,         )   **OF INTERESTED ENTITIES OR**
                                   )   **PERSONS UNDER CIVIL**
                                   )   **LOCAL RULE 3-16**
       v.                          )
                                   )
                                   )
SENORX, INC.,                      )
                                   )
               Defendants.         )
---------------------------------- x

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

| | | |
|---|---|---|
| 1 | Dated: February 15, 2008 | By: _____/s/ F.T. Alexandra Mahaney_____ |
| 2 | | F.T. Alexandra Mahaney |
| | | WILSON SONSINI GOODRICH & ROSATI |
| 3 | | 12235 El Camino Real, Suite 200 |
| | | San Diego, CA 92130 |

Case 3:08-cv-00133-MEJ   Document 40   Filed 02/15/2008   Page 2 of 4

Bruce R. Genderson *(pro hac vice application pending)*
Aaron P. Maurer *(pro hac vice application pending)*
Rachel Shanahan Redman *(pro hac vice application pending)*
Adam D. Harber *(pro hac vice application pending)*
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005

Attorneys for Defendant
SENORX, INC.

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. 08-CV-0133 MEJ

I, Kirsten Blue, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

On February 15, 2008, I served a copy(ies) of the following document(s):

**DEFENDANT'S CERTIFICATE OF INTERESTED ENTITIES
OR PERSONS UNDER CIVIL LOCAL RULE 3-16**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Henry C. Su (suh@howrey.com)<br>Katharine L. Altemus (altemusk@howrey.com)<br>HOWREY LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA 94303<br>Telephone: (650) 798-3500<br>Facsimile: (650) 798-3600 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC<br>CORPORATION and<br>HOLOGIC LP |
| Robert Ruyak (ruyakr@howrey.com)<br>Matthew Wolf (wolfm@howrey.com)<br>Marc Cohn (cohenm@howrey.com)<br>HOWREY LLP<br>1229 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 783-0800<br>Facsimile: (202) 383-6610 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC<br>CORPORATION and<br>HOLOGIC LP |

☐ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ (BY OVERNIGHT DELIVERY) I placed the sealed envelope(s) or package(s), to the addressee(s) noted above, designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

---

CERTIFICATE OF SERVICE -1- CASE NO. 08-CV-0133 MEJ

3293774_1.DOC

☒ (BY CM/ECF) I caused such document(s) to be sent via electronic mail through the Case Management/Electronic Case File system with the U.S. District Court for the Northern District of California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on February 15, 2008.

_____
Kirsten Blue

Case 3:08-cv-00133-MEJ    Document 14    Filed 02/15/2008    Page 4 of 4

-2-

3293774_1.DOC

CERTIFICATE OF SERVICE                                           CASE NO. 08-CV-0133 MEJ