1  [COUNSEL LISTED ON SIGNATURE PAGE]

2

3                                                              *E-FILED 6/5/08*

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11  HOLOGIC, INC., CYTYC CORPORATION,        Case No. C08 00133 RMW (RS)
    and HOLOGIC L.P.,
12                                           [PROPOSED] STIPULATED PROTECTIVE
              Plaintiffs,                    ORDER
13
         vs.
14
    SENORX, INC.,
15
              Defendant.
16

17  AND RELATED COUNTERCLAIMS.

18

19

20

21

22

23

24

25

26

27

28
    [PROPOSED] STIPULATED PROTECTIVE ORDER
    Case No.  C08 00133 RMW (RS)

1    Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Hologic, Inc., Cytyc Corporation,

2  and Hologic and Defendant SenoRx, Inc. shall be considered a single "party" for the purposes of this

3  stipulated order and the word "party" as used herein shall mean both of them), through their respective

4  counsel of record, hereby stipulate and agree, subject to the approval of the Court, to the following

5  procedures to be used in this action for the protection of the parties against any improper disclosure or

6  use of confidential information produced in discovery or filed with this Court:

7    **Confidential Information**

8    1.    Confidential information produced by any party to this stipulation may be designated as

9  "CONFIDENTIAL."  Documents and information may be designated as "CONFIDENTIAL" pursuant

10  to the terms of this Order and according to the following definition:

11    "CONFIDENTIAL" – proprietary information, that is not generally known to the public,

12    containing sensitive financial, technical, or competitive information, trade secrets or current

13    research and development that may harm the designating party's business position if known by

14    other parties and that the designating party would not, in the ordinary course of business,

15    disclose to competitors or third parties.

16    2.    Confidential information produced by any party to this stipulation alternatively may be

17  designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."  Information may be designated as

18  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" pursuant to the terms of this Order if it meets the

19  definition of "CONFIDENTIAL" information set forth in Section 1 and further satisfies the following

20  definition:

21    "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" – proprietary information that has not been

22    publicly disclosed and that the designating party believes in good faith would cause the

23    designating party to suffer substantial competitive harm if publicly known or known by agents

24    or employees of the Parties who would have access under this Order only to

25    "CONFIDENTIAL" information.

26    3.    Absent a specific order by the Court, all information produced in this litigation which is

27  designated "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall be used

28

PROPOSED] STIPULATED PROTECTIVE ORDER          -1-
Case No.  C08 00133 RMW (RS)

1  by the parties solely in connection with and for purposes of this litigation, and not for any business,

2  competitive, patent prosecution, or other litigation or governmental purpose or function, and such

3  information shall not be disclosed to anyone, including the parties' officers, employees or agents,

4  except as provided herein.  Any use of such information that is outside of this strict scope of use shall

5  be a violation of this Order.

6            **Designating Confidential Information**

7            4.      With respect to documents produced by a party, a "CONFIDENTIAL" or

8  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" designation shall be made by the party producing

9  the document, at the time of production (or as may be agreed to by the parties), by labeling or marking

10 the document with the appropriate legend.  Any response to written interrogatories or requests for

11 admission (or any portion thereof) that constitutes or contains "CONFIDENTIAL" or

12 "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information shall be labeled or marked with the

13 appropriate legend by the party providing the response.  All or portions of depositions or other

14 testimony, and exhibits thereto, may be designated by a party or the witness being examined as

15 "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" orally at the time of the

16 examination or in writing within 30 days after receipt of the transcript.  Post-deposition designation

17 shall be specific by page and exhibit.  Until expiration of the 30-day designation period, the entire

18 transcript with exhibits shall be considered "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and

19 protected from disclosure under this Order.  Documents that are used as exhibits and are already

20 designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" shall keep

21 their confidentiality designation.

22            5.      Pleadings, briefs, declarations, and other documents attaching, quoting or referencing

23 information that has been designated by a party as "CONFIDENTIAL" or "CONFIDENTIAL-

24 OUTSIDE COUNSEL ONLY" may be filed under seal with the Court provided such filing complies

25 with the requirements of Civil Local Rule 79-5.  In particular, pleadings, briefs, declarations, and other

26 filings must be made under seal by a party pursuant to Civil Local Rule 79-5(d) if any document or

27 information designated by the other party as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE

28

1    COUNSEL ONLY" is incorporated therein, or if there is any reference to, quotation from, or

2    attachment of documents or deposition testimony or exhibits designated by the other party as

3    "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."

4        6.    When a party has designated documents, responses or testimony as "CONFIDENTIAL"

5    or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and when a party makes a filing under seal

6    pursuant to paragraph 5, the other party must protect the confidential status of the document, testimony

7    or filing.  Accordingly, when one party has made a "CONFIDENTIAL" or "CONFIDENTIAL-

8    OUTSIDE COUNSEL ONLY" designation or has filed material under seal, the other party shall file its

9    own brief and other papers under seal pursuant to Civil Local Rule 79-5(d) if such papers refer to,

10   quote from or attach the designated documents or information.  When one party has made a filing

11   under seal, the other party shall treat its service copy as confidential and non-public, according to the

12   terms of this Order.

13       7.    Whenever information designated as "CONFIDENTIAL" or "CONFIDENTIAL-

14   OUTSIDE COUNSEL ONLY" is introduced or elicited at any pre-trial court proceeding or any

15   deposition, the parties will cooperate to ensure that such portions of the proceeding or deposition

16   which concern the information so designated shall be conducted so that only those persons authorized

17   hereunder to have access to such information may be present.  Any party may request that the Court

18   close the courtroom and exclude from the room any person who is not entitled under this Order to

19   receive designated "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY"

20   materials.  Should a good faith need arise during a pre-trial court proceeding to use confidential

21   information not previously submitted to the Court, the party shall so advise the other party prior to

22   disclosing the existence or substance of the material to be disclosed.

23       **Objections to Designations under the Protective Order**

24       8.    A party shall not be obliged to challenge the propriety of a designation of

25   "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" at the time made, and

26   failure to do so shall not preclude a subsequent challenge thereto.  If after receiving information

27   designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY," a receiving

28

party believes that such information does not meet the requirements for such designation, the receiving party shall notify the producing party in writing and request that the designation be removed. Within ten calendar days after receipt of such notice, the producing party shall advise the receiving party in writing whether it will or will not remove the designation as requested. The objecting party shall seek to reach agreement with the designating party to withdraw the designation; if agreement cannot be reached between counsel, a written motion may be made to this Court for an order removing the designation from specified documents or testimony. The designating party shall have the burden of proof to establish that the designation is proper. Any documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and any filing made under seal to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the parties or by Court order. The mis-designation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested protected status.

9.     Nothing in this Order shall be construed to prevent any party from objecting to any "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" designation as outside the scope of this Order or Federal Rule of Civil Procedure 26(c).

**Persons Qualified to Receive Confidential Information**

10.     Materials designated as "CONFIDENTIAL" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

(a) the Court and its employees;

(b) any person who authored or received the document;

(c) outside counsel of record for any party in this litigation and support staff of such counsel;

(d) no more than two officers, directors, employees or consultants of any party to this litigation, whose names and job titles shall be provided to the party whose confidential information

1   will be inspected by those individuals prior to their receipt of the confidential information and who

2   shall sign a Declaration in the form of Exhibit A hereto;

3         (1)  notwithstanding paragraph 3 of Exhibit A hereto, the parties agree that Mr. Paul

4         Lubock of SenoRx, Inc. may receive CONFIDENTIAL INFORMATION, and that Mr.

5         Lubock may execute a copy of Exhibit A excluding paragraph 3.

6         (e) experts or independent technical consultants retained by the receiving party or its

7   counsel to prepare this action for trial by providing five business days' written notice prior to the

8   disclosure which includes an identification of the expert or independent technical consultant, a copy of

9   his or her resume or curriculum vitae, a listing of his or her consultancies and court cases in which he

10  or she has provided testimony, analysis or opinions within the last three years, and a Declaration in the

11  form of Exhibit B hereto which has been signed by that expert or independent technical consultant;

12        (f) third-party court reporting services, third-party duplicating, document handling

13  and/or imaging services;

14        (g) independent translators, interpreters or language consultants not affiliated in any

15  way with any party hereto by providing five business days' written notice prior to the disclosure,

16  identifying the individual to receive the designated materials;

17        (h) witnesses being deposed (i) who authored or received the "CONFIDENTIAL" or

18  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information in the ordinary course of business, or

19  (ii) who the examining attorney has a good faith basis to believe authored or received the

20  "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information in the ordinary

21  course of business, or (iii) who currently are employed by, or were employed at the time of creation of

22  the document by the producing party.  With respect to (iii) herein, examining counsel will show the

23  document to defending counsel prior to showing the witness, and the defending counsel may object to

24  disclosing the document to the witness upon a specific basis articulated on the record;

25        (i) persons who have been retained by the receiving party or its counsel specifically to

26  consult with regard to jury- or trial-related matters, including the composition of the jury in this matter,

27

28

1    and persons regularly employed by them, to the extent necessary when working under the supervision

2    of such a consultant in connection with this matter;

3            (j) persons who have been retained by the receiving party or its counsel of record

4    specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in

5    this matter, and persons regularly employed by them, to the extent necessary when working under the

6    supervision of such a preparer in connection with this matter; and

7            (k) other persons upon such terms and conditions as the parties may agree or as the

8    Court by order direct.

9        11.    Any person who makes any disclosure in confidence under this Order of

10   "CONFIDENTIAL" documents, responses, testimony or filings made under seal, shall advise each

11   person to whom such disclosure is made of the terms of this Order.  The persons described in

12   paragraph 10 above are enjoined from disclosing to any other person or using "CONFIDENTIAL"

13   documents and information except in conformance with this Order.  A copy of the Declaration in the

14   form attached hereto as Exhibit A executed by the persons described in paragraph 10(d) above shall be

15   provided to opposing counsel immediately after the disclosing party's counsel obtains the signed

16   Declaration.  A copy of the Declaration in the form attached hereto as Exhibit B executed by the

17   persons described in paragraph 10(e) above shall be provided to opposing counsel immediately after

18   the disclosing party's counsel obtains the signed Declaration, along with a curriculum vitae and a

19   listing of the consultancies and court cases.  Additionally, a copy of the agreement executed by any

20   non-clerical persons who will assist the persons described in paragraph 10(e) and have access to

21   confidential information shall be furnished by electronic mail and facsimile to opposing counsel.

22   Nothing in this Order shall be construed to require execution of the Declaration or to preclude

23   disclosure of "CONFIDENTIAL" material by the producing party or by any employee of such party.

24       12.    Subject to the other terms of this stipulation, information designated as

25   "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" may be inspected by and disclosed only to the

26   persons identified in paragraphs 10(a-c), 10(e-k), and below, and only for the purpose of conducting

27   this litigation.

28

13.     Any person who makes any disclosure in confidence under this Order of "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" documents, responses, testimony or filings made under seal, shall advise each person to whom such disclosure is made of the terms of this Order.  The persons described in paragraph 12 above are enjoined from disclosing to any other person or using "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" documents and information except in conformance with this Order.  A copy of the Declaration in the form attached hereto as Exhibit B executed by the persons described in paragraph 10(e), as incorporated by reference in paragraph 12 above, shall be provided to opposing counsel immediately after obtaining the signed Declaration with a curriculum vitae and a listing of the consultancies and court cases.  Additionally, a copy of the agreement executed by any non-clerical persons who will assist the persons described in paragraph 10(e) and have access to confidential information shall be furnished by electronic mail and facsimile to opposing counsel.  Nothing in this Order shall be construed to require execution of the Declaration or to preclude disclosure of "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" material by the producing party or by any employee of such party.

14.     Notwithstanding the above provisions regarding the permitted disclosure of CONFIDENTIAL-OUTSIDE COUNSEL ONLY information, in no event shall anyone who has access to CONFIDENTIAL-OUTSIDE COUNSEL ONLY information, during the litigation and up to three years after the litigation's termination (including any appeal(s)), draft, file, prosecute, or give advice regarding any patent application (whether an original, reissue, continuation, continuation-in-part or divisional application) the subject matter of which overlaps with the subject matter of the patents-in-suit.

**Objections to Disclosure of Confidential Material**

15.     If an objection to disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information is made, the parties shall attempt to informally resolve the objection before the party proposing disclosure seeks relief from the Court.  Parties may object to the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information to persons under paragraph 10(e) solely on the bases that they have worked for, have been retained by, or have

1   otherwise been related to the producing party; that they work for, are retained by, or are otherwise

2   related to a competitor of the producing party; that they are a consultant to that competitor; or that they

3   are a member of the press.  If the party proposing disclosure receives an objection to such disclosure

4   during the five-day notice period under paragraphs 11 and 13, there shall be no disclosure to the

5   proposed receiving party until such objection is resolved.  If the parties cannot informally resolve an

6   objection to the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL

7   ONLY" information, the objecting party must bring a formal motion to the Court objecting to the

8   disclosure within seven business days after identification of the person to whom disclosure is sought,

9   or the objection to disclosure is waived, unless the parties first agree in writing to extend the time

10  period beyond seven business days.  Objection on any of the bases enumerated above is not intended to

11  be interpreted by the Court as necessarily dispositive.

12          **Inadvertent Disclosure**

13          16.     If a party inadvertently produces or provides discovery of any "CONFIDENTIAL" or

14  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information without designating, labeling or

15  marking it with the appropriate legend as provided in this Order, the producing party may give written

16  notice to the receiving party(ies) that the document, or other information, response or testimony is

17  confidential and should be treated in accordance with the provisions of this Order.  The receiving party

18  or parties must treat such documents, information, responses and testimony as designated from the date

19  that such notice is received.  Disclosure of such documents, information, responses or testimony prior

20  to receipt of such notice to persons not authorized to receive "CONFIDENTIAL" or

21  "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" information shall not be deemed a violation of this

22  Order; however, those persons to whom disclosure was made are to be advised that the material

23  disclosed is "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and must be

24  treated in accordance with this Order.

25          17.     If "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY"

26  information is disclosed to anyone not authorized to receive it under this Order, the party responsible

27  for such disclosure must immediately bring all pertinent facts relating to such disclosure to the

28

1  attention of the producing party and make every effort to prevent further disclosure.

2    18.    If a party through inadvertence produces or provides discovery that it believes is subject

3  to a claim of attorney-client privilege or work product immunity, the producing party may give written

4  notice to the receiving party or parties that the document is subject to a claim of attorney-client

5  privilege or work product immunity and request that the document be returned to the producing party.

6  The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or

7  work-product immunity.  The receiving party(ies) shall return to the producing party such document.

8  Return of the document by the receiving party shall not constitute an admission or concession, or

9  permit any inference, that the returned document is in fact properly subject to a claim of attorney-client

10  privilege or work product immunity, nor shall it foreclose any party from moving the Court for an

11  Order that such document has been improperly designated or should be produced for other reasons

12  than a waiver caused by the inadvertent production.  The mis-designation of information shall not, in

13  any way, affect the Court's determination as to whether or not the information is entitled to the

14  requested status.

15    **Third Parties and Additional Parties**

16    19.    It is expressly contemplated, agreed and ordered that third parties, including witnesses,

17  who provide discovery in this action may avail themselves of this stipulation and invoke all provisions

18  of this Order as to that discovery, and that the parties to this Order will treat all material designated by

19  such third parties as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" in

20  accordance with the terms of this Order.

21    20.    In the event that one or more parties are added or substituted into this action by any

22  means including consolidation with another action, this Order shall be binding on and shall inure to the

23  benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a party

24  who is already bound by this Order) to seek relief from or modification of this Order.  Any parties who

25  join or are added or substituted into this action shall not have access to confidential information until

26  the newly joined party or its counsel has executed, and filed with the Court, its agreement to be bound

27  by this Order.

28

PROPOSED] STIPULATED PROTECTIVE ORDER        -9-
Case No.  C08 00133 RMW (RS)

1    **Other Provisions**

2    21.    This Order has no effect upon, and its scope shall not extend to, any party's use of its

3    own confidential information.

4    22.    Nothing herein shall be construed to affect or limit in any way the admissibility of any

5    document, testimony or other evidence at trial.

6    23.    At final termination of this litigation, all "CONFIDENTIAL" or "CONFIDENTIAL-

7    OUTSIDE COUNSEL ONLY" documents produced by any party and any copies of all such

8    documents shall, upon request by the producing party, be returned by counsel of record for the

9    receiving party, or be destroyed at the producing party's request.  Receiving outside counsel may retain

10    copies of any pleading served or filed, or any deposition transcript or exhibit thereof, and any

11    document that has been filed with the Court under seal, and may retain other documents, things, copies

12    and samples to the extent they include or reflect the receiving attorneys' work product.  The parties

13    agree to cooperate in the removal of confidential information from the Court's files upon final

14    termination of this action.  Nothing in this paragraph shall modify the receiving party's obligations

15    with respect to any source code produced in this litigation, as set out in paragraph 14 above.

16    24.    All obligations and duties arising under this Order shall survive the termination of this

17    action.  This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the

18    improper use of designated confidential information, to modify the terms of this Order, or to enter

19    further Orders respecting confidentiality, as may be necessary.

20    25.    No part of the restrictions imposed by this Order may be waived or terminated, except

21    by the written stipulation executed by counsel of record for each party, or by an order of the Court for

22    \\

23

24

25

26

27

28

1  good cause shown.  The restrictions provided herein shall not terminate upon the conclusion of this

2  lawsuit, but shall continue until further order of this Court.

3

4

5  DATED:  June 4, 2008                    By:_____/s/_____

6                                              Katharine L. Altemus
                                                HOWREY LLP
7                                               Attorneys for Plaintiffs
                                                HOLOGIC, INC., CYTYC CORPORATION, and
                                                HOLOGIC LP.

8

9

10

11  DATED:  June 4, 2008                   By:_____/s/_____

12                                              Aaron Maurer
                                                Williams & Connolly, LLP
13                                              Attorneys for Defendant
                                                SENORX, INC.

14

15                                              **ORDER**

16

17
    IT IS SO ORDERED.
18

19
    DATED:        June 5, 2008
20

21

22  By:    _____
            The Honorable - /kB  ' uqq–  ,
23          United States i  : ; /   : q Judge

24

25

26

27

28

EXHIBIT "A"

## PROTECTIVE ORDER ACKNOWLEDGMENT

I, _____, hereby acknowledge that I have received a copy of the "Stipulated Protective Order" entered in the case of *Hologic, Inc., Cytyc Corporation, and Hologic LP v. SenoRx, Inc.*, Case No. 08-0133 (RMW), by the United States District Court for the Northern District of California (the "Protective Order").

1.    I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

2.    I understand the terms of the Protective Order and agree to comply with and be bound by such terms.

3.    I am not a competitive decision maker at _____, and I will not be involved in competitive decision making for a time period commencing with my first access in this litigation to _____'s "CONFIDENTIAL" documents and information and ending twelve (12) months after the conclusion of this litigation, including appeals.

4.    If I receive documents and information that has been designated as "CONFIDENTIAL" under the Protective Order, I understand that such documents and information are being provided to me under the terms and restrictions of the Protective Order.

5.    I agree to hold in confidence and not to further disclose or use for any purpose (other than as permitted by the Protective Order) any documents or information disclosed to me under the terms of the Protective Order.  I understand that my agreement is a condition precedent to my receipt of any such documents or information.

6.    I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California for the resolution of any matters pertaining to the Protective Order, including my agreement to be bound by it.

7.    If I receive documents and information that has been designated as "CONFIDENTIAL" under the Protective Order; (a) I agree to hold such documents and information separate from other

1  documents maintained by me in the ordinary course of business and will personally secure such

2  documents under lock and key; and (b) I agree to maintain any such documents and information in

3  electronic format separate from other electronic files in a secure manner so as to be inaccessible by

4  anyone other than me or another person who has executed this Exhibit A.

5          I declare under penalty of perjury that the foregoing is true and correct to the best of my

6  knowledge.

7

8  Dated: _____

9  Executed in _____

10

11

12                                    _____

13                                    [Add Name printed and address lines beneath signature line]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "B"

**PROTECTIVE ORDER ACKNOWLEDGMENT**

I, _____, hereby acknowledge that I have received a copy of the "Stipulated Protective Order" entered in the case of *Hologic, Inc., Cytyc Corporation, and Hologic LP v. SenoRx, Inc.*, Case No. 08-0133 (RMW), by the United States District Court for the Northern District of California (the "Protective Order").

1.      I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

2.      I understand the terms of the Protective Order and agree to comply with and be bound by such terms.

3.      If I receive documents and information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" under the Protective Order, I understand that such documents and information are being provided to me under the terms and restrictions of the Protective Order.

4.      I agree to hold in confidence and not to further disclose or use for any purpose (other than as permitted by the Protective Order) any documents or information disclosed to me under the terms of the Protective Order.  I understand that my agreement is a condition precedent to my receipt of any such documents or information.

\\

1         5.     I hereby submit myself to the jurisdiction of the United States District Court for the

2    Northern District of California for the resolution of any matters pertaining to the Protective Order,

3    including my agreement to be bound by it.

4         I declare under penalty of perjury that the foregoing is true and correct to the best of

5    knowledge.

6

7    Dated: _____

8    Executed in _____

9

10

11                             _____

12                             [Add Name printed and address lines beneath signature line]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Filer's Attestation**

I, Katharine L. Altemus, am the ECF User whose identification and password are being used to file this [Proposed] Stipulated Protective Order.  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Aaron Maurer.

Dated:  June 4, 2008

By:   /s/ _____
        Katharine L. Altemus

PROPOSED] STIPULATED PROTECTIVE ORDER        -16-
Case No.  C08 00133 RMW (RS)

1

**PROOF OF SERVICE**

2     I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1950 University Avenue, 4th Floor, East Palo

3 Alto, California 94303.

4     On June 4, 2008, I served on the interested parties in said action the within:

5     **[PROPOSED] STIPULATED PROTECTIVE ORDER**

6 by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at East Palo Alto, California.

7

8 F.T. Alexandra Mahaney; amahaney@wsgr.com        Bruce R. Genderson; bgenderson@wc.com
Natalie J. Morgan; nmorgan@wsgr.com             Aaron P. Maurer; amaurer@wc.com
Wilson Sonsini Goodrich & Rosati                Rachael Shanahan Rodman; rrodman@wc.com

9 12235 El Camino Real, Suite 200                 Adam D. Harber; aharber@wc.com
San Diego, California 92130                      Williams & Connolly LLP

10                                                725 – 12th Street, N.W.
Washington, D.C. 20005

11

12 ☒   (MAIL) I am readily familiar with this firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. postal

13      service on that same day in the ordinary course of business. I am aware that on motion of party
served, service is presumed invalid if postal cancellation date or postage meter date is more

14      than 1 day after date of deposit for mailing in affidavit.

15 ☒   (EMAIL/ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the
parties to accept service by e-mail or electronic transmission, I caused the documents to be sent

16      to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time
after the submission, any electronic message or other indication that the transmission was

17      unsuccessful.

     I declare under penalty of perjury that I am employed in the office of a member of the bar of

18 this Court at whose direction the service was made and that the foregoing is true and correct.

19     Executed on June 4, 2008, at East Palo Alto, California.

20

21     Sonya Schwab
     (Type or print name)                               (Signature)

22

23

24

25

26

27

28

PROPOSED] STIPULATED PROTECTIVE ORDER        -17-
Case No.  C08 00133 RMW (RS)