F.T. Alexandra Mahaney, State Bar No. 125984
Natalie J. Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
Email: amahaney@wsgr.com
Email: nmorgan@wsgr.com

Bruce R. Genderson (admitted *pro hac vice*)
Aaron P. Maurer (admitted *pro hac vice*)
Rachel Shanahan Rodman (admitted *pro hac vice*)
Adam D. Harber (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
SENORX, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORP., and HOLOGIC L.P., | CASE NO.: C08-0133 RMW |
| Plaintiffs, | **DEFENDANT SENORX, INC.'S ANSWER TO AMENDED COMPLAINT** |
| v. | |
| SENORX, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | Honorable Ronald M. Whyte |

1    Defendant SenoRx, Inc. ("SenoRx"), through undersigned counsel, answers the Amended

2  Complaint of Plaintiffs Hologic, Inc., Cytyc Corp., and Hologic L.P. (individually and collectively

3  "Plaintiffs") as follows:

4                              **ANSWER TO NATURE OF THE ACTION**

5    1.    SenoRx admits that in bringing this action, the Plaintiffs purport to seek damages

6  and injunctive relief arising out of SenoRx's alleged infringement of U.S. Patent Nos. 5,913,813;

7  6,413,204; and 6,482,142 (the "Patents-In-Suit"), and for alleged acts of false advertising.

8  SenoRx denies that it infringes any valid, enforceable claim of any of the Patents-In-Suit, that it

9  has engaged or does engage in false advertising, that the Plaintiffs are entitled to any damages or

10  injunctive relief, and any and all other allegations set forth in paragraph 1 of the Amended

11  Complaint.

12    2.    On information and belief, SenoRx admits the allegations set forth in paragraph 2

13  of the Amended Complaint.

14    3.    On information and belief, SenoRx admits the allegations set forth in paragraph 3

15  of the Amended Complaint.

16    4.    On information and belief, SenoRx admits the allegations set forth in paragraph 4

17  of the Amended Complaint.

18    5.    SenoRx admits the allegations set forth in paragraph 5 of the Amended Complaint.

19                          **ANSWER TO JURISDICTION AND VENUE**

20    6.    The allegations of paragraph 6 of the Amended Complaint set forth legal

21  conclusions to which no response is required.  To the extent that paragraph 6 of the Amended

22  Complaint sets forth factual allegations to which a response is required, SenoRx admits that an

23  action for infringement of a United States Patent may arise under 35 U.S.C. § 281, and that

24  jurisdiction for such an action in this Court may be founded on 28 U.S.C. § 1338(a).  SenoRx also

25  admits that jurisdiction in this Court for an action under the Lanham Act, 15 U.S.C. § 1125(a),

26  may be founded on 28 U.S.C. § 1331.  SenoRx denies any and all other allegations set forth in

27  paragraph 6 of the Amended Complaint.

28

DEFENDANT SENORX, INC.'S ANSWER TO          -1-          CASE NO. C08-0133 RMW
AMENDED COMPLAINT

1    7.    The allegations of paragraph 7 of the Amended Complaint set forth legal

2  conclusions to which no response is required.  To the extent that paragraph 7 of the Amended

3  Complaint sets forth factual allegations to which a response is required, SenoRx denies the

4  allegations set forth in paragraph 7 of the Amended Complaint.

5    8.    The allegations of paragraph 8 of the Amended Complaint set forth legal

6  conclusions to which no response is required.  To the extent that paragraph 8 of the Amended

7  Complaint sets forth factual allegations to which a response is required, SenoRx denies that it has

8  committed, or intends to commit, acts of infringement or false advertising in this District, and any

9  and all other allegations set forth in paragraph 8 of the Amended Complaint.

10                    **ANSWER TO INTRADISTRICT ASSIGNMENT**

11    9.    The allegations of paragraph 9 of the Amended Complaint set forth legal

12  conclusions to which no response is required.  To the extent that paragraph 9 of the Amended

13  Complaint sets forth factual allegations to which a response is required, SenoRx admits that this

14  purports to be an intellectual property action that is subject to assignment on a District-wide basis

15  pursuant to Civil Local Rule 3-2(c).

16                        **ANSWER TO BACKGROUND**

17    10.    SenoRx is without knowledge or information sufficient to form a belief as to the

18  truth of the allegations set forth in paragraph 10 of the Amended Complaint, and on that basis

19  denies the allegations.

20    11.    SenoRx is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations set forth in paragraph 11 of the Amended Complaint, and on that basis

22  denies the allegations.

23    12.    SenoRx is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations set forth in paragraph 12 of the Amended Complaint, and on that basis

25  denies the allegations.

26    13.    SenoRx admits that the term brachytherapy has been used to refer to radiation

27  therapy in which the radiation source is in proximity to the tissue being treated.  SenoRx is

28  without knowledge or information sufficient to form a belief as to the truth of the other allegations

1    set forth in paragraph 13 of the Amended Complaint, and on that basis denies any and all other

2    allegations in that paragraph.

3        14.    SenoRx admits that a 510(k) Summary of Safety and Effectiveness, specifying a

4    device name "MammoSite™ Radiation Therapy System (RTS)," control number K011690, was

5    date-stamped by the FDA on May 6, 2002. SenoRx denies any and all other allegations set forth

6    in paragraph 14 of the Amended Complaint.

7        15.    SenoRx denies the allegations set fort in paragraph 15 of the Amended Complaint.

8        16.    SenoRx admits that the Patents-In-Suit are the subject of this Amended Complaint,

9    but denies that the patents were validly issued and denies any and all other allegations set forth

10    in paragraph 16 of the Amended Complaint.

11        17.    SenoRx admits, on information and belief, that Cytyc Corp. acquired Proxima

12    Therapeutics ("Proxima") in 2005, and that Hologic, Inc. combined with Cytyc Corp. in 2007.

13    SenoRx is without knowledge or information sufficient to form a belief as to the truth of the other

14    allegations set forth in paragraph 17 of the Amended Complaint, and on that basis denies any and

15    all other allegations in that paragraph.

16        18.    SenoRx lacks information sufficient to form a belief as to Hologic's current

17    activities and on that basis denies any and all allegations set forth in paragraph 18 of the Amended

18    Complaint.

19        19.    SenoRx admits that it submitted a premarket notification under section 510(k) of

20    the Food, Drug and Cosmetic Act for a device for implementing breast brachytherapy, specifying

21    the device name "SenoRad Multi-Lumen Balloon Source Applicator for Brachytherapy." The

22    remaining allegations of paragraph 19 of the Amended Complaint set forth legal conclusions to

23    which no response is required. To the extent that paragraph 19 of the Amended Complaint sets

24    forth further factual allegations to which a response is required, SenoRx denies any and all other

25    allegations set forth in paragraph 19 of the Amended Complaint.

26        20.    SenoRx admits that the FDA approved its premarket notification on or about May

27    18, 2007. The section 510(k) summary (No. K071229), attached as Exhibit D to the Amended

28    Complaint, speaks for itself. SenoRx denies that the MammoSite® Radiation Therapy System is

1   claimed by the Patents-In-Suit, and denies any and all other allegations set forth in paragraph 20 of
2   the Amended Complaint.

3          21.    SenoRx admits that the MammoSite® Instruction Manual, under the heading
4   Contraindications, states "Do not deliver radiation if the minimum distance from the balloon
5   surface to the skin surface is less than 5 mm; or if the distance from the balloon surface to the skin
6   surface is 5 mm over a continuous length greater than 1 cm on the surface of the skin." To the
7   extent that paragraph 21 of the Amended Complaint sets forth further factual allegations to which
8   a response is required, SenoRx denies any and all other allegations set forth in paragraph 21 of the
9   Amended Complaint.

10         22.    SenoRx admits that the MammoSite® Instruction Manual warns that "[i]maging
11  should verify a minimum distance of 5 mm from balloon surface to skin surface; however, a
12  minimum distance of 7 mm from balloon surface to skin surface is recommended." To the extent
13  that paragraph 22 of the Amended Complaint sets forth further factual allegations to which a
14  response is required, SenoRx denies any and all other allegations set forth in paragraph 22 of the
15  Amended Complaint.

16         23.    SenoRx denies any and all allegations set forth in paragraph 23 of the Amended
17  Complaint.

18         24.    SenoRx admits that it refers to the SenoRad device by, inter alia, the tradename
19  "Contura™ Multi-Lumen Balloon." To the extent that paragraph 24 of the Amended Complaint
20  sets forth further factual allegations to which a response is required, SenoRx denies any and all
21  other allegations set forth in paragraph 24 of the Amended Complaint.

22      **ANSWER TO COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 5,913,813**

23         25.    In response to paragraph 25 of the Amended Complaint, SenoRx hereby
24  incorporates its responses to paragraphs 1 through 24 of the Amended Complaint as if fully set
25  forth herein.

26         26.    SenoRx denies the allegations set forth in paragraph 26 of the Amended Complaint.
27         27.    SenoRx denies the allegations set forth in paragraph 27 of the Amended Complaint.
28         28.    SenoRx denies the allegations set forth in paragraph 28 of the Amended Complaint.

1    29.    SenoRx denies the allegations set forth in paragraph 29 of the Amended Complaint.

2    30.    SenoRx denies the allegations set forth in paragraph 30 of the Amended Complaint.

3    **ANSWER TO COUNT TWO – INFRINGEMENT OF U.S. PATENT NO. 6,413,204**

4    31.    In response to paragraph 31 of the Amended Complaint, SenoRx hereby

5    incorporates its responses to paragraphs 1 through 30 of the Amended Complaint as if fully set

6    forth herein.

7    32.    SenoRx denies the allegations set forth in paragraph 32 of the Amended Complaint.

8    33.    SenoRx denies the allegations set forth in paragraph 33 of the Amended Complaint.

9    34.    SenoRx denies the allegations set forth in paragraph 34 of the Amended Complaint.

10    35.    SenoRx denies the allegations set forth in paragraph 35 of the Amended Complaint.

11    36.    SenoRx denies the allegations set forth in paragraph 36 of the Amended Complaint.

12    **ANSWER TO COUNT THREE – INFRINGEMENT OF U.S. PATENT NO. 6,482,142**

13    37.    In response to paragraph 37 of the Amended Complaint, SenoRx hereby

14    incorporates its responses to paragraphs 1 through 36 of the Amended Complaint as if fully set

15    forth herein.

16    38.    SenoRx denies the allegations set forth in paragraph 38 of the Amended Complaint.

17    39.    SenoRx denies the allegations set forth in paragraph 39 of the Amended Complaint.

18    40.    SenoRx denies the allegations set forth in paragraph 40 of the Amended Complaint.

19    41.    SenoRx denies the allegations set forth in paragraph 41 of the Amended Complaint.

20    42.    SenoRx denies the allegations set forth in paragraph 42 of the Amended Complaint.

21    **ANSWER TO COUNTS FOUR, FIVE, AND SIX – FEDERAL AND STATE
UNFAIR COMPETITION**

22
23    43.    Counts Four, Five, and Six of the Amended Complaint have been dismissed from

this lawsuit, and accordingly no response is required for paragraphs 43-82 of the Amended
24
Complaint.  To the extent that these paragraphs set forth any allegations to which a response is
25
required, SenoRx denies any and all allegations set forth in paragraphs 43-82 of the Amended
26
Complaint.
27

28

1

**ANSWER TO DEMAND FOR JURY TRIAL**

2       44.     The allegations of paragraph 83 of the Amended Complaint set forth legal

3   conclusions to which no response is required.

4

**ANSWER TO PRAYER FOR RELIEF**

5       45.     The "WHEREFORE" paragraph following paragraph 83 of the Amended

6   Complaint states Plaintiffs' prayer for relief to which no response is required.  To the extent a

7   response is required, SenoRx denies the allegations set forth in the "WHEREFORE" paragraph

8   following paragraph 83 of the Amended Complaint and denies that Plaintiffs are entitled to any of

9   the relief requested therein, or to any relief whatsoever.

10

**AFFIRMATIVE DEFENSES**

11       SenoRx sets forth the following affirmative and other defenses.  SenoRx does not intend

12   hereby to assume the burden of proof with respect to those matters as to which, pursuant to law,

13   Plaintiffs bear the burden.

14

**FIRST DEFENSE – NONINFRINGEMENT OF U.S. PATENT NO. 5,913,813**

15       46.     The manufacture, use, offer to sell, sale, and/or importation of SenoRx's products

16   has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by

17   inducement, or by any theory of equivalency) any valid, enforceable claim of U.S. Patent No.

18   5,913,813 (the "'813 patent").

19

**SECOND DEFENSE – NONINFRINGEMENT OF U.S. PATENT NO. 6,413,204**

20       47.     The manufacture, use, offer to sell, sale, and/or importation of SenoRx's products

21   has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by

22   inducement, or by any theory of equivalency) any valid, enforceable claim of U.S. Patent No.

23   6,413,204 (the "'204 patent").

24

**THIRD DEFENSE – NONINFRINGEMENT OF U.S. PATENT NO. 6,482,142**

25       48.     The manufacture, use, offer to sell, sale, and/or importation of SenoRx's products

26   has not infringed, does not infringe, and will not infringe (either directly, contributorily, or by

27   inducement, or by any theory of equivalency) any valid, enforceable claim of 6,482,142 (the "'142

28   patent").

**FOURTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 5,913,813**

49.     Each of the claims of the '813 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, and/or 116 of Title 35 of the United States Code.

**FIFTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 6,413,204**

50.     Each of the claims of the '204 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, and/or 116 of Title 35 of the United States Code.

**SIXTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 6,482,142**

51.     Each of the claims of the '142 patent is invalid for failure to satisfy the provisions of one or more of sections 101, 102, 103, 112, and/or 116 of Title 35 of the United States Code.

**SEVENTH DEFENSE – UNENFORCEABILITY OF U.S. PATENT NO. 6,413,204 DUE TO INEQUITABLE CONDUCT ('204 MISREPRESENTATION)**

52.     Defendant incorporates by reference all of the foregoing allegations and averments of its answer and affirmative defenses.

53.     Each of the claims of the '204 patent are unenforceable for inequitable conduct before the United States Patent and Trademark Office ("PTO").

54.     The application that led to the issuance of the '204 patent was filed on April 15, 1999. The '204 patent issued on July 2, 2002.

55.     The attorneys responsible for prosecuting the application leading to the '204 patent included Thomas J. Engellenner and Ronald E. Cahill, of the firm Nutter, McClennen & Fish LLP (collectively and individually the "'204 prosecuting attorneys").

56.     During the examination of the '204 patent, while under a duty of candor to the PTO, one or more of the named inventors, and, on information and belief, the '204 prosecuting attorneys and/or individuals at Proxima responsible for the prosecution of the application, engaged in inequitable conduct with intent to mislead the PTO in an effort to obtain the '204 patent.

57.     Proxima, as assignee of the '204 patent, controlled and/or had knowledge of the prosecution of the '204 patent. Plaintiffs are accountable for the material misstatements and omissions made by Proxima, the inventors of the '204 patent, and/or the '204 prosecuting attorneys with intent to deceive the PTO.

1       58.     On or about December 20, 2000, Proxima and the named inventors, through the

2  '204 prosecuting attorneys, made to the PTO the following statement (the "'204

3  misrepresentation"): "[S]ince compression of the brain tissue surrounding the outer balloon 28B

4  (see Figure 7) might prove detrimental to the health of the patient, Applicant urges that Williams

5  fails to disclose or teach an expandable surface element that is adapted to contact tissue

6  surrounding the resected cavity and conform the tissue to the desired shape of the expandable

7  surface element, as is recited in claims 4 and 28."

8       59.     The "Williams" reference discussed in the portion of the prosecution history quoted

9  in paragraph 58 refers to U.S. Patent No. 5,429,582, naming Dr. Jeffery A. Williams as the

10  inventor (hereinafter the "Williams '582 patent").

11       60.     The Williams '582 patent was assigned to Proxima, a predecessor-in-interest to

12  Plaintiffs, some time prior to December 20, 2000.

13       61.     On or prior to December 20, 2000, one of the named inventors, the prosecuting

14  attorney(s), and/or some other individual with a duty of disclosure knew that devices of the type

15  described in the Williams '582 patent could be adapted to contact tissue surrounding a resected

16  cavity in the brain and adapted to conform the tissue to the desired shape of the expandable

17  surface element.

18       62.     On or prior to December 20, 2000, one of the named inventors, the prosecuting

19  attorney(s), and/or some other individual with a duty of disclosure knew that devices of the type

20  described in the Williams '582 patent were or could be adapted to conform brain tissue

21  surrounding the outer balloon of the device without detriment to the health of a patient.

22       63.     Plaintiffs and/or Plaintiffs' predecessor in interest, Proxima, have represented that

23  the Williams '582 patent covers the GliaSite RTS device.

24       64.     One or more of the inventors of the '204 patent have represented that the Williams

25  '582 patent covers the GliaSite RTS device.

26       65.     The GliaSite RTS device is used in the brain to treat brain tumors.

27

28

66.     The GliaSite RTS device is adapted to contact tissue surrounding a resected cavity in the brain and adapted to conform the tissue to the desired shape of the outer balloon of the GliaSite RTS.

67.     The GliaSite RTS device can be adapted to conform brain tissue surrounding the outer balloon of the device without detriment to the health of the patient.

68.     The '204 misrepresentation was intended to mislead the PTO into believing that the Williams '582 patent fails to disclose or teach an expandable surface element that is adapted to contact tissue surrounding the resected cavity and adapted to conform the tissue when in fact it does.

69.     The '204 misrepresentation was intended to mislead the PTO into believing that conformance of brain tissue by a device of the type disclosed by the Williams '582 patent would prove detrimental to the health of the patient when in fact it would not.

70.     The '204 misrepresentation was known during the examination of the '204 patent to be materially false and misleading.

71.     The '204 misrepresentation violated the duty of candor owed to the PTO.

72.     The '204 misrepresentation was made with intent to deceive the PTO.

73.     Plaintiffs may not enforce the '204 patent due to inequitable conduct during its prosecution.

**EIGHTH DEFENSE – UNENFORCEABILITY OF U.S. PATENT NO. 6,482,142 DUE TO INEQUITABLE CONDUCT ('142 MISREPRESENTATIONS)**

74.     Defendant incorporates by reference all of the foregoing allegations and averments of its answer and affirmative defenses.

75.     Each of the claims of the '142 patent are unenforceable for inequitable conduct before the United States Patent and Trademark Office ("PTO").

76.     The application that led to the issuance of the '142 patent was filed on December 16, 1999. The '142 patent issued on November 19, 2002.

77.     The attorneys responsible for prosecuting the application leading to the '142 patent included Thomas J. Engellenner and Ronald E. Cahill, of the firm Nutter, McClennen & Fish LLP (collectively and individually the "'142 prosecuting attorneys").

1    78.    During the examination of the '142 patent, while under a duty of candor to the

2    PTO, one or more of the named inventors, and, on information and belief, the '142 prosecuting

3    attorneys and/or individuals at Proxima responsible for the prosecution of the application, engaged

4    in inequitable conduct with intent to mislead the PTO in an effort to obtain the '142 patent.

5    79.    Proxima, as assignee of the '142 patent, controlled and/or had knowledge of the

6    prosecution of the '142 patent. Plaintiffs are accountable for the material misstatements and

7    omissions made by Proxima, the inventors, and/or the '142 prosecuting attorneys with intent to

8    deceive the PTO. Plaintiffs may not enforce the '142 patent due to inequitable conduct during its

9    prosecution.

10    80.    On or about December 16, 1999, Proxima, the named inventors, through the '142

11    prosecuting attorneys, filed the application that led to the '142 patent. The '142 application

12    materially misrepresented the teachings of the Williams '582 patent in order to deceive the PTO

13    examiner into believing that it was not material to the patentability of the '142 patent (the "'142

14    misrepresentations").

15    81.    The '142 patent is directed to providing an asymmetric radiation dose to tissue

16    through the use of an asymmetrically-placed radiation source.

17    82.    In the application leading to the '142 patent, the named inventors, through the '142

18    prosecuting attorneys, made to the PTO the following misstatements that were known during the

19    examination of the '142 patent to be materially false and misleading: "Williams provides a

20    catheter having an inflatable balloon at its distal end that defines a distensible reservoir. . . . The

21    balloon is then inflated by injecting a fluid having one or more radionuclides into the distensible

22    reservoir via a lumen in the catheter. The apparatus described in Williams solves some of the

23    problems found when using radioactive seeds for interstitial brachytherapy, but leaves some

24    problems unresolved. The absorbed dose rate at a target point exterior to a radioactive source is

25    inversely proportional to the square of the distance between the radiation source and the target

26    point. As a result, where the radioactive source has sufficient activity to deliver a prescribed dose,

27    say 2 centimeters into the target tissue, the tissue directly adjacent the wall of the distensible

28    reservoir, where the distance to the radioactive source is very small, may still be overly 'hot' to the

1    point where healthy tissue necrosis may result. . . . It is also desirable, at least in some

2    applications, to provide these advantages while tailoring the radiation dosage to avoid fully dosing

3    sensitive tissue or to reduce the amount of radiation that escapes the patient's body. " '142 patent

4    col. 2: 43-53.

5        83.    This statement was materially misleading in that it implies and states the Williams

6    '582 patent has only a single balloon into which radioactive fluid is placed directly adjacent the

7    tissue, but the Williams '582 patent actually discloses in Figure 7 a device having two balloons,

8    the inner of which contains radioactive fluid, thus providing a space between the radiation source

9    and the tissue.

10       84.    The statement also was materially misleading in that it implies and states the

11   Williams '582 patent does not provide for asymmetric delivery of radiation to tissue, where the

12   Williams '582 patent actually discloses in Figure 7 a device which does deliver asymmetric doses

13   of radiation to tissue.

14       85.    Furthermore, the inventors of the '142 patent, through their attorneys, admitted

15   during prosecution of the '204 patent that the device of Figure 7 of the Williams '582 patent

16   delivered asymmetric doses of radiation to tissue, but did not inform the PTO of this fact during

17   prosecution of the '142 patent.

18       86.    The statements made during the prosecution of the '204 patent that are not

19   consistent with the characterization of the '582 Patent in the Background section of the '142

20   Patent.

21       87.    The Williams '582 patent is material to the patentability of the '142 patent.

22       88.    The Williams '582 patent was not disclosed to the Patent Office as required by 37

23   CFR 1.56.

24       89.    The misrepresentations and omissions in the '142 patent application and its

25   prosecution were intended to mislead the PTO.

26       90.    The misrepresentations and omissions in the '142 patent application and its

27   prosecution violated the duty of candor owed to the PTO.

28

91.    Plaintiffs may not enforce the '142 patent due to inequitable conduct during its prosecution.

**NINTH DEFENSE – UNENFORCEABILITY OF U.S. PATENT NO. 6,482,142 DUE TO INEQUITABLE CONDUCT ('142 MATERIAL OMISSIONS)**

92.    Defendant incorporates by reference all of the foregoing allegations and averments of its answer and affirmative defenses.

93.    Each of the claims of the '142 patent are unenforceable for inequitable conduct before the United States Patent and Trademark Office ("PTO").

94.    The application that led to the issuance of the '142 patent was filed on December 16, 1999.  The '142 patent issued on November 19, 2002.

95.    The attorneys responsible for prosecuting the application leading to the '142 patent included Thomas J. Engellenner and Ronald E. Cahill, of the firm Nutter, McClennen & Fish LLP (collectively and individually the "'142 prosecuting attorneys").

96.    During the examination of the '142 patent, while under a duty of candor to the PTO, one or more of the named inventors, and, on information and belief, the '142 prosecuting attorneys and/or individuals at Proxima responsible for the prosecution of the application, engaged in inequitable conduct with intent to mislead the PTO in an effort to obtain the '142 patent.

97.    Proxima, as assignee of the '142 patent, controlled and/or had knowledge of the prosecution of the '142 patent.  Plaintiffs are accountable for the material omissions made by Proxima, the inventors, and/or the '142 prosecuting attorneys with intent to deceive the PTO. Plaintiffs may not enforce the '142 patent due to inequitable conduct during its prosecution.

98.    During the examination of the '142 patent, while under a duty of candor to the PTO, one or more of the named inventors, and, on information and belief, the '142 prosecuting attorneys had knowledge of material references that deliberately were not disclosed to the PTO ("the '142 concealed references"), in order to deceive the PTO.

99.    The '142 concealed references include at least the Williams '582 patent; U.S. Patent No. 5,931,774 ("the '774 patent"); and R. D. Ashpole et al. 2 Clinical Oncology 333-37 (1990) ("Ashpole").

1    100.    The Williams '582 patent, the '774 patent, and Ashpole each are material to the

2    patentability of the '142 patent.

3    101.    The Williams '582 patent, the '774 patent, and Ashpole were omitted from the

4    information disclosure sheets submitted to the PTO during examination of the '142 patent.

5    102.    The Williams '582 patent was known during the examination of the '142 patent by

6    at least the '142 prosecuting attorneys and one or more of the inventors, all of whom owed a duty

7    of candor to the PTO.

8    103.    The '774 patent was known during the examination of the '142 patent by at least

9    the '142 prosecuting attorneys and one or more of the inventors, all of whom owed a duty of

10    candor to the PTO.

11    104.    Ashpole was known during the examination of the '142 patent by at least the '142

12    prosecuting attorneys and one or more of the inventors, all of whom owed a duty of candor to the

13    PTO.

14    105.    The failure to disclose the Williams '582 patent, the '774 patent, and Ashpole

15    constitutes inequitable conduct upon the PTO.  As a result, the '142 patent may not be enforced by

16    Plaintiffs.

17    ## DEMAND FOR TRIAL BY JURY

18    According to Federal Rule of Civil Procedure 38, Defendant SenoRx, Inc. hereby demands

19    a trial by jury of the issues in the attached Answer.

20

21    Dated: June 5, 2008                    WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation
22

23

24    By:    /s/ Natalie J. Morgan
                 Natalie J. Morgan
25               nmorgan@wsgr.com

26    Attorneys for Defendant
      SENORX, INC.
27

28

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. C-08-0133 RMW (RS)

I, Janice Wright, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

On June 5, 2008, I served a copy(ies) of the following document(s):

**DEFENDANT SENORX, INC.'S ANSWER TO AMENDED COMPLAINT DEMAND FOR JURY TRIAL**

on the parties to this action by the following means:

| | |
|---|---|
| Henry C. Su (suh@howrey.com)<br>Katharine L. Altemus (altemusk@howrey.com)<br>HOWREY LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA 94303<br>Telephone: (650) 798-3500<br>Facsimile: (650) 798-3600 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC<br>CORPORATION and<br>HOLOGIC LP |
| Matthew Wolf (wolfm@howrey.com)<br>Marc Cohn (cohnm@howrey.com)<br>HOWREY LLP<br>1229 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone: (202) 783-0800<br>Facsimile: (202) 383-6610 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC<br>CORPORATION and<br>HOLOGIC LP |

☒ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☒ (BY ELECTRONIC MAIL) I caused such document(s) to be sent via electronic mail (email) to the above listed names and email addresses.

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ (BY OVERNIGHT DELIVERY) I placed the sealed envelope(s) or package(s), to the addressee(s) noted above, designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for

1    overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

☐    (BY FACSIMILE)  I caused to be transmitted by facsimile machine (number of sending facsimile machine is (858) 350-2399 at the time stated on the attached transmission report(s) by sending the documents(s) to (see above).  The facsimile transmission(s) was/were reported as complete and without error.

☒    (BY CM/ECF)  I caused such document(s) to be sent via electronic mail through the Case Management/Electronic Case File system with the U.S. District Court for the Northern District of California.

       I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on June 5, 2008.

*Janice Wright*

Janice Wright