Henry C. Su (SBN 211202; suh@howrey.com)
Katharine L. Altemus (SBN 227080; altemusk@howrey.com)
Marilee C. Wang (SBN 232432; wangm@howrey.com)
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, California 94303
Telephone: (650) 798-3500
Facsimile: (650) 798-3600

Robert Ruyak
Matthew Wolf (Admitted *Pro Hac Vice*)
Marc Cohn (Admitted *Pro Hac Vice*)
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Attorneys for Plaintiffs
HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>SENORX, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C08 00133 RMW (RS)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE DOCTRINE OF EQUIVALENTS ARGUMENT**<br><br>Date: June 25, 2008<br>Time: 2:00 PM<br>Room: Courtroom 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |

Plaintiffs Hologic, Inc., Cytyc Corporation, and Hologic L.P. ("Hologic") respectfully submit this Memorandum in Opposition to Defendant's Objections and Motion to Strike Doctrine of Equivalents Argument (the "Motion").

## I. INTRODUCTION

SenoRx's argument boils down to this: by agreeing (with SenoRx) to an accelerated pretrial schedule, Hologic has somehow waived its right to supplement its infringement contentions if its claim constructions are not adopted by the Court. SenoRx's argument is contrary to the Rules of this Court. If the Court rules against Hologic on claim construction, Hologic is entitled under Patent Local Rule ("PLR") 3-6 to modify its contentions in light of that ruling.[1]

After reviewing SenoRx's claim construction and summary judgment brief, in which SenoRx contends that Hologic cannot assert the doctrine of equivalents under SenoRx's proposed constructions, Hologic informed SenoRx that it will assert infringement under the doctrine of equivalents should the Court disagree with Hologic's proposed claim constructions. Although the Patent Local Rules would grant Hologic 30 days to make such an amendment after the claim construction ruling (*see* PLR 3-6 (2001)), Hologic has – in light of the abbreviated schedule – already provided SenoRx with an expert report that identifies the factual and legal bases for infringement under the doctrine of equivalents, and further articulated those bases in its Opposition to SenoRx's Motion for Summary Judgment.

SenoRx now seeks to preclude Hologic from exercising its right to supplement its infringement contentions following this Court's *Markman* ruling. In essence, SenoRx would have the Court punish Hologic for disclosing, before the *Markman* hearing (in its expert's report and in briefing), its bases for a conditional assertion of infringement under the doctrine of equivalents under SenoRx's claim constructions. SenoRx's Motion to Strike should be denied. Should the Court conclude that it is legally proper to modify the language of the claims to include a limitation found nowhere in the

---

[1] Because this case was filed before March 1, 2008, the January 1, 2001 version of the Patent Local Rules governs.

Pls.' Opp. To Defs. Objections and Motion to Strike     -1-
Doctrine of Equivalents Argument
Case No. C08 00133 RMW (RS)

intrinsic evidence (*e.g.*, by requiring a "plurality" to be "at the same time"), then this Court should permit Hologic to modify its infringement contentions to assert infringement under the doctrine of equivalents.

## II.   FACTUAL BACKGROUND

On May 6, 2008, Hologic served its Preliminary Infringement Contentions per the parties' agreed schedule. Naturally, Hologic based those contentions on its interpretation of the claims. For the two claim elements at issue in SenoRx's Motion to Strike – "a plurality of radioactive solid particles" ('813 patent, claim 12), and "a plurality of solid radiation sources" ('204 patent, claim 17) (the "plurality limitations")[2] – Hologic stated that it would establish that those limitations are literally present in SenoRx's Contura device. Dkt. No. 166-3, App. A at 15 (Hologic's Preliminary Infringement Contentions). Its infringement chart sets forth several reasons why the Contura would literally infringe:

> During treatment using the Contura, the radiation source wire lumens to which the radionuclide(s) is/are attached are inserted into predetermined locations (dwell positions) within the treatment lumens at the distal end of the device. The multiple treatment lumens of the Contura™ allow multiple solid radiation sources (e.g., single radionuclide sources on multiple separate source wires) to be arrayed simultaneously within separate lumens to provide a desired composite radiation profile within the targeted tissue. Alternatively, a single solid radionuclide on a source wire can be inserted sequentially into one or more predetermined locations within multiple treatment lumens to provide a desired composite radiation profile within the targeted tissue. This claim element is thus literally infringed.

*Id*; *see also* Dkt. No. 166-3, App. B at 16-17 (same).

Importantly, Hologic specifically stated its view that the claim language literally encompassed the sequential insertion of one radionuclide over a period of time, contrary to SenoRx's proposed construction that two radionuclides must be inserted at the same time. Hologic expressly reserved the right to supplement its contentions and assert infringement under the doctrine of equivalents if newly obtained discovery showed that infringement was not literal. Dkt. No. 166-3, App. A at 1, n.2 (Hologic's Preliminary Infringement Contentions).

---

[2] These are the only claim elements to which SenoRx directs its Motion to Strike.

On May 21, 2008, pursuant to the Court's Case Management Schedule, the parties exchanged opening *Markman* briefs. That same day, SenoRx moved for summary judgment, contending that some claims were not infringed (*see* Dkt. No. 131) and others were invalid. Dkt. No. 133. SenoRx also expressed its belief that Hologic could not assert infringement under the doctrine of equivalents for the plurality limitations ***under SenoRx's proposed claim construction***. Dkt. No. 131 at 4-5 n.2. Less than a week after receiving SenoRx's *Markman* brief, for the sake of clarity and out of an abundance of caution, Hologic sent SenoRx a letter stating that it would seek infringement under the doctrine of equivalents if the Court ruled against Hologic on the applicable claim construction. Dkt. No. 166, Ex. 2.

In addition, on June 4, 2008, Hologic provided SenoRx with the expert report of Dr. Lynn Verhey, which included an explanation that, even under SenoRx's proposed claim construction, the Contura infringes the asserted claims of the '813 and '204 patents. Su Decl., Ex. 1 at ¶¶ 5.1.2.7, 5.1.4.6 (Expert Report of Lynn J. Verhey, Ph.D.) (discussing infringement under the doctrine of equivalents for the "plurality" terms). Further, in opposing SenoRx's Motion for Summary Judgment, Hologic explained in detail how, under SenoRx's claim construction, SenoRx infringes under the doctrine of equivalents. Dkt. No. 150 at 19-21 (Hologic's Opposition to SenoRx's Motion for Partial Summary Judgment of Non-Infringement). SenoRx therefore has had ample, advance notice of how Hologic would present its case of infringement under the doctrine of equivalents, should the Court rule in SenoRx's favor on the relevant claim construction.

## III.  ARGUMENT

Patent Local Rule 3-6 entitles Hologic to amend its Preliminary Infringement Contentions within 30 days of an adverse *Markman* ruling. *See* N.D. Cal. Pat. L.R. 3-6(a)(1) (2001). This Rule expressly refers to amendments of the disclosure under Patent Local Rule 3-1(d), which requires the patentee to state "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents." Leave of Court is not required for this amendment. N.D. Cal. Pat. L.R. 3-6(a).

"While . . . the Patent Local Rules are intended to force patent owners to finalize their contentions early, preliminary infringement contentions are still preliminary." *See 3Com Corp. v. D-Link Sys., Inc.*, No. C 03-2177 VRW, 2007 WL 949599, at *7 (Mar. 27, 2007) (quoting *General Atomics v. Axis-Shield ASA*, No. C 05-04074 SI, 2006 WL 2329464, *2 (N.D. Cal. Aug. 9, 2006). "[T]he Rules permit amendments if made necessary in light of documents produced by the other side or by the claim construction ruling." *See Townshend Intellectual Prop., LLC v. Broadcom Corp.*, No. C 06-05118 JF (RS), 2007 WL 1994158, at *3 (N.D. Cal. Jul. 5, 2007).

Hologic has not amended its infringement contentions at this time and does not need to do so. Under Hologic's proposed construction of the "plurality" limitations, the plain language literally covers a single solid radionuclide being inserted sequentially over time into two or more predetermined locations within multiple treatment lumens. Dkt. No. 166-3, App. A at 15 (Hologic's Preliminary Infringement Contentions); *see also id.*, App. B at 16-17. This is why Hologic asserted that allegation as a basis for literal infringement in its Preliminary Infringement Contentions. It must be noted that SenoRx does not dispute that during normal use of the Contura, a single radionuclide is placed sequentially over time into multiple locations inside the device. Thus, if Hologic's construction is adopted, there would be no need to proceed under the doctrine of equivalents because literal infringement would be established. Indeed, this is why SenoRx and Hologic dispute the meaning of this claim term.

If, however, the Court rules against Hologic during claim construction – *i.e.*, if the Court concludes that the claim element requires more than one radionuclide to be present inside the device at the same time – then Hologic intends to amend its infringement contentions under Patent Local Rule 3-6 to proceed under a doctrine of equivalents theory. There is no basis for precluding Hologic from taking this approach and there is no surprise or prejudice to SenoRx, as Hologic has already disclosed the basis for such an equivalence argument in its pleadings and expert reports.

SenoRx attempts to read Hologic's proposed construction of the "plurality" limitations with the same narrow scope as its own proposed construction. In other words, SenoRx contends that Hologic's proposed constructions of the "plurality" limitations also literally require that more than one

Pls.' Opp. To Defs. Objections and Motion to Strike                -4-
Doctrine of Equivalents Argument
Case No. C08 00133 RMW (RS)

radionuclide be present at the same time in the device. But if that were true, the parties would not be locked in a dispute about the meaning of those claim terms. As Hologic makes clear in its Preliminary Infringement Contentions and its *Markman* briefing, the plain language of the "plurality" limitations literally covers a single radionuclide being sequentially inserted into multiple locations in the device over a period of time (*e.g.*, the duration of a treatment fraction). Should the Court reject this view of the meaning of the claim terms following the *Markman* hearing, however, then Hologic would seek to amend its infringement contentions accordingly, per Patent Local Rule 3-6. SenoRx's Motion to Strike lacks a legal basis and should therefore be denied.

The motives underlying SenoRx's Motion are plain and such tactics have been rejected by this Court. As evident from SenoRx's Motion for Summary Judgment of Non-Infringement, SenoRx seeks to dispose of this case on the merits without giving Hologic an opportunity to amend under the Patent Local Rules. This is contrary to the purpose of the Patent Local Rules. *See FusionArc, Inc. v. Solidus Networks, Inc.*, No. C 06-06760 RMW (RS), 2007 WL 1052900, at *2 (Apr. 5, 2007). In the *FusionArc* case, the Court refused to grant a motion to strike that would effectively resolve the dispute on the merits:

> While the Rules are thereby intended to hasten resolution on the merits, they are *not,* as [the defendant] appears to be attempting to enforce them, a mechanism for resolving the *merits* of the parties' dispute. . . . [Defendant] stops short of urging dismissal *per se,* but by asking that [Plaintiff's] contentions be "stricken" and that [Plaintiff] be precluded from serving amended contentions absent a showing of "good cause," [Defendant] appears to be reaching for a similar result.

*Id.* Rather than strike the Plaintiff's contentions, the Court treated the Defendant's motion as one to compel the Plaintiff to amend its preliminary infringement contentions. *Id.* ("[C]ourts will treat a 'motion to strike' preliminary contentions as a motion to compel the plaintiff to *amend* them to provide additional information, where appropriate." (emphasis in original).). Accordingly, Defendant's motion to strike was denied. *Id.* The same perspective and rationale squarely apply here.

Hologic's infringement contentions have been clear and fairly and sufficiently put SenoRx on notice of its positions in this case. There is no surprise or prejudice to SenoRx. To the contrary,

Hologic has even offered a preview of its conditional amendments (should SenoRx prevail on claim construction) in advance of the date set by the Patent Local Rules. As discussed above, shortly after obtaining SenoRx's Opening Claim Construction Brief and Motion for Partial Summary Judgment of Non-Infringement, Hologic informed SenoRx that it would assert the doctrine of equivalents under SenoRx's claim constructions. A week later, Hologic served the Expert Report of Dr. Lynn Verhey disclosing expert opinion regarding infringement of the "plurality" elements under the doctrine of equivalents if SenoRx's claim construction were adopted. Hologic further spelled out its position in its Opposition to SenoRx's Motion for Partial Summary Judgment of Non-Infringement.[3]

## IV. CONCLUSION

SenoRx's Motion is based on the flawed premise that Hologic's proposed construction of the plurality limitations has the same literal scope as SenoRx's proposed construction. It plainly does not, as the claim construction briefing shows. Hologic also stated in its Preliminary Infringement Contentions that the plain language of the plurality limitations covers a single radionuclide being sequentially inserted into multiple locations in the device over time. Should the Court reject this view of the meaning of the claim terms, however, then Hologic would seek to amend its infringement contentions, per Patent Local Rule 3-6, to assert the doctrine of equivalents under the new construction. In the meantime, Hologic's contentions, based on its own construction, are plainly

\\

---

[3] It goes without saying that Hologic recognizes the 30 day time period set forth in Patent Local Rule 3-6 for amendment following Markman is unworkable in this case. Hologic thus respectfully makes two alternative proposals for providing infringement contentions under SenoRx's claim constructions in the event the Court finds any merit to SenoRx's Motion. *First*, Hologic would agree to provide any amendments to its infringement charts in light of a claim construction order within two (2) business days of that Order. *Second*, alternatively, if the Court believes that amendment to the preliminary infringement contentions should occur at this time to reflect Hologic's contentions under ***SenoRx's proposed constructions***, then Hologic would request leave to amend its contentions to assert such an *alternative theory* of infringement under SenoRx's proposed claim construction. Hologic continues to reserve the right to amend its preliminary infringement contentions under Patent Local Rule 3-6(a), should this Court disagree with both parties' constructions and provide its own interpretation.

1 | sufficient. SenoRx's Motion to Strike should be denied.[4]

2 | Dated: June 20, 2008                    Respectfully submitted,

3 |                                         HOWREY LLP

5 |                                         By: /s/_____
                                              Henry C. Su
6 |                                           Attorneys for Plaintiffs
                                              HOLOGIC, INC., CYTYC
7 |                                           CORPORATION and HOLOGIC L.P.

---

[4] Of course, the "plurality" limitations at issue in this Motion are not the only terms regarding which Hologic may ultimately assert infringement under the doctrine of equivalents. To the extent Hologic receives an adverse claim construction ruling on any other asserted claim terms, Hologic reserves the right to amend its contentions to assert infringement under the doctrine of equivalents as to the affected limitations.

Pls.' Opp. To Defs. Objections and Motion to Strike        -7-
Doctrine of Equivalents Argument
Case No. C08 00133 RMW (RS)

## PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1950 University Avenue, 4th Floor, East Palo Alto, California 94303.

On June 20, 2008, I served on the interested parties in said action the within:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE DOCTRINE OF EQUIVALENTS ARGUMENT, DECLARATION OF HENRY C. SU IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE DOCTRINE OF EQUIVALENTS ARGUMENT and MANUAL FILING NOTICE**

by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at East Palo Alto, California.

F.T. Alexandra Mahaney (amahaney@wsgr.com)
Natalie J. Morgan (nmorgan@wsgr.com)
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real, Suite 200
San Diego, California 92130

Bruce R. Genderson (bgenderson@wc.com)
Aaron P. Maurer (amaurer@wc.com)
Rachael Shanahan Rodman (rrodman@wc.com)
Adam D. Harber (aharber@wc.com)
Williams & Connolly LLP
725 – 12th Street, N.W.
Washington, D.C. 20005

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[X] (EMAIL/ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on June 20, 2008, at East Palo Alto, California.

Sonya Schwab
(Type or print name)

_Sonya Schwab_
(Signature)

Proof of Service
Case No. C08 00133 RMW (RS)                        -1-

| | |
|---|---|
| 1 | Henry C. Su (SBN 211202; suh@howrey.com)<br>Katharine L. Altemus (SBN 227080; altemusk@howrey.com) |
| 2 | Marilee C. Wang (SBN 232432; wangm@howrey.com)<br>HOWREY LLP |
| 3 | 1950 University Avenue, 4th Floor<br>East Palo Alto, California  94303 |
| 4 | Telephone:  (650) 798-3500<br>Facsimile:  (650) 798-3600 |
| 5 | |
| 6 | Robert Ruyak<br>Matthew Wolf (Admitted *Pro Hac Vice*) |
| 7 | Marc Cohn (Admitted *Pro Hac Vice*)<br>HOWREY LLP |
| 8 | 1299 Pennsylvania Avenue, NW<br>Washington, DC 20004 |
| 9 | Telephone:  (202) 783-0800<br>Facsimile:  (202) 383-6610 |
| 10 | Attorneys for Plaintiffs<br>HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC L.P. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>SENORX, INC.,<br><br>Defendant. | Case No. C08 00133 RMW (RS)<br><br>**DECLARATION OF HENRY C. SU IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE DOCTRINE OF EQUIVALENTS ARGUMENT**<br><br>Date:     June 25, 2008<br>Time:    2:00 p.m.<br>Room:   Courtroom 6, 4th Floor<br>Judge:   Hon. Ronald M. Whyte |
| AND RELATED COUNTERCLAIMS. | |

Su Decl ISO Opposition to Objections and Motion to
Strike Doctrine of Equivalents Argument
Case No.  C08 00133 RMW (RS)

1  I, Henry C. Su, declare that I am an attorney with the law firm of Howrey LLP and a member
2  of the Bar of this Court.  I serve as one of the outside counsel for Plaintiffs Hologic, Inc., Cytyc
3  Corporation and Hologic L.P. ("Hologic").  The following declaration is based on my personal
4  knowledge.  If called to testify, I could and would competently testify as to the matters set forth below.
5      1.  Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the June 4, 2008
6  Expert Report of Lynn J. Verhey, Ph.D.
7      I declare under penalty of perjury that the foregoing is true and correct.
8  Executed on June 20, 2008 at East Palo Alto, California.

/s/
Henry C. Su

HOWREY LLP
Attorneys for Plaintiffs
Hologic, Inc., Cytyc Corporation,
 and Hologic L.P.

Su Decl ISO Opposition to Objections and Motion to     - 1 -
Strike Doctrine of Equivalents Argument
Case No.  C08 00133 RMW (RS)

| | |
|---|---|
| 1 | Henry C. Su (SBN 211202; suh@howrey.com) |
| | Katharine L. Altemus (SBN 227080; altemusk@howrey.com) |
| 2 | Marilee C. Wang (SBN 232432; wangm@howrey.com) |
| | HOWREY LLP |
| 3 | 1950 University Avenue, 4th Floor |
| | East Palo Alto, California  94303 |
| 4 | Telephone:  (650) 798-3500 |
| | Facsimile:  (650) 798-3600 |
| 5 | |
| | Robert Ruyak |
| 6 | Matthew Wolf (Admitted *Pro Hac Vice*) |
| | Marc Cohn (Admitted *Pro Hac Vice*) |
| 7 | HOWREY LLP |
| | 1299 Pennsylvania Avenue, NW |
| 8 | Washington, DC 20004 |
| | Telephone:  (202) 783-0800 |
| 9 | Facsimile:  (202) 383-6610 |
| 10 | Attorneys for Plaintiffs |
| | HOLOGIC, INC., CYTYC CORPORATION and HOLOGIC L.P. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORPORATION, and HOLOGIC L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>SENORX, INC.,<br><br>Defendant. | Case No. C08 00133 RMW (RS)<br><br>**MANUAL FILING NOTICE**<br><br>Date: June 25, 2008<br>Time: 2:00 PM<br>Room: Courtroom 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |
| AND RELATED COUNTERCLAIMS. | |

Manual Filing Notice
Case No.  C08 00133 RMW (RS)

1  Regarding: Exhibit 1 to the Declaration of Henry C. Su in Support of Plaintiffs' Opposition to
2  Defendant's Objections and Motion to Strike Doctrine of Equivalents Argument.
3  This filing is in paper or physical form only, and is being maintained in the case file in the
4  Clerk's office.  If you are a participant in this case, this filing will be served in hard-copy shortly.  For
5  information on retrieving this filing directly from the court, please see the court's main web site at
6  http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).
7  This filing was not efiled for the following reason(s):
8  [X] Item Under Seal

Dated: June 20, 2008            HOWREY LLP

                                By:      /s/
                                      Henry C. Su

                                HOWREY LLP
                                Attorneys for Plaintiffs
                                Hologic, Inc., Cytyc Corporation,
                                 and Hologic L.P.

Manual Filing Notice                    - 1 -
Case No.  C08 00133 RMW (RS)