F.T. Alexandra Mahaney, State Bar No. 125984
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
Email: amahaney@wsgr.com

Bruce R. Genderson (admitted *pro hac vice*)
Aaron P. Maurer (admitted *pro hac vice*)
Rachel Shanahan Rodman (admitted *pro hac vice*)
Adam D. Harber (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
SENORX, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC., CYTYC CORP. and HOLOGIC L.P., <br><br> Plaintiffs, <br><br> v. <br><br> SENORX, INC., <br><br> Defendant. | Case No. 08-CV-0133 RMW <br><br> **REPLY IN SUPPORT OF DEFENDANT SENORX, INC.'S OBJECTIONS TO AND MOTION TO STRIKE IMPROPER DOCTRINE OF EQUIVALENTS ARGUMENT** <br><br> Date: June 25, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 6, 4th Floor <br> Judge: Hon. Ronald M. Whyte |

**PRELIMINARY STATEMENT**

Plaintiffs failed in this case to put all their cards on the table up front, as the Local Rules require. Their Opposition to SenoRx's Motion to Strike does not explain why they should be relieved of the consequences of that decision after SenoRx has deposed all six inventors of the patents-in-suit, filed summary judgment motions, submitted expert reports, and served its final written discovery requests. Nor have Plaintiffs provided any justification for not asserting infringement under the doctrine of equivalents in their Preliminary Infringement Contentions, much less "good cause."

Even under Plaintiffs' proposal to amend their infringement contentions within two days of the Court's claim construction order, SenoRx would be forced to defend itself against new theories of infringement asserted a mere two weeks before trial without the benefit of discovery on Plaintiffs' newly asserted theories. This would unfairly prejudice SenoRx.

**ARGUMENT**

Plaintiffs' Opposition to SenoRx's Motion to Strike fails to explain why they should be allowed to change their theories of infringement mere weeks before trial.

First, Plaintiffs complain that granting the motion to strike would punish them for "agreeing (with SenoRx) to an accelerated pretrial schedule." Pls.' Opp. 1. This is incorrect. It was Plaintiffs, not SenoRx, that filed for a preliminary injunction in this case. Plaintiffs, not SenoRx, sought the greatly accelerated trial schedule. And Plaintiffs, not SenoRx, have the burden under the Patent Local Rules to provide sufficient notice of their infringement contentions to allow SenoRx to adequately defend itself against the charge of patent infringement.

Second, Plaintiffs have not addressed the prejudice to SenoRx if they are allowed to add new theories of infringement at this stage of the case. Before receiving any notice that it was defending itself against a doctrine of equivalents claim on the elements at issue here, SenoRx had deposed all six inventors of the patents-in-suit, filed summary judgment motions, submitted expert reports, and served its final written discovery requests. Discovery closes June 25, and the

trial is scheduled to begin in less than three weeks.  Plaintiffs have not explained how SenoRx could possibly be expected to defend itself against new infringement contentions at this stage in the case.

Third, Plaintiffs offer no explanation for their failure to assert infringement under the doctrine of equivalents in their preliminary contentions.  They do not dispute that they have learned no new information about the Contura since serving those contentions.  Nor do they explain why the claim elements at issue are different from claims for which Plaintiffs did offer alternative theories of infringement.  For instance, Plaintiffs asserted that the claims involving an inner spatial volume were infringed either literally or under the doctrine of equivalents.  Indeed, given the schedule of this case, that is the only framework that makes sense.  SenoRx's expert reports and Preliminary Invalidity Contentions addressed both parties' claim constructions.  There is no excuse for Plaintiffs not to have done the same.

Finally, Plaintiffs cannot possibly maintain that they would be surprised if this Court were to rule that terms claiming "a plurality of radioactive solid particles" (claim 12) and "a plurality of solid radiation sources" (claim 17) actually require a plurality of solid particles or solid radiation sources.  Indeed, Plaintiffs' own proposed construction was that these terms should receive their "plain meaning."  Knowing that the Contura never used more than one radioactive source, Plaintiffs made the express and volitional decision to only assert literal infringement of these claims.  To relieve them of the consequences of that decision less than three weeks before trial and after the close of discovery in this case is contrary to this District's Local Rules and would unfairly prejudice SenoRx.

## CONCLUSION

For the foregoing reasons, SenoRx respectfully requests that the Court strike argument regarding the doctrine of equivalents from Plaintiffs' Opposition to SenoRx's Motion for Partial Summary Judgment of Non-Infringement (pages 18-21), and prevent Plaintiffs from changing their theories of infringement at this stage of the case.

REPLY IN SUPPORT OF SENORX, INC.'S MOTION TO STRIKE IMPROPER DOCTRINE OF EQUIVALENTS ARGUMENT     -2-     CASE NO. 08-CV-0133 RMW

In addition, Plaintiffs state that they intend to assert new infringement contentions on claim terms in which the Court does not adopt their proposed construction. Pls.' Opp. 6-7 nn.3-4. For the same reasons discussed above, it is simply too late to allow Plaintiffs to assert new contentions without severely prejudicing SenoRx, and the Court should deny any such request. The only alternative would be to continue the trial to provide SenoRx an opportunity to develop and present a defense to these new contentions.

Dated: June 23, 2008

Respectfully submitted,

By: _____/s/ F.T. Alexandra Mahaney_____
F.T. Alexandra Mahaney, State Bar No. 125984
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, CA  92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
Email:  amahaney@wsgr.com

Bruce R. Genderson (admitted *pro hac vice*)
Aaron P. Maurer (admitted *pro hac vice*)
Rachel Shanahan Rodman (admitted *pro hac vice*)
Adam D. Harber (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth St. NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Attorneys for Defendant
SENORX, INC.

REPLY IN SUPPORT OF SENORX, INC.'S MOTION TO STRIKE IMPROPER DOCTRINE OF EQUIVALENTS ARGUMENT        -3-        CASE NO. 08-CV-0133 RMW

CERTIFICATE OF SERVICE
U.S. District Court, Northern District of California,
*Hologic, Inc. et al. v. SenoRx, Inc.*
Case No. C-08-0133 RMW (RS)

I, Kirsten Blue, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 12235 El Camino Real, Ste. 200, San Diego, CA, 92130.

On June 23, 2008, I served a copy(ies) of the following document(s):

**REPLY IN SUPPORT OF DEFENDANT SENORX, INC.'S OBJECTIONS TO AND MOTION TO STRIKE IMPROPER DOCTRINE OF EQUIVALENTS ARGUMENT**

on the parties to this action by the following means:

| | |
|---|---|
| Henry C. Su (suh@howrey.com)<br>Katharine L. Altemus (altemusk@howrey.com)<br>HOWREY LLP<br>1950 University Avenue, 4th Floor<br>East Palo Alto, CA  94303<br>Telephone:  (650) 798-3500<br>Facsimile:  (650) 798-3600 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC CORPORATION and HOLOGIC LP |
| Matthew Wolf (wolfm@howrey.com)<br>Marc Cohn (cohnm@howrey.com)<br>HOWREY LLP<br>1229 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>Telephone:  (202) 783-0800<br>Facsimile:  (202) 383-6610 | Attorneys for Plaintiffs<br>HOLOGIC, INC. CYTYC CORPORATION and HOLOGIC LP |

☐ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily familiar with WSGR's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☒ (BY ELECTRONIC MAIL) I caused such document(s) to be sent via electronic mail (email) to the above listed names and email addresses.

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand to the addressee(s) noted above. I delivered to an authorized courier or driver to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ (BY OVERNIGHT DELIVERY) I placed the sealed envelope(s) or package(s), to the addressee(s) noted above, designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Wilson Sonsini Goodrich & Rosati, 12235 El Camino Real, Ste. 200, San Diego, CA. I am readily

| | |
|---|---|
| 1 | familiar with WSGR's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection. |
| 2 | |
| 3 | |
| 4 | ☐ (BY FACSIMILE) I caused to be transmitted by facsimile machine (number of sending facsimile machine is (858) 350-2399 at the time stated on the attached transmission report(s) by sending the documents(s) to (see above). The facsimile transmission(s) was/were reported as complete and without error. |
| 5 | |
| 6 | ☒ (BY CM/ECF) I caused such document(s) to be sent via electronic mail through the Case Management/Electronic Case File system with the U.S. District Court for the Northern District of California. |
| 7 | |

I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on June 23, 2008.

_____
Kirsten Blue

---

CERTIFICATE OF SERVICE                    -2-                       3380511_1.DOC
                                                          CASE NO. C-08-0133 RMW