**United States District Court**
For the Northern District of California

\*E-FILED 1/13/09\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HOLOGIC, INC., et al.,

    Plaintiffs,

v.

SENORX, INC.,

    Defendant.

AND RELATED COUNTERCLAIMS

NO. C 08-0133 RMW (RS)

**ORDER GRANTING MOTION TO COMPEL**

    In this patent litigation, defendant SenoRx, Inc. ("Senorx") moves to compel production of documents in response to document request numbers eighty-four, eighty-five, and eighty-six pertaining to the settlement negotiation and resulting license agreement between Xoft and plaintiff Hologic, Inc. ("Hologic"). Hologic contends that the discovery requests are untimely and irrelevant.[1] For the reasons explained below, the motion to compel will be granted.

    Discovery originally was scheduled to close on June 25, 2008. Less than thirty days prior to that discovery cut-off date, Hologic stated in a response to an interrogatory that it intended to rely on the Xoft license as evidence of non-obviousness. Three days later, Senorx served the three

---

[1] Hologic also argues that it should not have to respond to the discovery requests because they are burdensome. Hologic, however, proffers no arguments and makes no showing on this objection. Such a conclusory contention, without more, is not a sufficient basis to overcome the open exchange of discovery contemplated by the Federal Rules of Civil Procedure.

1

1 document requests at issue relating to the negotiation of that license. On June 23, 2008, discovery
2 was suspended after the case was stayed. After the stay was lifted, the parties agreed to a new
3 discovery deadline of November 14, 2008. Hologic maintains that Senorx's requests are untimely
4 because they were served less than thirty days prior to the original discovery deadline. In response,
5 Senorx argues that its requests are timely because Hologic received them far in advance of the new
6 discovery cut-off date.

7 While the specific date of when discovery was due is somewhat of a moving target in light of
8 the intervening stay, the particular question for these purposes is when Hologic first disclosed its
9 intent to rely on the Xoft license as indicia of non-obviousness in connection with Senorx's claim of
10 patent invalidity. The record reflects that Senorx was put on notice of Hologic's contention less than
11 thirty days before the initial discovery cut-off date. Once Hologic affirmatively put that license into
12 play, Senorx filed its document requests three days later in order to obtain information on that issue.
13 While Senorx might have been aware of the Xoft materials previously, the purpose for seeking those
14 materials now is different given Hologic's reliance on the license in support of its non-obviousness
15 argument. Senorx has demonstrated reasonable diligence in requesting the documents it seeks after
16 it became aware of them. Given this showing of good cause for seeking these materials, and that
17 Hologic has not demonstrated any prejudice to providing the requested documents, Hologic's
18 timeliness objection is overruled.

19 Having determined that Hologic presents no reason to halt production solely on timeliness
20 grounds, the next issue is whether the three document requests are likely to lead to the discovery of
21 relevant evidence. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain
22 discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good
23 cause," discovery of any matter relevant to the subject matter involved in the action. "Relevant
24 information need not be admissible at the trial if the discovery appears reasonably calculated to lead
25 to the discovery of admissible evidence." *Id*. As previously noted, the documents Senorx seeks are
26 related to material identified by Hologic in support of its non-obviousness contentions in the
27 underlying patent litigation; in particular Hologic's claim that the license reflects that the patented
28 technology is a commercial success for Hologic and therefore operates to rebut the notion that the

technology was obvious. As a result, the circumstances under which Hologic and Xoft agreed to license the patented technology could shed light on the actual value reflected by the existence of the license. That said, whether Senorx will find such information and whether it ultimately would be admissible is left for another day. At this juncture, the information goes to Senorx's argument that any showing of commercial success by way of the existence of the license is subject to being undermined if settlement negotiations from which it flowed reflects that commercial value was not the driving force behind the agreement.

Hologic, therefore, will be required to respond to document request numbers eighty-four, eighty-five, and eighty-six within fourteen days of the date of this order. In light of Senorx's representation at the hearing that it is not seeking privileged materials and in accord with its agreement to permit Hologic to submit a summary showing of privilege, it is reasonable that Hologic need not produce a privilege log. Hologic is permitted to create a summary privilege log rather than logging each privileged or protected document.

IT IS SO ORDERED.

Dated: January 13, 2009

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL
C 08-0133 RMW (RS)

3

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 Aaron P. Maurer    amaurer@wc.com

3 Adam D. Harber    aharber@wc.com

4 Bruce R. Genderson    bgenderson@wc.com

5 Frances T. Alexandra Mahaney    amahaney@wsgr.com, kblue@wsgr.com

6 Henry C. Su    suh@howrey.com, schwabs@howrey.com

7 Katharine Lyn Altemus    altemusk@howrey.com, millertl@howrey.com

8 Kendra P Robins    krobins@wc.com

9 Marilee Chan Wang    wangm@howrey.com, melendyk@howrey.com

10 Matthew M. Wolf    wolfm@howrey.com

11 Natalie J. Morgan    nmorgan@wsgr.com, ebojorquez@wsgr.com

12 Robert F. Ruyak    ruyakr@howrey.com

14 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

16 **Dated: 1/13/09**                             **Richard W. Wieking, Clerk**

                                                **By:        Chambers**

ORDER GRANTING MOTION TO COMPEL
C 08-0133 RMW (RS)