IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOLOGIC, INC.,

    Plaintiff,

v.

SENORX, INC.,

    Defendant.

*E-FILED*

CASE NO. C-08-00133-RMW

**VERDICT FORM**

# VERDICT FORM

For purposes of these questions, the parties will be referred to as "Hologic" and "SenoRx." When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as the verdict in this case:

## I. Infringement

**Question No. 1:**

Has Hologic proven that it is more likely than not that physicians using the SenoRx Contura device to deliver treatment with the radiation source positioned only in the central dwell position of the center lumen infringe claim 4 of the '204 patent under the doctrine of equivalents?

Yes_____      No __X__

If you answered "Yes" to Question No. 1, then answer Question No. 2. Otherwise, do not answer Question Nos. 2 and 3, and proceed to Question No. 4.

**Question No. 2:**

Has Hologic proven that it is more likely than not that SenoRx induced the infringement of Claim 4 of the '204 Patent?

Yes_____      No _____

If you answered "Yes" to Questions No. 1 and No. 2, then answer Question No. 3. Otherwise, do not answer Question No. 3, and proceed directly to Question No. 4.

**Question No. 3:**

Do you find that it is highly probable that the infringement that you have found in answer to Question No. 1 was willful?

Yes_____      No _____

**Question No. 4:**

Do you find that it is highly probable that SenoRx's admitted infringement of Claim 8 of the '142 patent was willful?

Yes_____      No __X__

## II. Invalidity

### A. Anticipation of Claim 8 of the '142 patent

**Question No. 5:**

Has SenoRx proven that it is highly probable that all of the requirements of Claim 8 of the '142 patent were disclosed, expressly or inherently, by the Ashpole reference (TX-1007)?

Yes __X__        No _____

**Question No. 6:**

Has SenoRx proven that it is highly probable that all of the requirements of Claim 8 of the '142 patent were disclosed, expressly or inherently, by the Williams '774/WO 98/15315 ("Williams '315") reference (TX-1027)?

Yes __X__        No _____

### B. Obviousness

The ultimate conclusion that must be reached on the obviousness question is whether SenoRx has proven that it is highly probable that the claimed invention would have been obvious to a person of ordinary skill in the field at the time the patent application was filed. In order to properly reach a conclusion, the following preliminary questions must be answered:

**Question No. 7:**

The parties agree as to the scope and content of the prior art to be considered in connection with the obviousness issue with one exception: whether the public disclosure, if any, relating to the Hirschberg abstract [TX-1094] as discussed at the 11th International Conference on Brain Tumor Research and Therapy should be included in the prior art references. Please indicate whether:

The disclosure relating to the Hirschberg abstract [TX-1094] as discussed at the 11th International Conference on Brain Tumor Research and Therapy should be included in the prior art references?

Yes __X__        No _____

2

### Obviousness – Claim 8 of the '142 Patent:

**Question No. 8a:**

SenoRx asserts that there is no difference between what is contained in various prior art references or combinations of references and Claim 8 of the '142 patent. Has SenoRx proven that it is highly probable that claim 8 of the '142 is invalid because the invention would have been obvious to one of ordinary skill in the art at the time of the application?



Yes __X__      No _____

If you answered "Yes" to Question 8a, then answer Question No. 8b. Otherwise, do not answer Question No. 8b and proceed to Question No 9a.

**Question No. 8b:**

If you answer "Yes" to Question 8a, please identify the combinations of prior art references from the list below that would have rendered claim 8 of the '142 patent obvious to one of skill in the art (check those that apply):

__√__ The Ashpole article (TX-1007) plus knowledge of a person of ordinary skill in the art.

__√__ Ashpole (TX-1007) and Hirschberg disclosure.

__√__ Ashpole (TX-1007) and Johannesen (TX-1015).

__√__ Ashpole (TX-1007) and Friedman 1958 (TX-1009).

__√__ Williams '315 (TX-1027) plus knowledge of a person of ordinary skill in the art.

_____ ~~Johannesen (TX-1015) and Ashpole (TX-1007).~~

**Question No. 8c:**

Which of the following factors has been established by the evidence with respect to claim 8 of the '142 (check those that apply):

_____ commercial success of a product due to the patentable features of the claimed invention;

_____ a long felt but unmet need for the solution provided by the claimed invention;

__√__ copying of the claimed invention by others;

3

___✓___ acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

_____ other evidence tending to show nonobviousness;

___✓___ independent invention of the claimed invention by others before or at about the same time as the named inventors thought of it; and

___✓___ other evidence tending to show obviousness.

**Obviousness – Claim 4 of the '204 Patent:**

**Question No. 9a:**

SenoRx asserts that there is no difference between what is contained in various prior art references or combinations of references and Claim 4 of the '204. Has SenoRx proven that it is highly probable that claim 4 of the '204 is invalid because the invention would have been obvious to one of ordinary skill in the art at the time of the application?

Yes __X__        No _____

If you answered "Yes" to Question 9a, then answer Question No. 9b. Otherwise, do not answer Question No. 9b and proceed to the end of the verdict form.

**Question No. 9b:**

If you answer "Yes" to Question 9a, please identify the combinations of prior art references from the list below that would have rendered claim 4 of the '204 patent obvious to one of skill in the art (check all that apply):

___✓___ The Ashpole article (TX-1007) plus knowledge of a person of ordinary skill in the art.

___✓___ Hirschberg disclosure plus knowledge of a person of ordinary skill in the art.

___✓___ Ashpole (TX-1007) and Hirschberg disclosure.

___✓___ Friedman 1958 (TX-1009) plus knowledge of a person of ordinary skill in the art.

___✓___ Friedman 1958 (TX-1009) and Ashpole (TX-1007).

___✓___ Friedman 1958 (TX-1009) and Hirschberg disclosure.

4

**Question No. 9c:**

Which of the following factors has been established by the evidence with respect to claim 4 of the '204: (check those that apply):

_____ commercial success of a product due to the patentable features of the claimed invention;

_____ a long felt but unmet need for the solution provided by the claimed invention;

\_\_✓\_\_ copying of the claimed invention by others;

\_\_✓\_\_ acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

_____ other evidence tending to show nonobviousness;

\_\_✓\_\_ independent invention of the claimed invention by others before or at about the same time as the named inventors thought of it; and

\_\_✓\_\_ other evidence tending to show obviousness.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The jury foreperson should sign and date the Verdict Form and return it to the Security Officer.

SIGNED this \_17\_ day of \_December\_, 2009.

_____
Jury Foreperson

5