**E-FILED on** 2/7/13

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOLOGIC, INC. CYTYC CORPORATION and HOLOGIC L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>SENORX, INC.,<br><br>Defendant. | No. C-08-0133 RMW<br><br>**ORDER DENYING-IN-PART AND GRANTING-IN-PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' OPPOSITION AND EXHIBITS IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Dkt. No. 530]** |

Plaintiffs moved to file under seal portions of plaintiffs' opposition and exhibits to the Declaration of Maulik Shah in support of plaintiffs' opposition to defendant's motion for summary judgment.

**Exhibits 5, 6, 7, and 12:** Having reviewed the entirety of Exhibits 5, 6, 7, and 12 the court finds nothing contained therein that is in fact "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a). Pursuant to the local rule, "[a] stipulation,

or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal" for that reason alone. The court does not agree with SenoRx, *see* Dkt. No. 534, that Dr. Arthur's deposition testimony, expert report, or supplemental expert report contain any confidential business information. Further, the court disagrees with SenoRx, *see* Dkt. No. 534, that the excerpt from the deposition of Padraic O'Brien, which pertains primarily to secondary considerations of non-obviousness, particularly long felt need in the industry, contains any confidential or proprietary information. Accordingly, the court **DENIES plaintiffs' sealing motion with respect to Exhibits 5-7 and 12** to the Declaration of Maulik Shah in support of plaintiffs' opposition, with leave to re-file if any particular lines of these exhibits contain trade secrets or otherwise privileged or legally protectable information.

**Exhibit 9:** Having reviewed the designated portions of Exhibit 9 the court finds nothing contained therein that is in fact "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a). Pursuant to the local rule, "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal" for that reason alone. The court does not agree with SenoRx, *see* Dkt. No. 534, that the designated portions of Dr. Beron's expert report contain any confidential business information.

Plaintiffs additionally designated paragraphs 56 and 57 of Exhibit 9 as "internal competitive information of Hologic." Again, the court disagrees that these paragraphs contain privileged or otherwise legally protectable information. These statements go toward demonstrating a "long-felt, but unmet need for the claimed invention," and the content thereof appears to be public information. *See, e.g.*, U.S. Patent 6,482,142 col.2 ll.44-53. Accordingly, the court **DENIES plaintiffs' sealing motion with respect to all designated portions of Exhibit 9**, with leave to re-file if the parties can identify why any of this information is, in fact, legally protectable.

**Exhibit 21:** Exhibit 21 is a written opinion from SenoRx's attorney to SenoRx, which is privileged attorney work product and thus sealable. Civ. L.R. 79-5(a). Accordingly, the court GRANTS plaintiffs' motion to seal Exhibit 21.

DATED: February 7, 2013



RONALD M. WHYTE
United States District Judge